UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

| | | | |
|---|---|---|---|
| In Re: Cengiz J. Comu | Debtor | § | Case No. 09-38820 SGJ7 |
| **Cengiz J. Comu, et al** | | § | |
| | Appellant | § | |
| vs. | | § | 10-03269 |
| **King Louie Mining, LLC, et al** | | § | |
| | Appellee | § | |

**148 Judgment revoking discharge of debtor Entered 7/8/14**
**VOLUME 3**
**APPELLANT RECORD**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-38820-SGJ-7 |
| | § | |
| CENGIZ J. COMU, | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | |

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, | § | |
| KING LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | ADV. NO. 10-03269-sgj |
| | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant. | § | |

| | |
|---|---|
| DIANE G. REED, TRUSTEE, | § |
|     Intervenor, Co-plaintiff and | § |
|     Third-party Plaintiff, | § |
| | § |
| v. | § |
| | § |
| CENGIZ J. COMU, | § |
|     Defendant, | § |
| | § |
| and | § |
| | § |
| PHYLLIS E. COMU, | § |
| BERNARD D. BROWN, | § |
| THE BARCLAY GROUP, INC. AND | § |
| SUNSET PACIFIC, L.P., | § |
|     Third-party Defendants. | § |

*I X I D E X*

**APPELLANT'S FIRST AMENDED DESIGNATION
OF RECORD AND ISSUES ON APPEAL**

Page 1

## APPELLANT'S FIRST AMENDED DESIGNATION OF RECORD
## AND ISSUES ON APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Cengiz J. Comu, Appellant, and files this his First Amended Designation

of Record and Issues on Appeal for the Judgment entered July 8, 2014 [Document No. 148] as

follows:

I.      Appellant designates the following documents from the docket sheet in Adversary Case

No. 10-03269 for the Record on Appeal:

[Intentionally left blank]

| Filing Date | # | Docket Text |
|---|---|---|
| 08/27/2014 | 164 | Notice of appeal . Fee Amount $298 filed by Defendant Cengiz J. Comu (RE: related document(s)148 Judgment: (A) Revoking discharge of debtor, pursuant to 11 U.S.C. 727(d); (B) Declaring certain property to be "Property of the Estate"; (C) Requiring turnover of certain property to the trustee; (D) Awarding monetary damages to trustee for the benefit of the estate; and (E) Separately awarding reasonable attorney's fees and expenses to plaintiffs Entered on 7/8/2014. (Related document(s) 20 Amended complaint filed by Plaintiff King Louie Mining, LLC, Plaintiff King Louie Enterprises, LLC, Plaintiff Ronald Katz, 53 Intervenor complaint filed by Intervenor-Plaintiff Diane G. Reed)). Appellant Designation due by 9/10/2014. (Moroles, D.) |
| 07/08/2014 | 148 | Judgment: (A) Revoking discharge of debtor, pursuant to 11 U.S.C. 727(d); (B) Declaring certain property to be "Property of the Estate"; (C) Requiring turnover of certain property to the trustee; (D) Awarding monetary damages to trustee for the benefit of the estate; and (E) Separately awarding reasonable attorney's fees and expenses to plaintiffs Entered on 7/8/2014. (Related document(s) 20 Amended complaint filed by Plaintiff King Louie Mining, LLC, Plaintiff King Louie Enterprises, LLC, Plaintiff Ronald Katz, 53 Intervenor complaint filed by Intervenor-Plaintiff Diane G. Reed) (Rielly, Bill). |
| 07/08/2014 | 147 | Findings of fact and conclusions of law in support of judgment: (A) Revoking discharge of debtor, pursuant to 11 U.S.C. 727(d); (B) Declaring certain property to be "Property of the Estate"; (C) Requiring turnover of certain property to the trustee; (D) Awarding monetary damages to trustee for the benefit of the estate; and (E) Separately awarding reasonable attorney's fees and expenses to plaintiffs Entered on 7/8/2014. (Rielly, Bill) |
| 09/09/2014 | | Docket Sheet |
| 10/07/2010 | 5 | Motion to dismiss adversary proceeding*Pursuant to Fed. Rules Civ. Proc. Rule 12(b)(6)* filed by Defendant Cengiz J. Comu (Olson, Dennis) |
| 11/08/2010 | 8 | Motion for leave *to Amend* filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC Objections due by 11/29/2010. (Attachments: 1 First Amended Complaint2 Exhibit A3 Exhibit B4 Exhibit C) (Lippe, Emil) |
| 11/08/2010 | 9 | Response opposed to (related document(s): 5 Motion to dismiss adversary proceeding*Pursuant to Fed. Rules Civ. Proc. Rule 12(b)(6)* filed by Defendant Cengiz J. Comu) filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC. (Lippe, Emil) |
| 01/10/2011 | 10 | Order denying motion to dismiss adversary proceeding as moot (related document # 5), granting motion for leave to amend complaint(related document # 8) Entered on 1/10/2011. Case is removed from docket for week of January 11, 2011. Counsel ORDERED to confer and submit proposed amended scheduling order for the trial of this case, to be submitted within 10 days from date of this Order. (Mathews, M.) |

*Vol. 2*
*000211*

*000215*

*000263*

*000273*

Vol. 2

| | | | |
|---|---|---|---|
| 006275 | 01/20/2011 | 12 | Motion to dismiss adversary proceeding*(SECOND)* filed by Defendant Cengiz J. Comu (Olson, Dennis) |
| 000279 | 02/11/2011 | 16 | Response opposed to (related document(s): 12 Motion to dismiss adversary proceeding*(SECOND)* filed by Defendant Cengiz J. Comu) filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC. (Lippe, Emil) |
| 000287 | 02/24/2011 | 17 | Order conditionally denying second motion to dismiss adversary proceeding (related document # 12) Entered on 2/24/2011. Plaintiffs are ORDERED to file amended complaint within 20 days of entry of this order. Defedant is ORDERED to file an answeror responsive pleading within 20 days of filing of the amended complaint. (Mathews, M.) |
| 000290 | 03/02/2011 | 19 | Motion for leave *to Prosecute Action* filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC Objections due by 3/23/2011. (Lippe, Emil) |
| 000293 | 03/02/2011 | 20 | Amended complaint by Emil Lippe Jr. on behalf of Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC against Cengiz J. Comu No change to nature of suit. (RE: related document(s)1 Adversary case 10-03269. Complaint by King Louie Mining, LLC, King Louie Enterprises, LLC, Ronald Katz against Cengiz J. Comu. Fee Amount $250. Nature. filed by Plaintiff King Louie Mining, LLC, Plaintiff King Louie Enterprises, LLC, Plaintiff Ronald Katz). (Attachments: 1 Exhibit A2 Exhibit B) (Lippe, Emil) |
| 000340 | 03/23/2011 | 23 | Order denying motion for leave to prosecute action without prejudice (related document # 19) Entered on 3/23/2011. (Simpson, B) |
| 000342 | 03/24/2011 | 24 | Motion to dismiss adversary proceeding*(THIRD)* filed by Defendant Cengiz J. Comu (Olson, Dennis) |
| 000345 | 04/19/2011 | 28 | Agreed Order granting 27 Motion to extend time to file response to motion to dismiss until 4/28/2011. Entered on 4/19/2011. (Simpson, B) |
| 000347 | 04/28/2011 | 30 | Response opposed to (related document(s): 24 Motion to dismiss adversary proceeding*(THIRD)* filed by Defendant Cengiz J. Comu) filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC. (Lippe, Emil) |
| 000357 | 05/04/2011 | 31 | Motion to continue hearing on (related documents 20 Amended complaint, 24 Motion to dismiss adversary proceeding)*[Unopposed]* filed by Interested Party Diane G. Reed, Trustee (Elmquist, David) |
| 000361 | 05/06/2011 | 32 | Order granting motion to continue hearing on (related document # 31) (related documents Motion to dismiss adversary proceeding*(THIRD)* and 20 Amended Complaint) Entered on 5/6/2011. Hearing to be held on 7/11/2011 at 10:30 AM Dallas Judge Jernigan Ctrm for 24, Trial Docket Call date reset for 9/12/2011 at 01:30 PM at Dallas Judge Jernigan Ctrm. (Mathews, M.) Modified text on 5/6/2011 (Mathews, M.). |
| 000 363 | 07/06/2011 | 36 | Second Motion to continue hearing on (related documents 20 Amended complaint, 24 Motion to dismiss adversary proceeding)*[unopposed]* filed by Interested Party Diane G. Reed, Trustee (Elmquist, David) |

*Vol. 2*

| | | | |
|---|---|---|---|
| 000367 | 07/08/2011 | 37 | Order granting second unopposed motion to continue hearing on (related document # 36) (related documents Amended complaint, Motion to dismiss adversary proceeding*(THIRD)*) Entered on 7/8/2011. Hearing to be held on 9/15/2011 at 09:30 AM Dallas Judge Jernigan Ctrm for 24 Third motion to dismiss and for Trial Docket Call date set for 12/12/2011 at 01:30 PM at Dallas Judge Jernigan Ctrm. Further conditions per Order. (Mathews, M.) |
| 000369 | 08/24/2011 | 39 | Agreed Motion to Abate Adversary Proceeding (related document(s)1 Complaint) Filed by Interested Party Diane G. Reed (Elmquist, David) Modified TEXT on 8/25/2011 (Blanco, J.). |
| 000374 | 08/31/2011 | 40 | Agreed Order granting motion to abate adversary proceeding (related document # 39) Entered on 8/31/2011. (Mathews, M.) |
| 000377 | 05/24/2012 | 48 | Supplemental Order granting agreed motion to abate adversary proceeding including any hearing on the motion to dismiss, abated until August 1, 2012 further conditions per order (related document # 39 agreed motion to abate ) Entered on 5/24/2012. (Moroles, D.) |
| 000379 | 08/07/2012 | 50 | Order terminating abatement of adversary proceeding and requiring: (A) Trustee's Complaint in Intervention to be filed by August 31, 2012; and (B) parties to upload Agreed Scheduling Order, or in the alternative, Court will enter its own Scheduling Order (related document # 39) Entered on 8/7/2012. Further details per Order. (Mathews, M.) |
| 000381 | 09/05/2012 | 53 | Intervenor complaint by Diane G. Reed against Sunset Pacific, L.P., The Barclay Group, Inc., Bernard D Brown, Phyllis E Comu, Cengiz J. Comu. (Elmquist, David) |
| 000395 | 09/06/2012 | 54 | Order granting Trustee's Unopposed Motion to Extend Deadline to File a Complaint in Intervention 52 Motion to extend time. Ordered that the deadline is hereby extended to September 5, 2012. Entered on 9/6/2012. (Tello, Chris) |
| 000397 | 09/20/2012 | 59 | Agreed Scheduling Order Entered on 9/20/2012 (RE: related document(s)20 Amended complaint filed by Plaintiff King Louie Mining, LLC, Plaintiff King Louie Enterprises, LLC, Plaintiff Ronald Katz). Trial Docket Call date set for 7/8/2013 at 01:30 PM at Dallas Judge Jernigan Ctrm. Hearing on Defendant Cengiz J. Comu's Third Amended Motion to Dismiss Case is set for 10/31/2012 at 9:30 AM. (Mathews, M.) MODIFIED hearing dates on 9/21/2012 (Mathews, M.). |
| 000401 | 09/28/2012 | 61 | Supplemental Response opposed to (related document(s): 24 Motion to dismiss adversary proceeding*(THIRD)* filed by Defendant Cengiz J. Comu) filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC. (Lippe, Emil) |
| 000406 | 09/28/2012 | 62 | Amended complaint by Emil Lippe Jr. on behalf of Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC against Phyllis E. Comu, Regus Advisors, Inc., Marathon Management Limited Company, Daptco Trust, TKY Trust, The Barclay Group, Inc., Sunset Pacific, L.P., Bernard D Brown, Cengiz J. Comu Adding nature(s) of suit. (RE: related document(s)1 Adversary case 10-03269. Complaint by King Louie Mining, LLC, King Louie Enterprises, LLC, Ronald Katz against |

| | | | |
|---|---|---|---|
| *Vol. 2* | | | Cengiz J. Comu. Fee Amount $250. Nature(s) of suit: 41 (Objection / revocation of discharge - 727(c),(d),(e)). (Lippe, Emil) Modified text on 9/7/2010 (Luna, G). filed by Plaintiff King Louie Mining, LLC, Plaintiff King Louie Enterprises, LLC, Plaintiff Ronald Katz). (Lippe, Emil) |
| *000429* | 10/09/2012 | 64 | Answer to Intervenor complaint (Related document: 53 Intervenor complaint by Diane G. Reed against Sunset Pacific, L.P., The Barclay Group, Inc., Bernard D Brown, Phyllis E Comu, Cengiz J. Comu. (Elmquist, David) filed by Bernard D Brown, Cengiz J. Comu, Phyllis E. Comu, Sunset Pacific, L.P., The Barclay Group, Inc.. (Olson, Dennis) Modified text on 10/9/2012 (Tello, Chris). |
| *000433* | 10/09/2012 | 65 | Reply to (related document(s): 30 Response filed by Plaintiff King Louie Mining, LLC, Plaintiff King Louie Enterprises, LLC, Plaintiff Ronald Katz, 61 Response filed by Plaintiff King Louie Mining, LLC, Plaintiff King Louie Enterprises, LLC, Plaintiff Ronald Katz) filed by Defendant Cengiz J. Comu. (Olson, Dennis) |
| *000437* | 10/26/2012 | 66 | Motion to appear pro hac vice for David H. Wander. Fee Amount $25 filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC (Attachments: # 1 Exhibit) (Lippe, Emil) |
| *000441* | 10/29/2012 | 68 | Motion for leave *to File Third Amended Complaint and Brief in Support* filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC Objections due by 11/23/2012. (Lippe, Emil) |
| *Vol. 3*<br>*000451* | 10/30/2012 | 69 | Motion for leave *to File Surreply to Defendant's Response to Plaintiffs' Supplemental Response to Third Motion to Dismiss* filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC Objections due by 11/23/2012. (Attachments: # 1 Exhibit A - Surreply# 2 Proposed Order) (Lippe, Emil) |
| *000470* | 10/31/2012 | 70 | Order granting motion to appear pro hac vice adding David H. Wander for Ronald Katz and King Louie Mining, LLC (related document # 66) Entered on 10/31/2012. (Mathews, M.) |
| *000471* | 11/02/2012 | 71 | Order denying Plaintiffs' motion for leave to file Third Amended Complaint (related document # 68) Entered on 11/2/2012. (Mathews, M.) |
| *000473* | 11/02/2012 | 72 | Order denying Plaintiffs' motion for leave to File Surreply to Defendant's Response to Plaintiffs' Supplemental Response to Third Motion to Dismiss (related document # 69) Entered on 11/2/2012. (Mathews, M.) |
| *000475* | 11/14/2012 | 76 | Order denying motion to dismiss adversary proceeding (related document # 24) Entered on 11/14/2012. (Mathews, M.) |
| *000477* | 12/07/2012 | 78 | Answer to complaint *(Second Amended) to Revoke Discharge* filed by Cengiz J. Comu. (Olson, Dennis) |
| *000481* | 06/07/2013 | 88 | Motion to substitute attorney Emil Lippe, Jr., Law Offices of Lippe & Associates with Shari L. Heyen, Kendyl T. Hanks and Charles P. Floyd, Greenberg Traurig, LLP *and for Withdrawal of Attorney Emil Lippe, Jr., Law Offices of Lippe & Associates,* filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC (Heyen, Shari) |

*Vol. 3*

| | 06/12/2013 | 89 | Agreed Motion to amend scheduling order. (related documents 4 Standing scheduling order in an adversary proceeding) filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC (Attachments: # 1 Exhibit A - Proposed Agreed Scheduling Order) (Heyen, Shari) |
|---|---|---|---|
| *000785* | | | |
| *000795* | 06/21/2013 | 90 | Agreed order granting motion to amend scheduling order (related document # 89) Trial Docket Call date set for 9/9/2013 at 01:30 PM Dallas Judge Jernigan Ctrm for 20, Entered on 6/21/2013. (Rielly, Bill) |
| *000799* | 06/21/2013 | 91 | Order granting motion to substitute attorney adding Shari L. Heyen for King Louie Mining, LLC; Ronald Katz and King Louie Enterprises, LLC, Kendyl T. Hanks for King Louie Mining, LLC; Ronald Katz and King Louie Enterprises, LLC, Charles P. Floyd for King Louie Mining, LLC; Ronald Katz and King Louie Enterprises, LLC, terminating Emil Lippe, Jr.. (related document # 88) Entered on 6/21/2013. (Rielly, Bill) |
| *000562* | 07/19/2013 | 94 | Motion to intervene filed by Intervenor-Plaintiff Lippe & Perry, P.C., d/b/a Law Offices of Lippe & Associates (Attachments: # 1 Exhibit # 2 Affidavit # 3 Exhibit 1 # 4 Exhibit 2 # 5 Proposed Order) (Lippe, Emil) |
| *000539* | 08/12/2013 | 96 | Response opposed to (related document(s): 94 Motion to intervene filed by Intervenor-Plaintiff Lippe & Perry, P.C., d/b/a Law Offices of Lippe & Associates) filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC. (Heyen, Shari) |
| *000598* | 08/14/2013 | 97 | Reply to (related document(s): 96 Response filed by Plaintiff King Louie Mining, LLC, Plaintiff King Louie Enterprises, LLC, Plaintiff Ronald Katz) filed by Intervenor-Plaintiff Lippe & Perry, P.C., d/b/a Law Offices of Lippe & Associates. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6) (Lippe, Emil) |
| *000606* | 08/21/2013 | 98 | Order denying motion to intervene (related document # 94) Entered on 8/21/2013. (Rielly, Bill) |
| *000608* | 08/23/2013 | 99 | Agreed Motion to amend scheduling order. (related documents 4 Standing scheduling order in an adversary proceeding) filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC (Attachments: # 1 Exhibit A - Agreed Order to Amend Scheduling Order) (Heyen, Shari) |
| *000617* | 09/13/2013 | 101 | Agreed order granting motion to amend scheduling order (related document # 99) Trial Docket Call date set for 12/9/2013 at 01:30 PM Dallas Judge Jernigan Ctrm for 20, Entered on 9/13/2013. (Rielly, Bill) |
| *000621* | 11/25/2013 | 103 | Witness and Exhibit List *for Trial, per Scheduling Order* filed by Defendants Bernard D Brown, Cengiz J. Comu, Phyllis E Comu, Sunset Pacific, L.P., The Barclay Group, Inc. (RE: related document(s)62 Amended complaint). (Olson, Dennis) |
| *000624* | 11/25/2013 | 104 | Motion to amend scheduling order. (related documents 4 Standing scheduling order in an adversary proceeding) filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Heyen, Shari) |

APPELLANT'S FIRST AMENDED DESIGNATION
OF RECORD AND ISSUES ON APPEAL

*Vol. 3*

| | | | |
|---|---|---|---|
| *000630* | 11/27/2013 | 105 | Support/supplemental document*(Supplement to Plaintiffs' Motion for Continuance of Scheduling Order Deadlines and Trial)* filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC (RE: related document(s)104 Motion to amend scheduling order. (related documents 4 Standing scheduling order in an adversary proceeding)). (Heyen, Shari) |
| *000633* | 12/09/2013 | 106 | Agreed order granting motion to amend scheduling order (related document # 104) Entered on 12/9/2013. Trial Docket Call date set for 3/3/2014 at 01:30 PM at Dallas Judge Jernigan Ctrm. (Rielly, Bill) |
| *000637* | 12/20/2013 | 108 | Motion for preliminary injunction *(expedited)* filed by Intervenor-Plaintiff Diane G. Reed (Elmquist, David) |
| *000647* | 12/20/2013 | 109 | Motion for expedited hearing(related documents 108 Motion for preliminary injunction) filed by Intervenor-Plaintiff Diane G. Reed (Elmquist, David) |
| *000651* | 12/20/2013 | 110 | Order granting ex parte motion for expedited hearing (Related Doc# 109)(document set for hearing: 108 Motion for preliminary injunction) Entered on 12/20/2013. Hearing to be held on 12/23/2013 at 09:30 AM Dallas Judge Jernigan Ctrm for 108, (Rielly, Bill) |
| *000653* | 12/20/2013 | 111 | Agreed order granting motion for temporary restraining order (related document 108) Entered on 12/20/2013. Preliminary injunction hearing to be held on 1/3/2014 at 09:30 AM Dallas Judge Jernigan Ctrm (Rielly, Bill) |
| *000656* | 01/03/2014 | 116 | Agreed Order Continuing Temporary Restraining Order (related document # 108) Entered on 1/3/2014. (Jones, A.) |
| *000659* | 02/24/2014 | 118 | Amended Witness and Exhibit List filed by Defendants Bernard D Brown, Cengiz J. Comu, Phyllis E Comu, Sunset Pacific, L.P., The Barclay Group, Inc. (RE: related document(s)103 List (witness/exhibit/generic)). (Olson, Dennis) |
| *000662* | 02/24/2014 | 119 | Witness and Exhibit List *for Trial* filed by Intervenor-Plaintiff Diane G. Reed (RE: related document(s)62 Amended complaint). (Elmquist, David) |
| *Vol. 4*<br>*000670* | 02/24/2014 | 120 | Witness and Exhibit List filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC (RE: related document(s)62 Amended complaint). (Heyen, Shari) |
| *000722* | 02/26/2014 | 121 | Stipulation by Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC and All Defendants. filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC (RE: related document(s)106 Order on motion to amend scheduling order). (Heyen, Shari) |
| *000726* | 03/03/2014 | 124 | Stipulation by Diane G. Reed and Plaintiffs and Defendants. filed by Intervenor-Plaintiff Diane G. Reed (RE: related document(s)53 Intervenor complaint, 62 Amended complaint). (Elmquist, David) |
| *000729* | 03/03/2014 | 125 | Proposed findings of fact and conclusions of law filed by Intervenor-Plaintiff Diane G. Reed (RE: related document(s)53 Intervenor complaint). (Elmquist, David) |

Vol. 4

| | Date | No. | Description |
|---|---|---|---|
| 000741 | 03/04/2014 | 126 | Proposed findings of fact and conclusions of law filed by Defendants Bernard D Brown, Cengiz J. Comu, Phyllis E Comu, Sunset Pacific, L.P., The Barclay Group, Inc. (RE: related document(s)62 Amended complaint). (Olson, Dennis) |
| 000746 | 03/04/2014 | 127 | Proposed findings of fact and conclusions of law filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC (RE: related document(s)62 Amended complaint). (Heyen, Shari) |
| 000778 | 03/05/2014 | 130 | Order setting trial Entered on 3/5/2014 (RE: related document(s)62 Amended complaint filed by Plaintiff King Louie Mining, LLC, Plaintiff King Louie Enterprises, LLC, Plaintiff Ronald Katz). Trial date set for 3/17/2014 at 09:30 AM at Dallas Judge Jernigan Ctrm. (Rielly, Bill) |
| 000780 | 03/11/2014 | 132 | Amended Witness and Exhibit List *for Trial* filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC (RE: related document(s)120 List (witness/exhibit/generic)). (Heyen, Shari) |
| 000805 | 03/13/2014 | 134 | Amended Witness and Exhibit List filed by Intervenor-Plaintiff Diane G. Reed (RE: related document(s)119 List (witness/exhibit/generic)). (Elmquist, David) |
| 000813 | 03/14/2014 | 135 | Amended Witness and Exhibit List *Second Amended* filed by Defendants Bernard D Brown, Cengiz J. Comu, Phyllis E Comu, Sunset Pacific, L.P., The Barclay Group, Inc. (RE: related document(s)118 List (witness/exhibit/generic)). (Olson, Dennis) |
| 000816 | 03/16/2014 | 137 | Amended Witness and Exhibit List *(Second)* filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC (RE: related document(s)132 List (witness/exhibit/generic)). (Heyen, Shari) |
| 000842 | 03/17/2014 | 138 | First Amended Proposed Joint Pre-Trial order Entered on 3/17/2014. (Rebecek, B) |
| 000871 | 04/04/2014 | 142 | Extended temporary restraining order and mandatory injunction Entered on 4/4/2014. (Rielly, Bill) |
| 000878 | 04/23/2014 | 144 | Notice *of Trustee's Status Report of Compliance* filed by Intervenor-Plaintiff Diane G. Reed (RE: related document(s)142 Temporary restraining order). (Elmquist, David) |
| 000892 | 07/29/2014 | 161 | Motion to extend time to appeal - Rule 8002c (RE: related document(s)148 Judgment) Filed by Defendant Cengiz J. Comu (Blanco, J.) (Entered: 08/20/2014) |
| 000898 | 07/30/2014 | 153 | Application for compensation *Plaintiffs Preliminary Application for Attorneys' Fees and Expenses Awarded in the Court's July 8, 29014 Judgment* for Shari L. Heyen, Creditor's Attorney, Period: 10/26/2011 to 7/28/2014, Fee: $946,504.90, Expenses: $12,800.00. Filed by Attorney Shari L. Heyen (Heyen, Shari) |
| 000906 | 07/30/2014 | 154 | Motion to extend time to To Submit Affidavit and Evidence in Support of Application for Attorneys' Fees & Expenses Awarded in the Court's July 8, 2014 Judgment Filed by Plaintiffs Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC (Heyen, Shari) |
| 000914 | 08/20/2014 | 162 | Order granting motion for leave to file notice of appeal out of time 161 |

*Vol. 4*

*000916*

*000919*

| | | | |
|---|---|---|---|
| | | | Motion to extend time to appeal - Rule 8002c. Entered on 8/20/2014. (Rielly, Bill) |
| | 08/27/2014 | 165 | Order granting motion to extend time to file application for attorney's fees and expenses 154 Motion to extend time. Entered on 8/27/2014. (Rielly, Bill) |
| | 08/29/2014 | 168 | Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)164 Notice of appeal filed by Defendant Cengiz J. Comu) (Blanco, J.) |

II.   Appellant also designates all exhibits admitted at trial, March 17 through March 21, 2014. *Not PROVIDED by APPELLANT*

III.   Appellant also designates the following transcripts:

Vol. 5

| | | |
|---|---|---|
| 000921 | 11/09/2010<br><br>177 | Hearing held on 11/9/2010. (RE: related document(s)5 Motion to dismiss adversary proceeding Pursuant to Fed. Rules Civ. Proc. Rule 12(b)(6) filed by Defendant Cengiz J. Comu filed by Defendant Cengiz J. Comu) APPEARANCES: D. Olson for Debtor; E. Lippe for Plaintiff. Nonevidentiary hearing. Announcement of an agreed order having been submitted that contemplates Plaintiff's agreement to file Amended Complaint with Debtor's reservation of right to re-urge motion to dismiss. Court will sign order. (Womack, Jennifer) (Entered: 11/12/2010) |
| 000927 | 02/14/2011<br><br>178 | Hearing held on 2/14/2011. (RE: related document(s)12 Motion to dismiss adversary proceeding(SECOND) filed by Defendant Cengiz J. Comu filed by Defendant Cengiz J. Comu) Appearances: D. Olsen for Defendant/Debtor; E. Lippe for Plaintiff. Nonevidentiary hearing. Motion denied, conditional on Plaintiff, within 20 days, amending Complaint again to provide more specificity regarding specific provisions of Section 727(d) being alleged, when acts were discovered and how, and addressing his standing, versus the Chapter 7 Trustees, to seek avoidance of alleged fraudulent transfers. If not amendment within 20 days, complaint will be dismissed. If amendment, then Defendant has 20 days thereafter to answer/respond. Counsel to submit order. (Harden, D.) (Entered: 02/18/2011) |
| 000952 | 05/02/2012<br><br>179 | Status conference held (RE: related document(s)20 Amended complaint) Appearances: E. Lippe and D. Wander (telephonically) for Plaintiffs; D. Elmquist for Trustee; D. Olson for Debtor. Nonevidentiary hearing. Based on statements of counsel, court will continue abatement through 8/1/12 and counsel shall contact courtroom deputy for another status conference the first week of August 2012. Counsel shall upload an order continuing abatement. (Davis, T.) (Entered: 05/14/2012) |
| 000964 | 07/31/2012<br><br>180 | Hearing held on 7/31/2012. (RE: related document(s)20 Amended complaint by Emil Lippe Jr. on behalf of Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC against Cengiz J. Comu No change to nature of suit. (RE: related document(s)1 Adversary case 10-03269. Complaint by King Louie Mining, LLC, King Louie Enterprises, LLC, Ronald Katz against Cengiz J. Comu. Fee Amount $250. Nature. filed by Plaintiff King Louie Mining, LLC, Plaintiff King Louie Enterprises, LLC, Plaintiff Ronald Katz). (Attachments: 1 Exhibit A2 Exhibit B) filed by Plaintiff King Louie Mining, LLC, Plaintiff King Louie Enterprises, LLC, Plaintiff Ronald Katz) Appearances: D. Elmquist for Trustee; E. Lippe and D. Wander (telephonically) for Plaintiff; D. Olson for Debtor. Nonevidentiary status conference. Court heard reports regarding Rule 2004 examinations that have been ongoing and Trustees intention to file a Complaint in Intervention by 8/31/12. Court will enter Order terminating the abatement of this Adversary Proceeding and requiring: (a) Trustees Complaint in Intervention to be filed by 8/31/12; and (b) parties to upload Agreed Scheduling Order by 9/14/12 (inclusive of deadlines pertaining to the pending Rule 12(b)(6) |

*Vol. 5*

| | | | |
|---|---|---|---|
| | | | motion) or, in the alternative, court will enter its own Scheduling Order thereafter setting a January 2013 trial docket call and deadlines pertaining to the Rule 12(b)(6) motion. (Baird, Dennis) (Entered: 08/01/2012) |
| 000975 | 10/31/2012 | 181 | Hearing held on 10/31/2012. (RE: related document(s)24 Motion to dismiss adversary proceeding*(THIRD)* filed by Defendant Cengiz J. Comu) Appearances: D. Olson for Movant/Defendant/Debtor; D. Elmquist for Trustee; E. Lippe and D. Wander (telephonically) for Plaintiff/King Louie Mining. Nonevidentiary hearing. Motion denied. Court also denied a pending Motion for Leave by Plaintiff/King Louie Mining to File Third Amended Complaint. Thus, Second Amended Complaint of King Louie Mining (Section 727 count only) and Complaint in Intervention of Trustee are now governing pleadings in this Adversary Proceeding. Mr. Lippe to upload orders on motion to dismiss and motion for leave. (Baird, Dennis) |
| 001004 | 08/15/2013 | 182 | Hearing held on 8/15/2013. (RE: related document(s)94 Motion to intervene filed by Intervenor-Plaintiff Lippe & Perry, P.C., d/b/a Law Offices of Lippe & Associates (Attachments: # 1 Exhibit # 2 Affidavit # 3 Exhibit 1 # 4 Exhibit 2 # 5 Proposed Order)) Appearances: E. Lippe for his firm; K. Hanks and C. Floyd for Plaintiffs other than the Trustee; D. Elmquist for Trustee; R. Nicoud for Debtor. Nonevidentiary hearing. Motion denied. Ms. Hanks to upload order. (Harden, D.) (Entered: 08/21/2013) |
| 001035 | 03/04/2014 | 183 | Pre-trial conference held on 3/4/2014. (RE: related document(s)62 Amended complaint by Emil Lippe Jr. on behalf of Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC against Phyllis E. Comu, Regus Advisors, Inc., Marathon Management Limited Company, Daptco Trust, TKY Trust, The Barclay Group, Inc., Sunset Pacific, L.P., Bernard D Brown, Cengiz J. Comu Adding nature(s) of suit. (RE: related document(s)1 Adversary case 10-03269. Complaint by King Louie Mining, LLC, King Louie Enterprises, LLC, Ronald Katz against Cengiz J. Comu. Fee Amount $250. Nature(s) of suit: 41 (Objection / revocation of discharge - 727(c),(d),(e)). (Lippe, Emil) Modified text on 9/7/2010 (Luna, G). filed by Plaintiff King Louie Mining, LLC, Plaintiff King Louie Enterprises, LLC, Plaintiff Ronald Katz).) Appearances: K. Hanks and V. Vital for Creditor/Plaintiffs; D. Elmquist for Intervenor/Plaintiff; D. Olson for Defendants. Nonevidentiary status conference. Court will issue order setting trial for March 17, 2014 at 9:30 am, continuing through March 21, 2014. Parties to upload final Pre-Trial Order by March 14, 2014. (Harden, D.) (Entered: 03/06/2014) |
| 001052 | 03/17/2014 | 184 | Trial held on 3/17/2014. (RE: related document(s)62 Amended complaint by Emil Lippe Jr. on behalf of Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC against Phyllis E. Comu, Regus Advisors, Inc., Marathon Management Limited Company, Daptco Trust, TKY Trust, The Barclay Group, Inc., Sunset Pacific, L.P., Bernard D Brown, Cengiz J. Comu Adding nature(s) of suit.) |

| | | | |
|---|---|---|---|
| *Vol. 6*<br><br>*001277* | | | Appearances: K. Hanks, V. Vital and N. Sarokhanian for Plaintiffs; D. Elmquist for Trustee; D. Olson for Defendants. Evidentiary trial. Trial continued to 3/18/14 at 9:30 am. (Harden, D.) (Entered: 03/25/2014) |
| | 03/18/2014 | *185* | Trial held on 3/18/2014. (RE: related document(s)62 Amended complaint by Emil Lippe Jr. on behalf of Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC against Phyllis E. Comu, Regus Advisors, Inc., Marathon Management Limited Company, Daptco Trust, TKY Trust, The Barclay Group, Inc., Sunset Pacific, L.P., Bernard D Brown, Cengiz J. Comu Adding nature(s) of suit.) Appearances: K. Hanks, V. Vital and N. Sarokhanian for Plaintiffs; D. Elmquist for Trustee; D. Olson for Defendants. Evidentiary trial. Trial continued to 3/19/14 at 9:30 am. (Harden, D.) (Entered: 03/25/2014) |
| *Vol. 7*<br><br>*001538* | 03/19/2014 | *186* | Trial held on 3/19/2014. (RE: related document(s)62 Amended complaint by Emil Lippe Jr. on behalf of Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC against Phyllis E. Comu, Regus Advisors, Inc., Marathon Management Limited Company, Daptco Trust, TKY Trust, The Barclay Group, Inc., Sunset Pacific, L.P., Bernard D Brown, Cengiz J. Comu Adding nature(s) of suit.) Appearances: K. Hanks, V. Vital and N. Sarokhanian for Plaintiffs; D. Elmquist for Trustee; D. Olson for Defendants. Evidentiary trial. Trial continued to 3/20/14 at 9:30 am. (Harden, D.) (Entered: 03/25/2014) |
| *Vol. 8*<br><br>*001787* | 03/20/2014 | *187* | Trial held on 3/20/2014. (RE: related document(s)62 Amended complaint by Emil Lippe Jr. on behalf of Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC against Phyllis E. Comu, Regus Advisors, Inc., Marathon Management Limited Company, Daptco Trust, TKY Trust, The Barclay Group, Inc., Sunset Pacific, L.P., Bernard D Brown, Cengiz J. Comu Adding nature(s) of suit.) Appearances: K. Hanks, V. Vital and N. Sarokhanian for Plaintiffs; D. Elmquist for Trustee; D. Olson for Defendants. Evidentiary trial. Trial continued to 3/21/14 at 9:30 am. (Harden, D.) (Entered: 03/25/2014) |
| *Vol. 9*<br><br>*001909* | 03/21/2014 | *188* | Trial held on 3/21/2014. (RE: related document(s)62 Amended complaint by Emil Lippe Jr. on behalf of Ronald Katz, King Louie Enterprises, LLC, King Louie Mining, LLC against Phyllis E. Comu, Regus Advisors, Inc., Marathon Management Limited Company, Daptco Trust, TKY Trust, The Barclay Group, Inc., Sunset Pacific, L.P., Bernard D Brown, Cengiz J. Comu Adding nature(s) of suit.) Appearances: K. Hanks, V. Vital and N. Sarokhanian for Plaintiffs; D. Elmquist for Trustee; D. Olson for Defendants. Evidentiary trial. Trial concluded. Court gave bench ruling: (a) revocation of discharge shall be ordered as to the Debtor, pursuant to Section 727(d)(1) & (2) of the Bankruptcy Code, based on fraud and concealment of assets of which Plaintiffs (and Trustee) were unaware until after the granting of discharge, and also based on Debtors acquiring or becoming entitled to acquire property that was or would be property of the estate and knowingly and fraudulently failing to report, deliver and surrender it to Ttrustee; (b) The Barclay Group, Inc. and Sunset Pacific are the alter |

| | | egos of Debtor and their veil should be pierced; (c) Debtor should turnover previously undisclosed Turkish Bank Account and the equity/asset-control of The Barclay Group, Inc. and Sunset Pacific to Trustee; (d) parties may submit post-trial briefing regarding possible monetary damages to the estate. Counsel will upload an amended restraining order and injunction, as soon as possible, to protect dissipation of Green Auto stock or other assets of The Barclay Group, Inc. and Sunset Pacific. Counsel will subsequently upload proposed Findings of Fact, Conclusions of Law and Judgment that are consistent with the courts oral ruling and otherwise consistent with the evidence. (Harden, D.) (Entered: 03/25/2014) |
|---|---|---|

IV.    Appellant states the following Issues presented on Appeal:

     1.    The Bankruptcy Judge erred in revoking the Debtor's discharge.

     2.    The Bankruptcy Judge erred in finding that the Barclay Group and Sunset Pacific

are the alter egos of the Debtor.

     3.    The Bankruptcy Judge erred in calculating the amount of the damages for which

the Debtor was found to be liable.

[Signature on following page]

Respectfully submitted,

Cengiz J. Comu
14873 Oaks North Place
Dallas, Texas 75254
(972) 965-2545 – Telephone
Email: cjcomu@gmail.com

By: _____
        Cengiz J. Comu
        *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on the __11__ day of September, 2014, a true and correct copy of the foregoing document was sent via electronic means or by first class mail, postage prepaid to the persons shown below:

Kendyl T. Hanks
Greenberg Traurig, LLP
300 West 6th Street, Suite 2050
Austin, Texas 78701

David W. Elmquist
Reed & Elmquist, P.C.
501 N. College Street
Waxahachie, Texas 75165



By: _____
        Cengiz J. Comu

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO.  09-38820-sgj7 |
| | § | |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| DIANE G. REED, TRUSTEE OF THE | § | |
| ESTATE OF CENZIG J. COMU; KING | § | |
| LOUIE MINING, LLC; KING | § | |
| LOUIE ENTERPRISES, LLC; AND | § | |
| RONALD KATZ, | § | |
| | § | |
| Plaintiffs and Intervenor, | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| | § | |
| CENGIZ J. COMU a/k/a CJ COMU; | § | |
| SUNSET PACIFIC, L.P.; THE BARCLAY | § | |
| GROUP, INC.;PHYLLIS E. COMU; | § | |
| and BERNARD D. BROWN, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY
TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
RESPONSE TO THIRD MOTION TO DISMISS**

TO THE HONORABLE STACY JERNIGAN, UNITED STATES BANKRUPTCY JUDGE:

Plaintiffs King Louie Mining, LLC, King Louie Enterprises, LLC, and Ronald Katz

("Plaintiffs"), hereby move for leave to file their surreply to Defendant's Response to Plaintiffs'

PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY
TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
RESPONSE TO THIRD MOTION TO DISMISS- Page 1

000451

Supplemental Response to Third Motion to Dismiss, in the form attached hereto as Exhibit "A," and state the following.

1.       Defendant's response re-urges arguments which are inapplicable to Plaintiffs' Third Amended Complaint, for reasons which include the fact that Plaintiffs are no longer asserting any claims to set aside fraudulent conveyances, and that Plaintiffs have added much detail in their factual allegations to support their claims.  Plaintiffs respectfully request that they be given leave to file the attached Surreply in support of their response to the Motion to Dismiss so that the issues are properly framed for the Court's consideration.

2.       Plaintiffs do not oppose the granting of leave to Defendant to respond to the Surreply on terms as the Court deems fit and proper.

WHEREFORE, Plaintiffs King Louie Mining, LLC, King Louie Enterprises, LLC, and Ronald Katz respectfully request and pray that this Court grant leave to file their surreply to Defendant's Response to Plaintiffs' Supplemental Response to Third Motion to Dismiss, and grant them general relief..

Respectfully submitted,

**LAW OFFICES OF LIPPE & ASSOCIATES**

By:     /s/ Emil Lippe, Jr.
Emil Lippe, Jr.
State Bar No. 12398300
Law Offices of Lippe & Associates
Plaza of the Americas, South Tower
600 N. Pearl Street, Suite S2460
Dallas, Texas  75201
Telephone:     (214) 855-1850

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY
TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
RESPONSE TO THIRD MOTION TO DISMISS- Page 2**

Facsimile:     (214) 720-6074
Email:         emil@texaslaw.com

**ATTORNEYS FOR PLAINTIFFS KING LOUIE MINING, LLC, KING LOUIE ENTERPRISES, LLC, AND RONALD KATZ**

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs has contacted Defendant's counsel of record concerning the substance of this motion, and has been advised that the motion is opposed.

Certified to the __30th__ day of October, 2012, by __/s/ Emil Lippe, Jr.__.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this __30th__ day of October, 2012, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. Bankruptcy Court, Northern District of Texas, using the electronic case filing system of the Court, which will then send a notification of such filing to the following:

Dennis Olson
Olson, Nicoud & Gueck, L.L.P.
1201 Main St., Ste 2470
Dallas, TX 75202

David W. Elmquist
604 Water Street
Waxahachie, TX 75165

__/s/ Emil Lippe, Jr.__
Emil Lippe, Jr.

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL RESPONSE TO THIRD MOTION TO DISMISS- Page 3**

000453

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 7 |
| CENGIZ J. COMU a/k/a CJ COMU, | § § § § | CASE NO.  09-38820-sgj7 |
| Debtor. | § | |

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, KING LOUIE ENTERPRISES, LLC, AND RONALD KATZ, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | ADVERSARY NO. 10-03269-sgj |
| CENGIZ J. COMU a/k/a CJ COMU, | § § | |
| Defendant. | § | |

**PLAINTIFFS' SURREPLY TO DEFENDANT'S RESPONSE
TO PLAINTIFFS' SUPPLEMENTAL RESPONSE TO
THIRD MOTION TO DISMISS AND SUPPORTING BRIEF**

TO THE HONORABLE STACEY G.C. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE:

King Louie Mining, LLC, King Louie Enterprises, LLC, and Ronald Katz, Plaintiffs, hereby

file this their Surreply to Defendant's Response to Plaintiffs' Supplemental Response to Defendant's

Third Motion to Dismiss, and in support thereof would show as follows.

**I.**

**PLAINTIFFS HAVE REQUESTED LEAVE TO FILE
THEIR THIRD AMENDED COMPLAINT**

Without actually filing a motion to strike, Defendant Comu has asked that the Third

**PLAINTIFFS' SURREPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
RESPONSE TO THIRD MOTION TO DISMISS AND SUPPORTING BRIEF - Page 1**

Amended Complaint be stricken for failure to obtain leave of Court. Although express leave was not granted to either the Trustee to file a Complaint in Intervention, or to Plaintiffs to amend, Plaintiffs believed that such leave was implicit in the Scheduling Order and related instructions previously given by the Court.

Nevertheless, Plaintiffs have filed their Motion for Leave to Amend to allow the filing of their Third Amended Complaint, which Plaintiffs respectfully request that the Court grant. The arguments set forth in such Motion are herein incorporated by this reference in support hereof.

**II.**

**PLAINTIFFS HAVE STANDING TO ALLEGE CLAIMS
UNDER §727 AND SEEK FULL RECOVERY THEREUNDER**

Pursuant to 11 U.S.C. §727(e), Plaintiffs have independent standing to bring their causes of action for violations of 11 U.S.C. §727(d)(1)-(2), seeking revocation of discharge. *In re Green*, 308 B.R. 677 (D.Delaware 2004); *In re Barnes*, 348 B.R. 613 (Bkr.D.C.2006). In fact, this Court has recognized, in *In re Cooper* 405 B.R. 801, 806 (Bkr.N.D.Tex.2009), that a creditor does in fact have standing to assert §727 claims. This Court denied, however, in that case, the request of the creditor to take over the role of Trustee and make fiduciary decisions binding the Estate such as for settlement of the case. Ultimately, in such case, revocation of the discharge was ordered. *In re Cooper*, 426 B.R. 227 (Bkr.N.D.Tex.2010)(Jernigan, Bankruptcy Judge).

Discharges are often denied where the debtor has drastically undervalued property of the estate,[1] has concealed assets by placing them in the names of corporate or other entities or persons

---

[1]  *In re Bailey*, 53 B.R.732 (Bkr.W.D.Ky.1985); *In re Ligon*, 55 B.R. 250 (Bkr.M.D.Tenn.1985).

**PLAINTIFFS' SURREPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL
RESPONSE TO THIRD MOTION TO DISMISS AND SUPPORTING BRIEF - Page 2**

while still retaining control thereof,[2] or property is transferred to remove it from the reach of

creditors.[3] This Court, in *Mullen v. Jones*, 455 B.R. 677 (Bkr.N.D.Tex.2011)(Jernigan, Bankruptcy

Judge), noted that a creditor can assert claims for denial of discharge under §727, and noted, with

respect to the element of proving "transfer or concealment,"

> [C]oncealment of property can be established by showing a transfer of title to property coupled with the retention of the benefits of ownership. *See Bradley v. Ingalls (In re Bradley), 501 F.3d 421, 434 (5th Cir. 2007)* (citing *Thibodeaux v. Olivier (In re Olivier), 819 F.2d 550, 553 (5th Cir. 1987))*. Harm to the creditor is not a required element to prosecute an action under *Section 727(a)(2) of the Bankruptcy Code*. *See Keeney v. Smith (In re Keeney), 227 F.3d 679, 685 (6th Cir. 2000)*. "Concealment includes preventing discovery, fraudulently transferring or withholding knowledge or information required by law to be made known." *Peterson v. Scott (In the Matter of Scott), 172 F.3d 959, 967 (7th Cir. 1999)* (citing *United States v. Turner, 725 F.2d 1154, 1157 (8th Cir. 1984))*. Failure to schedule assets on the debtor's schedules if done with intent to defraud creditors is a concealment that will bar discharge. *See In re Crabtree, 59 F. Supp. 731, 732 (D. Ct. W.D. Va. 1944), aff'd, 148 F.2d 524 (4th Cir. 1945)*.

455 B.R. at 722. These are precisely the type of actions that Comu has engaged in here: concealment

of assets that he actually controls, by placing them in the name of The Barclay Group, the two

defendant Trusts, and his wife.

Similarly, in *In re Penner*, 107 B.R.171 (Bkr.N.D.Ind.1989), the Court, after noting the

difficulty of distinguishing between a fraudulent transfer, and concealment of assets, held that even

though the debtor had transferred legal title to the property in question more than a year prior to

filing his petition, his ongoing control, use, and enjoyment of the property as his own, coupled with

---

[2] *Bennett v. Hollingsworth*, 224 B.R.822 (Bkr.M.D.Fla.1998); *First Savings Bank v. Turner*, 335 B.R. 755 (Bkr.D.N.M. 2005); *Baron v. Klutchko*, 338 B.R. 554 (Bkr.S.D.N.Y.2005); *Mullen v. Jones*, 455 B.R. 677 (Bkr.N.D.Tex.2011)(Jernigan, Bankruptcy Judge).

[3] *In re Wheeler*, 444 B.R.598 (Bkr.D.Idaho2011); *In re Rowland*, 441 B.R. 281 (Bkr.S.D.Ohio 2010).

**PLAINTIFFS' SURREPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL RESPONSE TO THIRD MOTION TO DISMISS AND SUPPORTING BRIEF - Page 3**

ongoing concealment, brought the transfer within the ambit of §727, and justified a denial of the discharge.

Here, there is no question that Plaintiffs have standing to assert §727 claims. It is also clear, based upon the allegations of the Third Amended Complaint which must be taken as true for purposes of this motion, that Comu has placed valuable assets in the name of his wife, in the name of Sunset Pacific, a partnership supposedly owned 99% by Comu's wife, in the name of The Barclay Group, an entity supposedly owned 99% by Defendant Brown, and, later, after filing bankruptcy, in the names of the two Defendant Trusts. Nevertheless, according to the allegations of the Complaint which must be taken as true, Comu retained ownership and control of all of such assets.

Plaintiffs have brought detailed and specific claims pursuant to Section 727(d) seeking a revocation of the discharge herein. By the clear terms of the statute, Plaintiffs have standing to bring such claims and Plaintiffs remain proper parties before this Court. *See* 11 USCS § 727(d). Plaintiffs respectfully submit that, if any assets are omitted from disclosure because they are held in the name of other entities that are alter egos of the Debtor, or the recipients of fraudulent conveyances, the omission of such assets from the schedules is a violation of law. *See e.g. Meisel v. Gratch (In re Gratch)*, 2010 Bankr. LEXIS 2876 (Bankr. D.N.J. Aug. 25, 2010).

Further, if a meaningful judgment is to be rendered following a finding that Comu's discharge should be revoked, this Court should have before it all parties who claim legal title to the assets wrongfully concealed from the Court and the creditors by Comu's fraud, such that the Court can properly administer such assets.

**PLAINTIFFS' SURREPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL RESPONSE TO THIRD MOTION TO DISMISS AND SUPPORTING BRIEF - Page 4**

000458

## IIL

## PLAINTIFFS' PLEADINGS ARE SUFFICIENTLY DETAILED

In his latest filing, Comu again urges that Plaintiffs' pleadings lack specificity.   Plaintiffs have previously responded this argument in their Response to Defendant's Third Motion to Dismiss, Docket No. 30, filed April 28, 2011, and would reurge the arguments contained therein.

The pleadings in the Third Amended Complaint[4] support a finding that Comu owns or controls, through Sunset Pacific, Barclay, Regus, and otherwise, substantial assets and sources of income which he has willfully and fraudulently concealed from the Chapter 7 trustee, the Court and creditors herein.  Plaintiffs will show, after the completion of discovery, (i) that Sunset Pacific, The Barclay Group, Marathon Management, TKY Trust, DAPTCO Trust, and Regus Advisors are the alter egos of Comu; (ii) that Comu, as of December 30, 2009, was the *de facto* 100% owner of Barclay, Sunset Pacific, Marathon Management, and Regus; and (iii) that the alleged partnership interest of 98% interest in Sunset Pacific allegedly owned by Phyllis Comu is rightfully the property of Comu's bankruptcy Estate.

---

[4]  Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding such a motion, the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Plaintiff's pleadings must contain "[f]actual allegations [...] enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez*, 577 F.3d at 603 (*quoting Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**PLAINTIFFS' SURREPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL RESPONSE TO THIRD MOTION TO DISMISS AND SUPPORTING BRIEF - Page 5**

Notably, it has taken the Trustee almost nine (9) months of extensive discovery just to begin to piece together the complicated trail of fraudulent concealment by Comu of his assets and income, so that the Trustee could file a complaint that only touches on a portion of Comu's fraudulent conduct. Plaintiffs expect that the Trustee will amend the portions of the complaint that seek to recover fraudulent transfers for the benefit of this estate to add additional defendants and causes of action.[5]

As shown below, Plaintiffs' Third Amended Complaint sets forth in extensive detail the fraudulent conduct by Comu that should result in a revocation of his discharge. First, it cannot be disputed that Comu has a long prior record of white-collar crimes and nefarious business practices. Third Amended Complaint, hereafter "*Complaint*", *¶¶ 16-17.*

Comu was the founder and CEO of a publicly-traded company known as Humitech International Group, Inc. ("Humitech"). In 2004, Comu received a $500,000 kickback in connection with a certain purchase transaction by Humitech. Comu had the seller pay the kickback to Sunset Pacific, LP, an entity controlled by Comu. *Id. at ¶ 18.*

Between April 30, 2009 and December 31, 2009, Comu engaged in a scheme to hid his assets from his bankruptcy trustee and this Court. *Id. at ¶ 24.* Immediately after the filing of his chapter 7 petition, Comu and his wife went on an extended cruise, an interesting action to take immediately after claiming to be bankrupt with little or no assets to pay creditors. *Id. at ¶ 25.*

In 2006, Comu transferred a 98% ownership of Sunset Pacific to his wife, Phyllis Comu, for

---

[5]  If the Trustee fails and refuses to take such action to maximize the assets of the Estate, Plaintiffs reserve the right to seek leave to bring such actions on a derivative basis, subject to control of this Honorable Court.

**PLAINTIFFS' SURREPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL RESPONSE TO THIRD MOTION TO DISMISS AND SUPPORTING BRIEF - Page 6**

no consideration. *Id., ¶ 27.* Comu further caused Sunset Pacific to use part of its ill-gotten gains from the kickback transaction to purchase a $250,000 annuity. *Id.* Comu is, and has been at all times, the sole manager of such entity, and uses it to shield his assets from his creditors.[6] Phyllis Comu has received large payments from Sunset Pacific despite the fact that she has done nothing to manage the entity or to earn such distributions. *Id.*

Comu caused the incorporation of the Barclay Group ("Barclay") in March, 1996. *Id., ¶ 28.* Although the corporate charter of Barclay was forfeited by the Texas Secretary of State from February 11, 2000, to January 18, 2008, Comu continued doing business under the name of The Barclay Group and acting as its sole director and officer. *Id.* Barclay's charter was again forfeited in January, 2011, and Comu continues operating through such name. *Id.*

Comu has dominated and controlled Barclay throughout its existence. *Id, ¶ 31.*[7] He is the sole person operating the company, and exercises sole dominion over it. *Id.* Although While Bernard Brown purportedly owns 99% of Barclay, he apparently takes no active role in the company. *Id.* Comu regularly utilizes Barclay's checking account as if it were his own personal checking account. *Id.* He uses this account for his everyday living expenses. *Id.*On information and belief, throughout the history of The Barclay Group, Comu has utilized such entity, utterly in violation of his ongoing permanent injunction obtained by the SEC, to facilitate and participate in distribution of securities. *Id., ¶ 32.*

Barclay has followed the business model and pattern previously utilized by Comu for other

---

[6] *Compare*, Trustee's Complaint in Intervention, hereafter "Trustee Complaint", at ¶¶ 38-52.

[7] *Compare*, Trustee Complaint, at ¶¶ 15-37.

**PLAINTIFFS' SURREPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL RESPONSE TO THIRD MOTION TO DISMISS AND SUPPORTING BRIEF - Page 7**

companies, which goes as follows: Comu first takes control of a non-public company. *Id, ¶ 32.* Then he acquires control of a public shell corporation, and merges the two entities, such that the business of the non-public entity is now owned by the former shell company which is already a public company. *Id.* He then obtains large numbers of shares of stock in the "new" public entity, and distributes them to hundreds of unsuspecting investors through a maze of brokers and middlemen. *Id.* Comu has used this business model repeatedly, raising millions of dollars through illegal stock sales being done in violation of the permanent SEC injunction, and The Barclay Group has been his primary mechanism for conducting such activities for over a decade.[8] *Id.*

In a scheme to defraud his bankruptcy estate, Comu maneuvered to place a highly valuable asset of Barclay beyond the reach of his creditors. *Id., ¶ 33.* In 2009, Comu caused Barclay to obtain control of a business claiming to own the exclusive rights to distribute in the United States an electric powered automobile manufactured in China, using the name Green Automotive. *Id., ¶ 34.* Comu enticed the persons owning the rights to such distributorship to utilize Barclay to raise capital and to take their company public. *Id.*

On or about November 4, 2009, Comu caused Barclay to enter into a Merger Agreement and Plan of Reorganization between Go Green USA, LLC, a Nevada limited liability company, and GANAS Corp., a Delaware corporation, which was a public company existing as a shell entity. *Id., ¶ 35.* GANAS then changed its name to Green Automotive Company, Inc. ("Green Automotive"). *Id.* Under the Merger Agreement, Barclay retained rights to continued ownership of 40% of Green Automotive. *Id.* Barclay advanced monies in the form of loans to Green Automotive, both

---

[8] Now Comu is beginning to practice such strategy in Europe, using a newly formed company known as Eurocap Investments, PLC. *Id., ¶ 47.*

**PLAINTIFFS' SURREPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL RESPONSE TO THIRD MOTION TO DISMISS AND SUPPORTING BRIEF - Page 8**

immediately before and immediately after Comu filed his bankruptcy petition. *Id.* The transaction had an unusual provision whereby, in the event of a failure to repay the loans timely, Barclay would be issued stock for each day that the payments were late, thereby further increasing the stock ownership position of Barclay. *Id.*

On or about November 9, 2009, CJ Comu emailed Steven Fly, the former chairman of Green Automotive, and Steven Evans, a former vice-president of Green Automotive, regarding a meeting to be held the next day, on November 10, 2009. *Id., ¶ 36.* Attached to CJ Comu's email was an agenda for the meeting, a draft of potential private placement financing, and draft of corporate valuation documents for Green Automotive Company. *Id.* During this meeting the next day, CJ Comu proposed a complicated lending process through which Green Automotive could obtain financing through his alter ego, The Barclay Group. *Id.* This lending process, which was fictitious, allowed CJ Comu to camouflage a transfer of stock to The Barclay Group. *Id.* The aforementioned stock was acquired by the Barclay Group through the personal efforts and work of Comu. *Id.*

On information and belief, Green Automotive issued 143,620,000 shares of common stock, 40% of which was issued to Barclay. *Id.* All or most of the stock issued to Barclay was initially unregistered and was restricted. *Id.* On January 13, 2010, Comu received directly, in his name, 300,000 shares of stock of Green Automotive. *Id.* Although Comu earned this stock prior to his bankruptcy filing, Comu failed to list this asset in his schedules of assets that Comu filed after the commencement of this case.[9] Although Comu controlled and dominated Barclay, and its assets were

---

[9] Once the Trustee discovered this during the 2004 examinations, Comu immediately surrendered the stock certificate to the Trustee, thereby implicitly admitting that such stock was rightfully the property of the Estate.

**PLAINTIFFS' SURREPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL RESPONSE TO THIRD MOTION TO DISMISS AND SUPPORTING BRIEF - Page 9**

actually his assets, none of these transactions, and none of these valuable assets, were disclosed in his bankruptcy schedules, and to the extent that any disclosure was made, the percentages of ownership disclosed were fraudulent.  *Id., ¶ 38.*

At or around the time of bankruptcy filing, Comu caused the creation of TKY Trust and DAPTCO Trust.  *Id, ¶ 39.*  Shortly after returning from his post-filing luxury cruise, Comu caused Barclay to convey 5,000,000 shares of Green Automotive to TKY Trust for a $500,000 promissory note.  *Id.*  He further caused Barclay to convey 2,500,000 shares of Green Automotive stock to Sunset Pacific for a note in the amount of $200,000.  *Id.*  He also caused Barclay to convey 2,000,000 shares of Green Automotive stock to the DAPTCO Trust in exchange for a $200,000 promissory note.  *Id.*

Although these promissory notes called for quarterly payments of interest, Sunset Pacific has made no payments for the Green Automotive stock which it obtained.  *Id., ¶ 40.*  The only payments made by TKY Trust and DAPTCO Trust have been from sales of unregistered shares of Green Automotive stock sold by Comu through a network of "brokers" who are charging "commissions" far in excess of the maximum amount of lawful commissions allowed for sale of securities.  *Id.*  According to information supplied by Comu, the payments to Barclay by TKY Trust and DAPTCO Trust from their sales of Green Automotive stock have totalled approximately $150,000.  *Id., ¶ 41.*  On or about August 13, 2010, Green Automotive issued an additional 1,800,000 shares of its stock to Barclay pursuant to the anti-dilution provision of the Merger Agreement.  This stock, on information and belief, was unrestricted.  *Id., ¶ 42.*

On or about June 16, 2011, Comu caused Barclay to enter into an Escrow Agreement with Olde Monmouth Stock Transfer Co.,  *Id., ¶ 43,* and, under the guise of such " Escrow Agreement,"

**PLAINTIFFS' SURREPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL RESPONSE TO THIRD MOTION TO DISMISS AND SUPPORTING BRIEF - Page 10**

has sold from June, 2011, through January, 2012, 9,998,091 shares of Green Automotive stock, for gross consideration believed to be approximately $3,000,000.[10]  *Id.*  According to Comu, however, after paying exorbitant "commissions" to the "brokers" who arranged the sales of such stock, the net amount actually received by Barclay was only $686,476.[11]  *Id.*  The monies received by Barclay have been disseminated to other alter egos of Comu, including but not limited to Marathon Management and Regus Advisors, to make it appear that Barclay had virtually no taxable income.  *Id., ¶ 44.* These distributions are believed to amount to over $2,000,000 for 2010 alone.  *Id.*

Comu has acquired interests in numerous other business entities which he controls under the name of The Barclay Group, and/or Regus Advisors,  including but not limited to interests or stock, or both, in Algae International Group, Inc., T3 Networks, Metiscan, Artfest International, Puration, Iconosys, Paragon GPS, Spectrum Biometrics, Uni-One Advisors, and others. *Id., ¶ 45.*  All of these assets are assets of Comu that should be included in his bankruptcy estate.  *Id.*  Other business enterprises owned by Comu through The Barclay Group, which should have been disclosed in his bankruptcy schedules, include but are not limited to the following:  (i) Consulting services and disguised ownership interest in Partners National Real Estate, LLC and subsidiaries; (ii) interests in Art Channel, Inc.; (iii) Valuable sports memorabilia owned by Sun Sports Entertainment, Inc., a public company of which Comu was CEO, which mysteriously disappeared when Sun Sports ceased

---

[10]  Comu argues that such transactions, "years after the discharge," are not to be considered.  Actually, such sales demonstrate the value of the assets actually owned and controlled by Comu at the time he filed his Petition herein, but omitted from his Schedules.

[11]  The Trustee should amend the complaint and add additional defendants when the true "commission" structure is disclosed, since "commissions" at such high rates are illegal and far in excess of the amounts allowed by law.

**PLAINTIFFS' SURREPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL RESPONSE TO THIRD MOTION TO DISMISS AND SUPPORTING BRIEF - Page 11**

doing business, and which are believed to have been concealed from creditors by Comu; (iv) Eller Industries, Inc.; (v) Mars Orbit Fund, Ltd.; (vi) Capital Management Group, Inc.; (vii) I.R.A. Oil & Gas, Inc.; (viii) JL Media Services LLC; (ix) Temeku Financial; (x) various entities, referred to as "ARTI, AL, USR, VOIP, SR, MetiScan, Med Tech, Cool It, Donson, Houston, and Nano,"; and (xi) Ultimate Sports Resort, and receipt of $100,000 payment relating thereto. *Id.* In addition, on information and belief, Comu owns or controls an interest in an entity known as Grey Point Partners, LLC, which claims rights to broadcasting and presentation of Mixed Martial Arts ("MMA") programming. *Id., ¶ 50.* On information and belief, Comu also owns or controls an interest in an entity known as New Edge Consulting. *Id., ¶ 51.*

## CONCLUSION

As set forth above in great detail, Plaintiffs have unquestionably set forth sufficient facts to withstand a motion to dismiss. The motion must be denied..

Respectfully submitted,

**LAW OFFICES OF LIPPE & ASSOCIATES**


By:        /s/ Emil Lippe, Jr.
           Emil Lippe, Jr.
           State Bar No. 12398300
           Law Offices of Lippe & Associates
           Plaza of the Americas, South Tower
           600 N. Pearl Street, Suite S2460
           Dallas, Texas 75201
           Telephone:    (214) 855-1850
           Facsimile:    (214) 720-6074
           Email:        emil@texaslaw.com


**PLAINTIFFS' SURREPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL RESPONSE TO THIRD MOTION TO DISMISS AND SUPPORTING BRIEF - Page 12**

**ATTORNEYS FOR PLAINTIFFS KING LOUIE MINING, LLC, KING LOUIE ENTERPRISES, LLC, AND RONALD KATZ**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this $\underline{30^{th}}$ day of October, 2012, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. Bankruptcy Court, Northern District of Texas, using the electronic case filing system of the Court, which will then send a notification of such filing to the following:

Dennis Olson
Olson, Nicoud & Gueck, L.L.P.
1201 Main St., Ste 2470
Dallas, TX 75202

David W. Elmquist
604 Water Street
Waxahachie, TX 75165

           /s/ Emil Lippe, Jr.
           Emil Lippe, Jr.

**PLAINTIFFS' SURREPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL RESPONSE TO THIRD MOTION TO DISMISS AND SUPPORTING BRIEF - Page 13**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 7 |
| CENGIZ J. COMU a/k/a CJ COMU, | § § § | CASE NO.  09-38820-sgj7 |
| Debtor. | § | |

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, KING LOUIE ENTERPRISES, LLC, AND RONALD KATZ, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | ADVERSARY NO. 10-03269-sgj |
| CENGIZ J. COMU a/k/a CJ COMU, | § § | |
| Defendant. | § | |

## ORDER

On this day, the Court considered Plaintiffs' Motion for Leave to File Surreply to Defendant's Response to Plaintiffs' Supplemental Response to Third Motion to Dismiss.  Upon consideration of the matters on file herein, the Court is of the opinion that the following Order

**ORDER** - PAGE  1

000468

should be entered.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiffs' Motion for Leave to File Surreply to Defendant's Response to Plaintiffs' Supplemental Response to Third Motion to Dismiss is hereby GRANTED.

IT IS SO ORDERED.

**###END OF ORDER###**

**ORDER** - PAGE 2



U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed October 30, 2012**

---

BTXN 104b/105b (rev. 09/11)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

In Re:
Cengiz J. Comu

                    Debtor(s)

King Louie Mining, LLC et al.

                    Plaintiff(s)

     vs.
Cengiz J. Comu et al.

                    Defendant(s)

§
§
§
§
§
§
§
§
§
§

Case No.: 09−38820−sgj7
Chapter No.: 7

Adversary No.: 10−03269−sgj

## ORDER FOR ADMISSION *PRO HAC VICE*

The Court, having considered the Application for Admission *Pro Hac Vice* of **David H. Wander**, to represent Ronald Katz and King Louie Mining, LLC, related to document 66, **ORDERS** this application be:

☑ *Granted* − The Clerk of the District Court for the Northern District of Texas shall deposit the application fee to the account of the Non−Appropriated Fund.

☐ *Denied* − The Clerk of the District Court for the Northern District of Texas shall return the admission fee to the applicant.

# # # End of Order # # #



**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**United States Bankruptcy Judge**

**Signed November 01, 2012**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO. 09-38820-sgj7 |
| | § | |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, KING | § | |
| LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On this day, the Court considered Plaintiffs' Motion for Leave to File Third Amended

Complaint. Upon consideration of the matters on file herein, and upon other due consideration, the

**ORDER** - PAGE 1

000471

Court is of the opinion that the following Order should be entered.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiffs' Motion for Leave to File Third Amended Complaint is hereby DENIED.

This Order is without prejudice to the Trustee's right to seek leave to amend to include other parties or other causes of action in the Complaint in Intervention.

IT IS SO ORDERED.

### ###END OF ORDER###

**ORDER** - **PAGE 2**



US BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed November 01, 2012**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO. 09-38820-sgj7 |
| | § | |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, KING | § | |
| LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On this day, the Court considered Plaintiffs' Motion for Leave to File Surreply to Defendant's

**ORDER** - PAGE 1

Response to Plaintiffs' Supplemental Response to Third Motion to Dismiss.  Upon consideration of the matters on file herein, the Court is of the opinion that the following Order should be entered.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiffs' Motion for Leave to File Surreply to Defendant's Response to Plaintiffs' Supplemental Response to Third Motion to Dismiss is hereby DENIED.

IT IS SO ORDERED.

**###END OF ORDER###**

**ORDER** **- PAGE 2**

000474



U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**United States Bankruptcy Judge**

**Signed November 12, 2012**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
|  | § |  |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO.  09-38820-sgj7 |
|  | § |  |
|  | § |  |
| Debtor. | § |  |

_____

|  |  |  |
|---|---|---|
| KING LOUIE MINING, LLC, KING | § |  |
| LOUIE ENTERPRISES, LLC, AND | § |  |
| RONALD KATZ, | § |  |
|  | § |  |
| Plaintiffs, | § |  |
|  | § |  |
| v. | § | ADVERSARY NO. 10-03269-sgj |
|  | § |  |
| CENGIZ J. COMU a/k/a CJ COMU, | § |  |
|  | § |  |
| Defendant. | § |  |

**ORDER**

Upon the motion by defendant CJ Comu to dismiss plaintiffs' second amended complaint (the

"Motion to Dismiss"); and a hearing on the Motion to Dismiss having been held by the Court on

**ORDER** - PAGE 1

October 31, 2012; and after considering all papers filed in connection with the Motion to Dismiss including plaintiffs' opposition papers; and upon the record of the hearing; and after due consideration; and good and sufficient cause appearing therefore, it is

ORDERED, that the Motion to Dismiss is denied.

The Court hereby states that the governing pleadings in this adversary proceeding are the Second Amended Complaint of Plaintiffs King Louie Mining, LLC, King Louie Enterprises, LLC, and Ronald Katz asserting claims under 11 U.S.C. §727, and the Trustee's Complaint in Intervention. The Court's ruling with respect to denial of Plaintiffs' Motion for Leave to File the Third Amended Complaint is without prejudice to the right of the Trustee to seek leave to amend.

IT IS SO ORDERED.

###END OF ORDER###

**ORDER** - PAGE 2

Dennis Olson
State Bar No. 15273500
OLSON NICOUD & GUECK, L.L.P.
1201 Main Street, Suite 2470
Dallas, Texas 75202
(214) 979-7302 – Telephone
(214) 979-7301 – Facsimile
Email: denniso@dallas-law.com

ATTORNEYS FOR DEFENDANT

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CENGIZ J. COMU a/k/a | § | CASE NO. 09-38820-sgj-7 |
| CJ COMU, | § | |
|     Debtor. | § | CHAPTER 7 |
| | § | |
| _____ | § | |
| KING LOUIE MINING, LLC, | § | |
| KING LOUIE ENTERPRISES, LLC, | § | |
| and RONALD KATZ, | § | |
|     Plaintiffs, | § | |
| v. | § | Adversary Case no. 10-03269-sgj |
| | § | |
| CENGIZ J. COMU a/k/a | § | |
| CJ COMU, | § | |
|     Defendant. | § | |

## DEFENDANT CJ COMU'S ORIGINAL ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT TO REVOKE DISCHARGE

TO THE HONORABLE STACEY G.C. JERNIGAN,
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES CJ Comu, the Defendant in the above-captioned adversary proceeding,

and files his Original Answer and would respectfully show the Court as follows:

1.    Defendant submits that no answer is required, but if an answer is required,

Defendant denies the allegations contained in paragraphs 1, 2, 3, 4, 7, 9, 10, 11, 12, 13, 27, 37,

and 45 of Plaintiffs' Second Amended Complaint (the "Complaint").

**DEFENDANT CJ COMU'S ORIGINAL ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT TO REVOKE DISCHARGE**        **Page - 1**

2.      Defendant admits, or at least does not contest, the allegations contained in paragraphs 5, 6, 8, 15, 20, 22, and 23 of the Complaint.

3.      Defendant denies the allegations contained in paragraphs 14, 16, 17, 18, 19, 21, 24, 25, 26, 28, 29, 30, 31, 32, 33, 34, 35, 36, 38, 39, 40, 41, 42, 43, 44, 46, 47, 48 and 49 of the Complaint.

4.      In addition, the allegations contained in paragraphs 9 through 20 of the Complaint are irrelevant, because Plaintiffs demonstrably knew about those allegations before the discharge was entered, and Plaintiffs now have no standing to complain about those allegations because they could not possibly be the basis for revocation of a discharge.

5.      In order to revoke Defendant's discharge, Plaintiffs must demonstrate that, after the discharge was entered, Plaintiffs learned of some basis that would have prevented Defendant's discharge, that the discharge was obtained by fraud in fact, and Plaintiffs must demonstrate why they did not know and were not at least put on inquiry before the discharge objection deadline and entry of the discharge.

6.      Defendant transferred to his wife her current ownership interest in Sunset Pacific three years and 364 days before the filing of his bankruptcy petition, and the documentation of the transfer was provided to the Trustee after the meeting of creditors, and Plaintiffs and their attorney physically examined the documents before the deadline for objecting to discharge.

7.      The transfers of ownership interest in Sunset Pacific from Defendant to his wife cannot be the basis for revocation of discharge, because the transfer occurred more than a year before the filing of the bankruptcy petition, and the transfer cannot be set aside because it is barred by the statute of limitations.

8.      Plaintiffs have no standing to complain in paragraph 32 of their Complaint,

concerning Sun Sports Entertainment payments to Sunset Pacific.

9.      To the extent that Plaintiffs complain of Defendant's receipt of stock upon the closing of the "Green Auto Deal", which occurred post-petition, Defendant promptly delivered his stock certificate to the Trustee, and Plaintiffs and their attorney physically reviewed the stock certificate before the deadline to object to Defendant's discharge.

10.     Defendant's actions post-petition cannot be the basis for revocation of the discharge.

11.     The Intervenor's allegations in connection with his "reverse veil piercing" theories cannot be the basis for revocation of the discharge or setting aside pre-petition transfers, and the Intervenor has acknowledged this much in open court.

12.     Plaintiffs have no standing to pursue any pre-petition transfers, especially in light of Plaintiffs' failure to comply with this Court's Orders entered in this adversary proceeding on February 24, 2011 and March 23, 2011.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the Court after notice and hearing, deny all relief sought by Plaintiffs, award Defendant his court costs and attorney's fees incurred in defense of Plaintiffs' Second Amended Complaint, and that Defendant have such other and further relief as to which he may be entitled, either at law or in equity.

Respectfully submitted,

OLSON NICOUD & GUECK, L.L.P.
1201 Main Street, Suite 2470
Dallas, Texas 75202
(214) 979-7302 - Telephone
(214) 979-7301 – Facsimile
Email: denniso@dallas-law.com


By: /s/   Dennis Olson
      Dennis Olson
      State Bar No. 15273500

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Defendant CJ Comu's Original Answer to Plaintiffs' Second Amended Complaint to Revoke Discharge was served upon:

| | |
|---|---|
| Emil Lippe, Jr. | David W. Elmquist |
| Plaza of the Americas, South Tower | Reed & Elmquist, P.C. |
| 600 N. Pearl Street, Suite S 2460 | 604 Water Street |
| Dallas, Texas 75201 | Waxahachie, Texas 75165-3361 |

via electronic means, on the 7th day of December, 2012.


    /s/ Dennis Olson
    Dennis Olson

Shari L. Heyen
Texas Bar No. 09564750
Email: heyens@gtlaw.com
Kendyl T. Hanks
Texas Bar No. 24032273
Email: hanksk@gtlaw.com
Charles P. Floyd
Texas Bar No. 24055487
Email: floydc@gtlaw.com
GREENBERG TRAURIG, LLP
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

**ATTORNEYS FOR PLAINTIFFS KING LOUIE MINING, LLC,
KING LOUIE ENTERPRISES, LLC, AND RONALD KATZ**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO. 09-38820-sgj7 |
| | § | |
| DEBTOR. | § | |

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, KING | § | |
| LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
| Defendant | § | |

| | | |
|---|---|---|
| DIANE G. REED, TRUSTEE, | § | |
| Intervenor, Co-Plaintiff, and | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
| Defendant, | § | |
| and | § | |
| PHYLLIS E. COMU, BERNARD D. | § | |
| BROWN, THE BARCLAY GROUP, INC., | § | |
| AND SUSSET PACIFIC, L.P. | § | |
| Third-Party Defendants. | § | |

*AUS 536244631v2*

000481

## UNOPPOSED MOTION FOR WITHDRAWAL AND SUBSTITUTION OF COUNSEL

Plaintiffs King Louie Mining, LLC, King Louie Enterprises, LLC, and Ronald Katz hereby file this Motion for Withdrawal and Substitution of Counsel. Plaintiffs have retained new counsel to replace Emil Lippe, Jr., of the Law Offices of Lippe & Associates, as follows:

> **GREENBERG TRAURIG, LLP**
> Shari L. Heyen
> Texas Bar No. 09564750
> Email: heyens@gtlaw.com
> Kendyl T. Hanks
> Texas Bar No. 24032273
> Email: hanksk@gtlaw.com
> Charles P. Floyd
> Texas Bar No. 24055487
> Email: floydc@gtlaw.com
> 1000 Louisiana, Suite 1700
> Houston, Texas 77002
> Telephone: (713) 374-3500
> Facsimile: (713) 374-3505\

Plaintiffs consent to and approve of this substitution of counsel. Additionally, this substitution is not being taken for purposes of delay.

DATED: June 7, 2013.

> **LAW OFFICES OF LIPPE & ASSOCIATES**
>
> By: _____
>
> Emil Lippe, Jr.
> Texas Bar No. 12398300
> Plaza of the Americas, South Tower
> 600 N. Pearl Street, Suite S2460
> Dallas, Texas 75201
> Telephone: (214) 855-1850
> Facsimile: (214) 720-6074
> Email: emil@texaslaw.com

*AUS 536244631v2*

000482

**GREENBERG TRAURIG, LLP**

By: ___/s/ Shari L. Heyen_____
    Shari L. Heyen
    Texas Bar No. 09564750
    1000 Louisiana, Suite 1700
    Houston, Texas 77002
    Telephone: (713) 374-3500
    Facsimile: (713) 374-3505
    Email: heyens@gtlaw.com

    Kendyl T. Hanks
    Texas Bar No. 24032273
    300 West 6th Street, Suite 2050
    Austin, Texas 78701
    Telephone: (512) 320-7200
    Facsimile: (512) 320-7210
    Email: hanksk@gtlaw.com

    Charles P. Floyd
    Texas Bar No. 24055487
    2200 Ross Avenue, Suite 5200
    Dallas, Texas 75201
    Telephone: (214) 665-3600
    Facsimile: (214) 665-3601
    Email: floydc@gtlaw.com

*AUS 536244631v2*

000483

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that I conferred with counsel for each of Defendants and Trustee and none oppose the relief requested in this motion.

*/s/ Shari L. Heyen*
Shari L. Heyen

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing *Motion for Withdrawal and Substitution of Counsel* has been served upon the parties eligible to receive notice through the Court's ECF facilities by electronic mail on June 7, 2013.

*/s/ Shari L. Heyen*
Shari L. Heyen

*AUS 536244631v2*

Shari L. Heyen
State Bar No. 09564750
HeyenS@gtlaw.com
Kendyl T. Hanks
State Bar No. 24032273
Charles P. Floyd
State Bar No. 24055487
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 1700
Houston, Texas  77002
Telephone: (713) 374-3500
Telecopier: (713) 374-3505

**ATTORNEYS FOR PLAINTIFFS' KING LOUIE MINING, LLC,**
**KING LOUIE ENTERPRISES, LLC AND RONALD KATZ**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO. 09-38820-sgj7 |
| | § | |
| DEBTOR. | § | |

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, KING | § | |
| LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant | § | |

| | | |
|---|---|---|
| DIANE G. REED, TRUSTEE, | § | |
|     Intervenor, Co-Plaintiff, and | § | |
|     Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant, | § | |
| and | § | |
| PHYLLIS E. COMU, BERNARD D. | § | |
| BROWN, THE BARCLAY GROUP, INC., | § | |
| AND SUSSET PACIFIC, L.P. | § | |
|     Third-Party Defendants. | § | |

## AGREED MOTION TO AMEND SCHEDULING ORDER

*AUS 536244098v2*

Plaintiffs King Louie Mining, LLC, King Louie Enterprises, LLC, and Ronald Katz hereby file this Agreed Motion to Amend the Agreed Scheduling Order entered by the Court on September 20, 2012 [Doc. 59].

The parties have conferred regarding enlarging the time allowed in this case to conduct adequate discovery and ensure the efficient disposition of the matters before the court.  As a result of this conference, the parties have determined that it is in the best interest of all parties to extend the schedule of deadlines contained in the September 20 Order as follows:

| | |
|---|---|
| July 1, 2013 | Deadline for Plaintiffs' expert reports. |
| July 15, 2013 | Deadline for Defendants' expert reports. |
| July 31, 2013 | Discovery must be completed. |
| August 9, 2013 | Deadline for filing dispositive motions. |
| August 16, 2013 | Deadline for filing Daubert motions. |
| August 26, 2013 | Deadline for filing witness and exhibit lists and exchange of marked exhibits. |
| August 26, 2013 | Deadline for hearing on Daubert motions. |
| August 30, 2013 | Deadline for filing joint pre-trial order. |
| August 30, 2013 | Deadline for filing proposed findings of fact and conclusions of law. |
| August 30, 2013 | Deadline for filing trial briefs. |
| September 3, 2013 | Deadline to hold Pretrial Conference (if trial will exceed 1 day). |
| September 9, 2013 | Trial docket call. |
| September 16, 2013 | Trial week. |

A proposed Amended Agreed Scheduling Order reflecting these amended deadlines is attached hereto as Exhibit "A".

AUS 536244098v2

000486

This request would extend the time remaining until trial by only 63 days (9 weeks).  The parties believe this request for an extension is reasonable given the complexity of the issues in this case.  Additionally, such an extension will not prejudice any party.  Finally, the parties make this Motion without intent to prejudice their ability to request additional extensions of time.

DATED:  June 12, 2013.

**GREENBERG TRAURIG, LLP**

By:  /s/ Shari L. Heyen
Shari L. Heyen
Texas Bar No. 09564750
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Email: heyens@gtlaw.com

Kendyl T. Hanks
Texas Bar No. 24032273
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210
Email: hanksk@gtlaw.com

Charles P. Floyd
Texas Bar No. 24055487
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email: floydc@gtlaw.com

**ATTORNEYS FOR PLAINTIFFS KING LOUIE MINING, LLC, KING LOUIE ENTERPRISES, LLC AND RONALD KATZ**

- 3 -

**REED & ELMQUIST, P.C.**

By: /s/ David W. Elmquist
    David W. Elmquist
    Texas Bar No. 06591300
    604 Water Street
    Waxahachie, Texas 75165
    Telephone: (972) 938-7339
    Facsimile: (972) 923-0430
    Email: delmquist@bcylawyers.com

**ATTORNEYS FOR INTERVENOR, CO-PLAINTIFF, AND THIRD-PARTY PLAINTIFF**

**OLSON NICOUD & GUECK, L.L.P.**

By: /s/ Dennis Olson
    Dennis Olson
    Texas Bar No. 14273500
    1201 Main Street, Suite 2470
    Dallas, Texas 75202
    Telephone: (214) 979-7302
    Facsimile: (214) 979-7301
    Email: denniso@dallas-law.com

**ATTORNEYS FOR DEFENDANT AND THIRD-PARTY DEFENDANTS**

AUS 536244098v2

000488

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for each of the parties regarding the relief requested in this motion, and all parties agree it would be in their interest and in the interest of justice to extend the case deadlines as described herein.

*/s/ Shari L. Heyen*
Shari L. Heyen

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Agreed Motion to Amend Scheduling Order* has been served upon the parties eligible to receive notice through the Court's ECF facilities by electronic mail on June 12, 2013.

/s/ Shari L. Heyen
Shari L. Heyen

- 5 -

AUS 536244098v2

000489

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO. 09-38820-sgj7 |
| | § | |
| DEBTOR. | § | |

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, KING | § | |
| LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant | § | |

| | | |
|---|---|---|
| DIANE G. REED, TRUSTEE, | § | |
|     Intervenor, Co-Plaintiff, and | § | |
|     Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant, | § | |
| and | § | |
| PHYLLIS E. COMU, BERNARD D. | § | |
| BROWN, THE BARCLAY GROUP, INC., | § | |
| AND SUSSET PACIFIC, L.P. | § | |
|     Third-Party Defendants. | § | |

000491

## AGREED SCHEDULING ORDER

The parties represent that they have agreed to the terms of this Agreed Scheduling Order.

It is hereby ORDERED that the following schedule of deadlines shall be in effect until further order of this Court:

| | |
|---|---|
| July 1, 2013 | Deadline for Plaintiffs' expert reports. |
| July 15, 2013 | Deadline for Defendants' expert reports. |
| July 31, 2013 | Discovery must be completed. |
| August 9, 2013 | Deadline for filing dispositive motions. |
| August 16, 2013 | Deadline for filing Daubert motions. |
| August 26, 2013 | Deadline for filing witness and exhibit lists and exchange of marked exhibits. |
| August 26, 2013 | Deadline for hearing on Daubert motions. |
| August 30, 2013 | Deadline for filing joint pre-trial order. |
| August 30, 2013 | Deadline for filing proposed findings of fact and conclusions of law. |
| August 30, 2013 | Deadline for filing trial briefs. |
| September 3, 2013 | Deadline to hold Pretrial Conference (if trial will exceed 1 day). |
| September 9, 2013 at 1:30 p.m. | Trial docket call. |
| September 16, 2013 | Trial week. |

IT IS FURTHER ORDERED that this Order is made without prejudice to the parties' ability to request additional extensions of time.

### END OF ORDER ###

AGREED:

GREENBERG TRAURIG, LLP

By:    /s/ Shari L. Heyen

Shari L. Heyen
Texas Bar No. 09564750
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Email: heyens@gtlaw.com

Kendyl T. Hanks
Texas Bar No. 24032273
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210
Email: hanksk@gtlaw.com

Charles P. Floyd
Texas Bar No. 24055487
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email: floydc@gtlaw.com

ATTORNEYS FOR PLAINTIFFS' KING LOUIE
MINING, LLC, KING LOUIE ENTERPRISES, LLC
AND RONALD KATZ

000493

By: ___/ s / David W. Elmquist_____

REED & ELMQUIST, P.C.

David W. Elmquist
Texas Bar No. 06591300
604 Water Street
Waxahachie, Texas 75165
Telephone: (972) 938-7339
Facsimile: (972) 923-0430
Email: delmquist@bcylawyers.com

**ATTORNEYS FOR INTERVENOR, CO-PLAINTIFF, AND THIRD-PARTY PLAINTIFF**

By: ___/ s / Dennis Olson_____

OLSON NICOUD & GUECK, L.L.P.

Dennis Olson
Texas Bar No. 14273500
1201 Main Street, Suite 2470
Dallas, Texas 75202
Telephone: (214) 979-7302
Facsimile: (214) 979-7301
Email: denniso@dallas-law.com

**ATTORNEYS FOR DEFENDANT AND THIRD-PARTY DEFENDANTS**

000494



**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 19, 2013**

**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO. 09-38820-sgj7 |
| | § | |
| DEBTOR. | § | |
| | | |
| KING LOUIE MINING, LLC, KING | § | |
| LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|    Defendant | § | |

---

| | |
|---|---|
| DIANE G. REED, TRUSTEE, | § |
|    Intervenor, Co-Plaintiff, and | § |
|    Third-Party Plaintiff, | § |
| | § |
| v. | § |
| CENGIZ J. COMU a/k/a CJ COMU, | § |
|    Defendant, | § |
| and | § |
| PHYLLIS E. COMU, BERNARD D. | § |
| BROWN, THE BARCLAY GROUP, INC., | § |
| AND SUSSET PACIFIC, L.P. | § |
|    Third-Party Defendants. | § |

000495

## **AGREED SCHEDULING ORDER**

The parties represent that they have agreed to the terms of this Agreed Scheduling Order.

It is hereby **ORDERED** that the following schedule of deadlines shall be in effect until further order of this Court:

| | |
|---|---|
| , | Deadline for Plaintiffs' expert reports. |
| , | Deadline for Defendants' expert reports. |
| , | Discovery must be completed. |
| A , | Deadline for filing dispositive motions. |
| A , | Deadline for filing Daubert motions. |
| A , | Deadline for filing witness and exhibit lists and exchange of marked exhibits. |
| A , | Deadline for hearing on Daubert motions. |
| A , | Deadline for filing joint pre-trial order. |
| A , | Deadline for filing proposed findings of fact and conclusions of law. |
| A , | Deadline for filing trial briefs. |
| S , | Deadline to hold Pretrial Conference (if trial will exceed 1 day). |
| S , . . | Trial docket call. |
| S , | Trial week. |

**IT IS FURTHER ORDERED** that this Order is made without prejudice to the parties ability to request additional extensions of time.

END OF ORDER

000496

**AGREED**

**GREENBERG TRAURIG, LLP**

By:   */s/ Shari L. Heyen*

Shari L. Heyen
Texas Bar No. 09564750
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Email: heyens@gtlaw.com

Kendyl T. Hanks
Texas Bar No. 24032273
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210
Email: hanksk@gtlaw.com

Charles P. Floyd
Texas Bar No. 24055487
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email: floydc@gtlaw.com

**ATTORNEYS FOR PLAINTIFFS' KING LOUIE MINING, LLC, KING LOUIE ENTERPRISES, LLC AND RONALD KATZ**

000497

By:  _/ s /  a id  .  lm uist_____

**REED & ELMQUIST, P.C.**

David W. Elmquist
Texas Bar No. 06591300
604 Water Street
Waxahachie, Texas 75165
Telephone: (972) 938-7339
Facsimile: (972) 923-0430
Email: delmquist@bcylawyers.com

**ATTORNEYS FOR INTERVENOR, CO-PLAINTIFF, AND THIRD-PARTY PLAINTIFF**


By:  _/ s /  ennis Olson_____

**OLSON NICOUD & GUECK, L.L.P.**

Dennis Olson
Texas Bar No. 14273500
1201 Main Street, Suite 2470
Dallas, Texas 75202
Telephone: (214) 979-7302
Facsimile: (214) 979-7301
Email: denniso@dallas-law.com

**ATTORNEYS FOR DEFENDANT AND THIRD-PARTY DEFENDANTS**



**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 19, 2013**

**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO. 09-38820-sgj7 |
| | § | |
|     DEBTOR. | § | |

---

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, KING | § | |
| LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant | § | |

---

| | |
|---|---|
| DIANE G. REED, TRUSTEE, | § |
|     Intervenor, Co-Plaintiff, and | § |
|     Third-Party Plaintiff, | § |
| | § |
| v. | § |
| CENGIZ J. COMU a/k/a CJ COMU, | § |
|     Defendant, | § |
| and | § |
| PHYLLIS E. COMU, BERNARD D. | § |
| BROWN, THE BARCLAY GROUP, INC., | § |
| AND SUSSET PACIFIC, L.P. | § |
|     Third-Party Defendants. | § |

000499

ORDER GRANTING MOTION FOR    ITHDRA   AL
AND SUBSTITUTION OF COUNSEL

On this day, the Court considered Plaintiffs' Unopposed Motion for Withdrawal and Substitution of Counsel. The Motion seeks leave of Court for the withdrawal of Emil Lippe, Jr., of the Law Offices of Lippe     Associates, and the substitution of Shari L. Heyen, Kendyl T. Hanks, and Charles P. Floyd, of Greenberg Traurig, LLP, as counsel for Plaintiffs. Upon consideration of the matters on file herein, and upon other due consideration, the Court is of the opinion that the following Order should be entered.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the leave of Court sought in Plaintiffs' Unopposed Motion for Withdrawal and Substitution of Counsel is hereby GRANTED.

IT IS SO ORDERED.

END OF ORDER

GREENBERG TRAURIG, LLP

Shari L. Heyen
Texas Bar No. 09564750
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Email: heyens@gtlaw.com

Kendyl T. Hanks
Texas Bar No. 24032273
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210
Email: hanksk@gtlaw.com

000500

Charles P. Floyd
Texas Bar No. 24055487
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email: floydc@gtlaw.com


LA   OFFICES OF LIPPE & ASSOCIATES

Emil Lippe, Jr.
Texas Bar No. 12398300
Pla a of the Americas, South Tower
600 N. Pearl Street, Suite S2460
Dallas, Texas 75201
Telephone: (214) 855-1850
Facsimile: (214) 720-6074
Email: emil@texaslaw.com

000501

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 7 |
| CENGIZ J. COMU a/k/a CJ COMU, | § § | CASE NO.  09-38820-sgj7 |
| Debtor. | § § | |

| | | |
|---|---|---|
| DIANE G. REED, TRUSTEE OF THE ESTATE OF CENZIG J. COMU, KING LOUIE MINING, LLC, KING LOUIE ENTERPRISES, LLC, AND RONALD KATZ, Plaintiffs and Intervenor, v. | § § § § § § § § | |
| CENGIZ J. COMU a/k/a CJ COMU, SUNSET PACIFIC, L.P., THE BARCLAY GROUP, INC., TKY TRUST, DAPTCO TRUST, MARATHON MANAGEMENT LIMITED COMPANY, REGUS ADVISORS, INC., PHYLLIS E. COMU, and BERNARD D. BROWN, Defendants. | § § § § § § § § § § § | ADVERSARY NO. 10-03269-sgj |
| LIPPE & PERRY, P.C., d/b/a LAW OFFICES OF LIPPE & ASSOCIATES, Plaintiff-Intervenor, v. | § § § § § § § | |
| RONALD KATZ, KING LOUIE MINING, LLC, KING LOUIE ENTERPRISES, LLC, AND HUMITECH DEVELOPMENT CORPORATION, Defendants. | § § § § § § | |

**MOTION TO INTERVENE OF LIPPE & ASSOCIATES AND SUPPORTING BRIEF**

TO THE HONORABLE STACEY G.C. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE::

**MOTION TO INTERVENE OF LIPPE & ASSOCIATES AND SUPPORTING BRIEF - Page 1**

Lippe & Perry, P.C., d/b/a Law Offices of Lippe & Associates (hereafter "Lippe & Associates"), hereby files this Motion to Intervene, and Supporting Brief, and moves to intervene as a plaintiff-intervenor in this action, pursuant to Federal Bankruptcy Rule 7024 and Federal Rules of Civil Procedure 24(a)(2) and 24(b). In support of this motion, Lippe & Associates would show as follows:

## I. THE COMPLAINT

Concurrent to the filing of this motion, pursuant to Rule 24(c) of the Federal Rules of Civil Procedure, Lippe & Associates tenders its Original Complaint in Intervention, which is supported by the Affidavit of Emil Lippe, Jr., attached hereto as Exhibit "1" and incorporated by this reference. For the purpose of preventing duplication between the filings, Lippe & Associates hereby incorporates by this reference the factual allegations of its Original Complaint in Intervention in support of this Motion to Intervene.

## II. PROCEDURAL JURISDICTION

This Court has jurisdiction over the parties and this controversy under 28 U.S.C. §§157 and 1334. The claims herein arise out of and relate to the claims of the non-Trustee Plaintiffs in this adversary proceeding, in that this Intervenor has an interest in the claims being asserted herein on behalf of the non-Trustee Plaintiffs. This adversary proceeding is a core proceeding under 28 U.S.C.§157(b)(2)(J).

## III. BACKGROUND FACTS [1]

Lippe & Associates' intervention revolves around its representation of Ronald Katz,

---

[1] Additional background facts are contained within the Original Complaint in Intervention filed concurrent to this Motion and all facts as supported by the Affidavit of Emil Lippe, Jr. and the attachments thereto.

**MOTION TO INTERVENE OF LIPPE & ASSOCIATES AND SUPPORTING BRIEF - Page 2**

Humitech Development Corporation,[2] King Louie Mining Company, LLC., and King Louie Mining Enterprises, LLC ("Intervention Defendants") in connection with two matters, an arbitration proceeding and resulting appellate proceedings,[3] and the litigation and bankruptcy proceedings herein.[4] During this representation, Katz, who operated the entities as his alter egos, promised to pay Lippe & Associates from any recovery resulting from any of the matters on which it was representing him, specifically included but not limited to this adversary proceeding, asserting specifically that Lippe & Associates would be paid first, prior to the funds being used for any other purpose, from any recovery herein.  Such course of conduct was previously utilized in other matters on which Lippe & Associates was representing Katz and his companies.

In early June, 2013, Lippe & Associates was abruptly terminated from representation of the Intervention Defendants by Katz. As of June 11, 2013, the total amount of fees and expenses owed

---

[2]  Although not a named party in these bankruptcy proceedings, Humitech Development Corporation was one of the plaintiffs in the New York litigation that resulted in the judgment that is the basis of the claims of Katz, King Louie Mining, and King Louie Enterprises herein. Humitech Development was involved in the transactions involving Katz and the King Louie entities and Comu.

[3]  The arbitration proceeding was formerly pending before JAMS, styled *Humitech Development Corporation v. Alan Perlman, et al.,* Binding Arbitration Reference #1310017349, with proceedings filed in Texas State District Court, styled *Humitech Development Corporation vs. Alan Perlman et al*; Cause No. 09-09266J, in the 191st District Court, Dallas County, Texas, presently on appeal, styled *Humitech Development Corporation et al. v. Alan Perlman, et al.*, Cause No. 05-12-00857-CV, in the Fifth District Court of Appeals at Dallas, Texas (hereafter collectively "arbitration proceedings").

[4]  This representation included representation in the District Court, styled *King Louie Mining, LLC, King Louie Enterprises, LLC, and Ronald Katz v. Cengiz Jan Comu a/k/a CJ Comu,* Cause No. 09-09681-G, pending in the 134th District Court of Dallas County, Texas, claims in the Chapter 7 proceedings styled *In re Cengiz J. Comu aka CJ Comu*, Cause No. 09-38820-sgj7, pending in the United States Bankruptcy Court for the Northern District of Texas, and the Adversary Proceeding, styled  *Diane G. Reed, et al. v. Cengiz J. Comu a/k/a CJ Comu*, adversary number 10-03269-sgj, pending in the United States Bankruptcy Court for the Northern District of Texas (hereafter collectively "bankruptcy proceedings").

**MOTION TO INTERVENE OF LIPPE & ASSOCIATES AND SUPPORTING BRIEF - Page 3**

by Katz for the legal services rendered in the Arbitration Proceedings and the Bankruptcy Proceedings is the sum of $361,363.70, plus liability for court reporter's fees not yet billed. Lippe & Associates provided substantial and valuable services to the Intervention Defendants and, at all times, the Intervention Defendants readily encouraged and accepted these valuable legal services. Lippe & Associates has represented the Intervention Defendants for years and relied to its detriment on Katz' promise to pay Lippe & Associates' accrued fees.

Lippe & Associates has a direct interest in this litigation as Katz has promised to pay Lippe & Associates out of the money recovered herein prior to using the funds for any other purpose. Katz has repeatedly stated that he is suffering cash flow problems and Lippe & Associates reasonably believes that its ability to collect upon this debt will be substantially impaired if it is not allowed to intervene in this litigation.

## IV. ARGUMENT

### a. Lippe & Associates may intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure.

To intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest  must be inadequately represented by the existing parties to the suit. *Keith v. St. George Packing Co., Inc.*, 806 F.2d 525, 526 (5th Cir. 1986). Fifth Circuit precedent establishes further that "the inquiry under [Rule 24(a)(2)] is a flexible one, which focuses on the particular facts and circumstances surrounding each application. . . . [and] intervention of right must be measured by a practical rather than technical yardstick." *United States v. Allegheny-Ludlum*

**MOTION TO INTERVENE OF LIPPE & ASSOCIATES AND SUPPORTING BRIEF - Page 4**

*Indus., Inc.*, 517 F.2d 826, 841 (5th Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S. Ct. 1684, 48 L. Ed. 2d 187 (1976).

### *(1) Timeliness*

Lippe & Associates was terminated from representing the Intervention Defendants in June 2013 and immediately made demand for payment of its fees. After it became clear that Katz was not going to satisfy the debt, Lippe & Associates immediately prepared and filed this intervention. As such, the intervention is timely. This intervention will not affect the final disposition of the primary claims in this adversary proceeding.

### *(2) Interest in the Property or Transaction*

The Fifth Circuit has held that an attorney with a contingency fee agreement, **or one who has otherwise sufficiently worked on a matter to establish an interest in a case**, may intervene as a matter of right under Rule 24. *See Gilbert v. Johnson*, 601 F.2d 761 (5th Cir. 1979); *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970); *see also Bibles v. City of Irving*, 2009 U.S. Dist. LEXIS 67462 (N.D. Tex. July 28, 2009). Katz has provided Lippe & Associates with an interest in this case by promising to pay Lippe & Associates first from any funds recovered herein. Lippe & Associates specifically relied on this promise during, and in continuing, its representation of Katz. Lippe & Associates has provided substantial value and effort in this particular case, and through such work, and the promises of Katz, has a direct, substantial, and legally protectable interest in the case. *See Id.*

### *(3) Impaired Ability to Protect its Interest*

Katz' promises to pay Lippe & Associates first out of the results of this case were made while explaining his ongoing financial difficulties, which he claimed kept him from paying his attorneys on a timely basis. Katz has emphatically explained in great detail, giving specific reasons, why he

**MOTION TO INTERVENE OF LIPPE & ASSOCIATES AND SUPPORTING BRIEF - Page 5**

is not in the financial position, absent his claims in this case, to extinguish his liabilities to Lippe & Associates, which details can be made known to the Court if necessary to support this intervention. Katz made these promises with the actual knowledge that Lippe & Associates would rely on the same and continue its valuable work on his behalf, and Lippe & Associates did in fact rely thereon, to its detriment..

As has been recognized in this Circuit, forcing an attorney to litigate an interest in a suit in a separate lawsuit can lead to the impairment of the attorney's ability to collect upon the interest. *Gaines*, 434 F.2d at 54. This is of particular importance in this case as Katz has indicated other debts and liabilities, and seemingly stands on shaky financial ground, and the likelihood that he would dispose of the recovery herein in a manner other than as promised to Lippe & Associates is great. By the time Lippe & Associates obtained its judgment against Katz in another court, there is a real likelihood, based on Katz' own admissions, that there would be no ability for Lippe & Associates to recover upon Katz' debt because the money would be long gone.

Further, this Court has the greatest amount of knowledge as to the work Lippe & Associates has undertaken herein, both with respect to determination of the reasonable value of the services rendered, and with respect to any defenses asserted to Katz' liability for the fees.. Filing the suit in another court would require substantial additional, duplicative legal work merely to bring other litigation to the same point this current suit sits. This duplicative work is  an unnecessary burden to the judicial system and to all parties herein and impedes Lippe & Associates' ability to protect its interest.

### (4) Interests Not Represented by Current Parties

Though Lippe & Associates and the Intervention Defendants are aligned to the extent that both want the Intervention Defendants to be successful in the underlying litigation herein, given that

**MOTION TO INTERVENE OF LIPPE & ASSOCIATES AND SUPPORTING BRIEF - Page 6**

Lippe & Associates has been terminated by Katz, Katz does not share any interest with Lippe & Associates related to paying Lippe & Associates first from the potential recovery herein. Katz' actions in terminating Lippe & Associates and not paying his debt despite proper demand indicate his clear intention to attempt to avoid his contractual obligations to Lippe & Associates. Indeed, as Lippe & Associates has brought suit herein against Katz and his alter egos, there can be no doubt that the interests of the parties are no longer aligned.

Given the specific facts of this case, Lippe & Associates may intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure to protect its interest in being paid from the proceeds of this case, to which Lippe & Associates contributed substantial and measurable benefit. Because Katz has terminated Lippe & Associates, and because Katz has described himself as suffering cash-flow issues, Lippe & Associates must intervene to protect its right to payment for the services rendered herein and in the Arbitration Proceedings.

> **b.    Alternatively, to prevent great judicial and economic waste, Lippe & Associates should be permitted to intervene under Rule 24(b) of the Federal Rules of Civil Procedure as there is a common nucleus of facts between the fee dispute and the adversary proceeding.**

"Permissive intervention is wholly discretionary." *Kneeland v. National Collegiate Athletic Asso.*, 806 F.2d 1285, 1289 (5th Cir.)*(citing New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir.) (en banc).  Though wholly discretionary, in the Fifth Circuit, courts consider when deciding on a Rule 24(b) permissive intervention motion, among other factors, whether the intervenors' interests are adequately represented by other parties, and whether intervention will unduly delay the proceedings or prejudice existing parties. *Id.* (internal citations removed). Additionally, a motion for permissive intervention must be timely. FED. R. CIV. PRO. 24(b).

**MOTION TO INTERVENE OF LIPPE & ASSOCIATES AND SUPPORTING BRIEF - Page 7**

As discussed above, this motion is timely and Lippe & Associates's interests are not adequately represented by the other parties in this lawsuit. Further, the issues that Lippe & Associates are relatively simple and will not cause substantial delay or prejudice to the existing parties. Lippe & Associates is confident that, however the Court might choose to proceed with case, Lippe & Associates would not hinder or delay any aspect of the same.

Further, judicial efficiency greatly supports the permissive intervention of Lippe & Associates. *See e.g. Int'l Design Concepts, LLC v. Saks, Inc.*, 486 F. Supp. 2d 229, 235 (S.D.N.Y. 2007) (recognizing the role of efficiency in Rule 24(b) interventions). This Court, more than any other, is acutely aware of the work Lippe & Associates has done on behalf of Katz and the other Intervention Defendants. To the extent there is any dispute as to the quality or quantity of Lippe & Associates work, there is no better place to have the dispute than the Court in which the majority of the work was done. It would take substantial effort, time, and money merely to bring any other court up to the level of knowledge that this Court already possesses about the matters covered in the intervention. For all involved parties, this Court is clear choice for a quick and efficient resolution to the fee dispute. As such, Lippe & Associates respectfully requests that the Court permit Lippe & Associates to intervene in this action under Rule 24(b) of the Federal Rules of Civil Procedure.

## V. CONCLUSION

Under the specific factual scenario of this case, where Katz has promised, to Lippe & Associates' detriment, that Lippe & Associates would be first paid out of the results of this litigation, Lippe & Associates may intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. If such intervention is denied, Lippe & Associates will likely suffer dramatic injury and will have substantial difficulty ever protecting or enforcing its rights as complained in its First Complaint in Intervention.

**MOTION TO INTERVENE OF LIPPE & ASSOCIATES AND SUPPORTING BRIEF - Page 8**

Alternatively, Lippe & Associates seeks permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure under the Court's discretion to prevent substantial judicial waste and avoid the aforementioned severe injury. This Court is best situated to resolve the dispute raised in the intervention and the only parties opposing this motion are those being sued under the intervention.

WHEREFORE, Lippe & Associates prays that the Court grant this Motion to Intervene under Rule 24(a) of the Federal Rules of Civil Procedure, or alternatively grant the Motion under Rule 24(b), and further seeks any general relief the Court might deem necessary in the interest of justice.


Respectfully submitted,


Law Offices of
LIPPE & ASSOCIATES


By:      /s/ Emil Lippe, Jr.
Emil Lippe, Jr.
State Bar No. 12398300
Plaza of the Americas, South Tower
600 N. Pearl Street, Suite S2460
Dallas, Texas 75201
Telephone:      214-855-1850
Fax:      214-720-6074

ATTORNEYS FOR PLAINTIFF


**MOTION TO INTERVENE OF LIPPE & ASSOCIATES AND SUPPORTING BRIEF - Page 9**

### CERTIFICATE OF CONFERENCE

Counsel for Lippe & Associates has contacted counsel for Defendants Cengiz J. Comu a/k/a Cj Comu, Sunset Pacific, L.P., The Barclay Group, Inc., TKY Trust, Daptco Trust, Marathon Management Limited Company, Regus Advisors, Inc., Phyllis E. Comu, and Bernard D. Brown, and has been informed that this motion is UNOPPOSED.  Counsel for Lippe & Associates has contacted counsel for the Intervention Defendants Ronald Katz, Humitech Development Corporation, King Louie Mining Company, LLC., and King Louie Mining Enterprises, LLC, and has been informed that this motion is OPPOSED.  Counsel for Lippe & Associates has contacted counsel for the Trustee, Diane Reed, and has been informed that this motion is UNOPPOSED.



/s/ Emil Lippe, Jr.

### CERTIFICATE OF SERVICE

I hereby certify that this instrument / document has been filed electronically through the United States Electronic Court File (ECF) system and that the instrument / document has been delivered electronically to all counsel of record for the parties herein, on this 19th day of July, 2013.

/s/ Emil Lippe, Jr.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
|  | § |  |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO. 09-38820-sgj7 |
|  | § |  |
| Debtor. | § |  |

---

|  |  |  |
|---|---|---|
| DIANE G. REED, TRUSTEE OF THE | § |  |
| ESTATE OF CENZIG J. COMU, KING | § |  |
| LOUIE MINING, LLC, KING | § |  |
| LOUIE ENTERPRISES, LLC, AND | § |  |
| RONALD KATZ, | § |  |
|      Plaintiffs and Intervenor, | § |  |
| v. | § |  |
|  | § |  |
| CENGIZ J. COMU a/k/a CJ COMU, | § |  |
| SUNSET PACIFIC, L.P., THE BARCLAY | § |  |
| GROUP, INC., TKY TRUST, DAPTCO | § | ADVERSARY NO. 10-03269-sgj |
| TRUST, MARATHON MANAGEMENT | § |  |
| LIMITED COMPANY, REGUS | § |  |
| ADVISORS, INC., PHYLLIS E. COMU, | § |  |
| and BERNARD D. BROWN, | § |  |
|     Defendants. | § |  |
|  | § |  |
| LIPPE & PERRY, P.C., d/b/a | § |  |
| LAW OFFICES OF LIPPE & | § |  |
| ASSOCIATES, | § |  |
|     Plaintiff-Intervenor, | § |  |
| v. | § |  |
|  | § |  |
| RONALD KATZ, KING LOUIE MINING, | § |  |
| LLC, KING LOUIE ENTERPRISES, LLC, | § |  |
| AND HUMITECH DEVELOPMENT | § |  |
| CORPORATION, | § |  |
|     Defendants. | § |  |

**COMPLAINT IN INTERVENTION OF LIPPE & ASSOCIATES**

TO THE HONORABLE STACEY G.C. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE::

Lippe & Perry, P.C., d/b/a Law Offices of Lippe & Associates (hereafter "Lippe &

**COMPLAINT IN INTERVENTION OF LIPPE & ASSOCIATES - Page 1**

000512

Associates") complains of Ronald Katz and Humitech Development Corporation, as Defendants (hereafter "Defendants").

### Parties, Venue, and Jurisdiction

1.       Lippe & Perry, P.C., d/b/a Law Offices of Lippe & Associates is a Texas professional corporation with principal offices and place of business in Dallas, Dallas County, Texas.

2.       Defendant Ronald Katz is an individual resident of the State of Florida and has engaged, and continues to engage, in business in the State of Texas but does not maintain a regular place of business or a registered agent in Texas. Accordingly, Ronald Katz may be served through the Texas Secretary of State by certified mail at Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079. The Texas Secretary of State is then requested to forward service to Ronald Katz at 347 Don Shula Dr., Miami Gardens, Florida, or 5441 Steeple Chase, Boca Raton, FL 33496.

3.       Defendant Humitech Development Corporation is a foreign corporation conducting business in the State of Texas, formerly having its principal place of business in Dallas, Texas, but which does not maintain a registered agent in the State of Texas. Accordingly, Humitech Development Corporation may be served through the Texas Secretary of State by certified mail at Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079. The Texas Secretary of State is then requested to forward service to Humitech Development Corporation through its President and owner, Ronald Katz, at 347 Don Shula Dr., Miami Gardens, Florida, or 5441 Steeple Chase, Boca Raton, FL 33496.

4.       Defendant King Louie Mining Company, LLC, is a foreign limited liability company conducting business in the State of Texas, but which does not maintain a registered agent in the State of Texas. Accordingly, King Louie Mining Company, LLC, may be served through the Texas Secretary of State by certified mail at Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.

**COMPLAINT IN INTERVENTION OF LIPPE & ASSOCIATES - Page 2**

The Texas Secretary of State is then requested to forward service to King Louie Mining Company, LLC, through its President and owner, Ronald Katz, at 347 Don Shula Dr., Miami Gardens, Florida, or 5441 Steeple Chase, Boca Raton, FL 33496.

5.     Defendant King Louie Mining Enterprises, LLC, is a foreign limited liability company conducting business in the State of Texas, but which does not maintain a registered agent in the State of Texas. Accordingly, King Louie Mining Enterprises, LLC, may be served through the Texas Secretary of State by certified mail at Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079. The Texas Secretary of State is then requested to forward service to King Louie Mining Enterprises, LLC, through its President and owner, Ronald Katz, at 347 Don Shula Dr., Miami Gardens, Florida, or 5441 Steeple Chase, Boca Raton, FL 33496.

6.     This Court has jurisdiction over the parties and this controversy under 28 U.S.C. §§157 and 1334. The claims herein arise out of and relate to the claims of the non-Trustee Plaintiffs in this adversary proceeding, in that this Intervenor Plaintiff has an interest in the claims being asserted herein on behalf of the non-Trustee Plaintiffs. This adversary proceeding is a core proceeding under 28 U.S.C.§157(b)(2)(J).

7.     Venue of this proceeding is proper under 28 U.S.C.§1409.

**Background Facts**

8.     This is a suit for unpaid legal fees and expenses owed by the Defendants herein to the Plaintiff.

9.     Since 2008, Plaintiff has represented Defendants in connection with the arbitration proceedings formerly pending before JAMS, styled *Humitech Development Corporation v. Alan Perlman, et al.,* Binding Arbitration Reference #1310017349, with proceedings filed in Texas State District Court, styled *Humitech Development Corporation vs. Alan Perlman et al*; Cause No. 09-

**COMPLAINT IN INTERVENTION OF LIPPE & ASSOCIATES - Page 3**

09266J, in the 191st District Court, Dallas County, Texas, presently on appeal, styled *Humitech Development Corporation et al. v. Alan Perlman, et al.*, Cause No. 05-12-00857-CV, in the Fifth District Court of Appeals at Dallas, Texas (hereafter collectively "arbitration proceedings").  Since approximately May, 2009, Plaintiff has represented Defendants in connection with attempts to collect upon a foreign judgment against Debtor CJ Comu, in connection with the litigation  formerly pending in the District Court, styled *King Louie Mining, LLC, King Louie Enterprises, LLC, and Ronald Katz v. Cengiz Jan Comu a/k/a CJ Comu*, Cause No. 09-09681-G, pending in the 134th District Court of Dallas County, Texas, claims in the Chapter 7 proceedings styled *In re Cengiz J. Comu aka CJ Comu*, Cause No. 09-38820-sgj7, pending in the United States Bankruptcy Court for the Northern District of Texas, and the Adversary Proceeding, styled  *Diane G. Reed, et al. v. Cengiz J. Comu a/k/a CJ Comu*, adversary number 10-03269-sgj, pending in the United States Bankruptcy Court for the Northern District of Texas (hereafter collectively "bankruptcy proceedings").

10.     Plaintiff has also represented Defendants and other Katz-owned or controlled entities beginning even before 2008.  Over a period of years, Katz has accumulated a large debt to Plaintiff for legal representation of him and his various entities, all arising from his having invested in and having extended a loan to a company previously controlled by Comu known as Humitech International Group, Inc., formerly based in Dallas, Texas.  On information and belief, Katz has dominated and controlled all of these entities, without observing proper corporate formalities, and all of them, including the entities being sued herein, are his alter egos.  Further on information and belief, he has managed all of them for a common purpose, and has commingled assets and funds between the same.

11.     For several years, Katz has repeatedly promised and assured Plaintiff that the first monies collected from any of the defendants against whom Plaintiff was asserting claims on behalf

**COMPLAINT IN INTERVENTION OF LIPPE & ASSOCIATES - Page 4**

of Katz and his companies would be applied to payment of the past-due fees and expenses owed to Plaintiff. This was actually done in two prior instances where monies collected pursuant to claims being asserted on behalf of Katz and his companies were applied in full to the fees and expenses owed to Plaintiff. Katz repeatedly promised and assured Plaintiff that upon the collection of one of either of the large claims being pursued on his behalf, specifically both the arbitration proceedings and the bankruptcy proceedings, Plaintiff's accumulated fees and expenses owed in connection with both the arbitration proceedings and the bankruptcy proceedings would be paid in full from such recovery. Based upon prior performance and the established course of dealings between the parties,, Plaintiff reasonably believed such promises and relied thereon to its detriment.

12.    Most recently, at the time that current counsel herein for Katz and his related entities was retained, Greenberg Traurig, Katz specifically promised Lippe that retention of such firm would result in an earlier collection from Comu, that such firm would work with Plaintiff in representation of Katz herein, and that upon collection of Katz's claims against Comu, Plaintiff's accumulated fees and expenses in both matters would be paid in full from the proceeds realized. In Katz's own words: "You'll be paid sooner for all of the money that I owe you."

13.    Katz has continuously represented his willingness and intention to pay Plaintiff in full for all accumulated fees and expenses, and has from time to time sent payments on his past due accounts with Plaintiff. He has repeatedly stated, however, that he is experiencing very severe cash flow problems resulting from numerous causes, which he explained to Plaintiff in great detail, and which detail can be furnished to the Court if necessary. These other problems were stated to be the reason for not paying Plaintiff in full for the past due fees and expenses, and Plaintiff was repeatedly reassured of Katz's intention to pay Plaintiff in full for all that was owed. The intermittent payments, coupled with the assurance that any monies recovered in either the arbitration proceedings

**COMPLAINT IN INTERVENTION OF LIPPE & ASSOCIATES - Page 5**

or the bankruptcy proceedings would first be applied to payment in full of Plaintiff's fees and expenses, were relied upon as proof of Katz's good faith and honorable intentions.  Plaintiff has relied upon Katz's repeated and frequent promises and reassurances that Plaintiff would ultimately be paid in full, to its detriment.  Katz has now abruptly and without advance warning terminated Plaintiff's representation,  and now is acting as if he is not intending to pay Plaintiff what he owes. Plaintiff reasonably fears, therefore,  that unless it is allowed to intervene herein and recover directly from the payment of claims to Katz and his related entities, that ultimate collection of the very substantial amount of past due fees and expenses owed may be impossible or impracticable, because of the fact that, as represented by Katz, he has multiple other major financial obligations, that Katz's other obligations could cause garnishment of funds received by him, and because he resides and works out of state and is difficult to locate from time to time.

14.     In connection with such prior representations and promises, Defendants promised to pay Plaintiff a reasonable fee for the legal services which it was rendering, and to reimburse Plaintiff for the expenses which it incurred, and Plaintiff relied upon such representations, which were material, to Plaintiff's substantial detriment.

15.     Plaintiff provided the reasonable and necessary legal services required for appropriate and proper representation of the Defendants in the various legal matters and provided valuable services to Defendants at their special instance and request.  Defendants agreed and promised to pay the reasonable hourly rates for legal representation by Plaintiff, and all billings for fees were based upon reasonable hourly rates. Plaintiff also advanced expenses on behalf of Defendants, which Defendants agreed to pay.

16.     The reasonable charges for the legal services performed by Plaintiff were submitted to Defendants by regular monthly statements itemizing the services rendered and expenses incurred.

**COMPLAINT IN INTERVENTION OF LIPPE & ASSOCIATES - Page 6**

Such statements were due upon receipt.  As of June 11, 2013, the total amount of fees and expenses owed by Defendants is the sum of $361,363.70, plus liability for court reporter's fees not yet billed.

17.     The Affidavit of Emil Lippe, Jr., in support hereof is attached hereto as Exhibit "A" and incorporated herein this reference, with attached itemized statements, attached as Exhibits "1" and "2" to the Affidavit of Emil Lippe, Jr., of the unpaid fees and expenses owed to Plaintiff and incurred through June, 2013. Such charges as shown on such statements and set forth in such affidavit are past due and owing to Plaintiff, after allowance of all payments, and all just and lawful offsets and credits.

18.     In consideration of these valuable services provided to Defendants, on which systematic records have been kept, Defendants promised and agreed to pay, and became bound and liable to pay Plaintiff the total principal balance of $361,363.70 for fees and expenses incurred through June, 2013, such amount being a reasonable charge for such services, and for expenses which were reasonably and necessarily incurred, as further shown on the attached Exhibits "1" and "2" to the Affidavit of Emil Lippe, Jr.  The unpaid fees and expenses incurred, and all payments and credits thereon, are shown on such exhibits, and the fees and expenses shown thereon were no higher then the usual, customary, reasonable, and necessary fees at the times and places performed.

19.     Despite numerous written and verbal demands by Plaintiff upon Defendants for payment, Defendants have failed and refused to pay the accounts, to Plaintiff's damages in the total amount of $361,363.70, plus prejudgment interest to the maximum extent allowed by law as alleged below.

20.     More than thirty (30) days have elapsed since Defendants have been duly presented both verbally and in writing with Plaintiff's claims for said sums so owing, and Defendants have wholly failed and refused to pay said sums.  Plaintiff has made numerous verbal and written demands

**COMPLAINT IN INTERVENTION OF LIPPE & ASSOCIATES - Page 7**

for payment of the accounts prior to suit and more than thirty (30) days prior to trial, and therefore proper demand and presentment has been made as required by Chapter 38 of the Texas Civil Practice and Remedies Code.

21.    All conditions precedent regarding recovery of the amounts claimed have been performed or have occurred, or have been waived by Defendants.

**COUNT I**

**BREACH OF CONTRACT**

22.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 21 above as if the same were fully set forth herein.

23.    This is a cause of action for breach of contract.

24.    Defendants promised to pay Plaintiff for the legal services which it was rendering, and to reimburse Plaintiff for the expenses which it incurred on their behalf in the arbitration proceedings and the bankruptcy proceeding.  Plaintiff rendered legal services for and on behalf of Defendants for which they became obligated to pay.

25.    Plaintiff has fully performed its obligations to furnish legal services to Defendants, and Defendants have failed and refused to pay Plaintiff for its legal representation, to Plaintiff's total damage in the sum of $361,363.70, for which Plaintiff demands judgment of and from Defendants, jointly and severally.

26.    Because such illegal actions of Defendant constitute a breach of contract, Plaintiff further seeks recovery, pursuant to §38.001 of the Texas Civil Practice and Remedies Code, of its reasonable and necessary attorneys' fees incurred in connection with this suit, for all actions in this Court, the District Court, the Court of Appeals, and the Supreme Court, to be assessed jointly and severally against Defendants.

**COMPLAINT IN INTERVENTION OF LIPPE & ASSOCIATES - Page 8**

## COUNT II.

## SWORN ACCOUNT

27.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 26 above as if the same were fully set forth herein.

28.     This is a suit on sworn account pursuant to Texas law.

29.     The reasonable charges for the legal services performed by Plaintiff were submitted to Defendants by regular monthly statements itemizing the services rendered and expenses incurred. Such statements were due upon receipt.  The Affidavit of Emil Lippe, Jr., in support hereof is attached hereto as Exhibit "A" and incorporated herein this reference, with attached itemized statements, attached as Exhibits "1" and "2" to the Affidavit of Emil Lippe, Jr., of the unpaid fees and expenses owed to Plaintiff and incurred through June, 2013. Such charges as shown on such statements and set forth in such affidavit are due and owing to Plaintiff, after allowance of all payments, and all just and lawful offsets and credits, and the same is past due and owing.

30.     Plaintiff further seeks recovery, pursuant to §38.001 of the Texas Civil Practice and Remedies Code, of its reasonable and necessary attorneys' fees incurred in connection with this suit, for all actions in this Court, the District Court, the Court of Appeals, and the Supreme Court, to be assessed jointly and severally against Defendants.

## COUNT III

## QUANTUM MERUIT

31.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 30 above as if the same were fully set forth herein.

32.     In the alternative, Plaintiff is entitled to recover in *quantum meruit* from Defendants for the reasonable value of all services performed.

**COMPLAINT IN INTERVENTION OF LIPPE & ASSOCIATES - Page 9**

33.     Plaintiff rendered valuable legal services to, and on behalf of, Defendants, with the reasonable expectation that it would be paid the reasonable value therefor.  Defendants accepted the valuable services, fully aware of Plaintiff's expectation of payment.  Defendants would be unjustly enriched if they are allowed to receive the benefit from the legal services provided and not be required to pay the reasonable fee therefor.

34.     In connection with the collection of the outstanding amounts, Plaintiff has employed the undersigned attorney to represent it and agreed to pay him reasonable attorney's fees for his services.  Therefore, pursuant to §38.001, *et seq.* of the Texas Civil Practice and Remedies Code, Plaintiff is entitled to its reasonable and necessary attorneys' fees for all legal representation in this Court, the District Court, the Court of Appeals, and the Supreme Court.

35.     Plaintiff further seeks recovery of prejudgment and postjudgment interest to the maximum extent provided by law.

WHEREFORE, Plaintiff prays that Defendants be served with Summons and the Complaint herein, and that, upon trial, Plaintiff recover of and from Defendants, jointly and severally,  its damages in the principal sum of $361,363.70,  that Plaintiff recover its reasonable attorneys' fees in collection with these collection proceedings for all legal representation in this Court, the District Court, the Court of Appeals, and the Supreme Court, that Plaintiff recover prejudgment and postjudgment interest at the maximum rates provided for by law, plus costs of Court, and general relief.

Respectfully submitted,


Law Offices of
LIPPE & ASSOCIATES


**COMPLAINT IN INTERVENTION OF LIPPE & ASSOCIATES - Page 10**

By:      _____/s/_____

Emil Lippe, Jr.
State Bar No. 12398300
Plaza of the Americas, South Tower
600 N. Pearl Street, Suite S2460
Dallas, Texas 75201
Telephone:        214-855-1850
Fax:       214-720-6074

ATTORNEYS FOR PLAINTIFF

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 7 |
| CENGIZ J. COMU a/k/a CJ COMU, | § § § | CASE NO.  09-38820-sgj7 |
| Debtor. | § | |

| | | |
|---|---|---|
| DIANE G. REED, TRUSTEE OF THE ESTATE OF CENZIG J. COMU, KING LOUIE MINING, LLC, KING LOUIE ENTERPRISES, LLC, AND RONALD KATZ, | § § § § § | |
| Plaintiffs and Intervenor, | § § | |
| v. | § § | |
| CENGIZ J. COMU a/k/a CJ COMU, SUNSET PACIFIC, L.P., THE BARCLAY GROUP, INC., TKY TRUST, DAPTCO TRUST, MARATHON MANAGEMENT LIMITED COMPANY, REGUS ADVISORS, INC., PHYLLIS E. COMU, and BERNARD D. BROWN, | § § § § § § § § | ADVERSARY NO. 10-03269-sgj |
| Defendants. | § § | |
| LIPPE & PERRY, P.C., d/b/a LAW OFFICES OF LIPPE & ASSOCIATES, | § § § § | |
| Plaintiff-Intervenor, | § § | |
| v. | § § | |
| RONALD KATZ, KING LOUIE MINING, LLC, KING LOUIE ENTERPRISES, LLC, AND HUMITECH DEVELOPMENT CORPORATION, | § § § § § | |
| Defendants. | § | |

## AFFIDAVIT OF EMIL LIPPE, JR.

BEFORE ME, the undersigned authority, on this day personally appeared Emil Lippe, Jr., known to me, who being by me duly sworn, deposed and stated as follows:

1.      My name is Emil Lippe, Jr. I am the President of Lippe & Perry, P.C. d/b/a The Law Offices of Lippe & Associates, a Texas professional corporation (the "Plaintiff"). I am over twenty-one years of age, have never been convicted of a felony, of sound mind, capable of making this affidavit, and personally acquainted with the facts stated herein.

2.      I am custodian of business records of the Intervention Plaintiff. Attached hereto as Exhibits "1" and "2" are 11 pages of records from the Plaintiff, representing the latest invoices from Plaintiff to the Intervention Defendants. These said 11 pages of records are kept by Plaintiff in the regular course of business, and it was the regular course of business of Plaintiff for an employee or representative of Plaintiff, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

3.      The attached records are incorporated into this affidavit as if set out fully herein. In the usual course of business, Plaintiff provided to Defendants certain services, as described in the records attached hereto. Defendants accepted such services, and were fully aware of their responsibility to pay the same. The records attached hereto describe each such service rendered, the price thereof, and the date each such service was rendered for Defendants. The price of such services was agreed to by Defendants, is the usual and customary price for such services, and the same were rendered in the usual course of business.

4.      Defendants have defaulted in paying the accounts. The balance of the account is $361,363.70,, which is the amount owed to Plaintiff by Defendants. Such claim is within the knowledge of affiant, just and true, it is due and unpaid, and all just lawful offsets, credits, or payments have been allowed.

5.      On several occasions, Plaintiff had demanded that Defendants pay the account. Payment on the just amount owing has been tendered and more than thirty (30) days have expired since presentment of the claim to Defendant.

6.      Further affiant sayeth not.

_____
EMIL LIPPE, JR.

SUBSCRIBED AND SWORN TO BEFORE ME on this 19 day of July, 2013, to certify which witness by hand and official seal.

CAREY MURPHY
My Commission Expires
November 14, 2016
NOTARY PUBLIC
STATE OF TEXAS

_____
Notary for the State of Texas

My commission expires:

11-14-16

000525

## Law Offices of Lippe & Associates

600 N. Pearl Street, Ste. S2460
South Tower, Plaza of the Americas
Dallas, TX 75201

Invoice submitted to:
King Louie Mining
c/o Ron Katz
8 Wheatley Ave.
Albertson NY 11507

June 11, 2013

In Reference To:     C.J. Comu
Invoice #               16850

Professional Services

| | | | Hours | Amount |
|---|---|---|---|---|
| 4/1/2013 | EL | Exchanging correspondence with other counsel regarding meeting; reviewing calendar and discovery work folders; telephone call David Wander | 2.20 | 990.00 |
| 4/2/2013 | EL | Exchanging correspondence with other counsel regarding meeting; telephone calls ▮▮▮ notes; research on ▮▮▮ review; telephone call Ron Katz | 2.60 | 1,170.00 |
| 4/3/2013 | EL | Telephone calls ▮▮▮ exchanging correspondence with David Elmquist; notes to file; telephone call Ron Katz and exchanging correspondence with him; exchanging correspondence with service for ▮▮▮ | 2.20 | 990.00 |
| 4/4/2013 | CH | Drafting work on discovery requests; document review; conference EL | 2.60 | 780.00 |
| | EL | Meeting with Elmquist and Olson at Olson's office; review notes and documents; receive and review correspondence telephone call Ron Katz and exchange correspondence with him; reviewing discovery work folders and drafting Comu | 3.60 | 1,620.00 |

King Louie Mining                                                                           Page    2

|  |  | | Hours | Amount |
|---|---|---|---|---|
| | | document request and ████████████; conference Corey Hyden regarding document request | | |
| 4/5/2013 | EL | Meeting at Block & Garden office; reviewing documents; conferences Dennis Olson, David Elmquist, and Chris McNeill; obtain documents for further review; telephone calls Ron Katz and exchange correspondence with him; exchanging correspondence with David Wander and place telephone call to him; finalize and send out document request to Comu and subsequent email addendum | 5.40 | 2,430.00 |
| 4/6/2013 | EL | Exchanging correspondence with Ron Katz and David Wander regarding document request and deposition scheduling | 1.30 | 585.00 |
| 4/8/2013 | EL | Telephone call David Wander; drafting demand letter to Trustee; exchanging correspondence with Ron Katz; reviewing documents received from Block & Garden; telephone call Ron Katz; reviewing████████ | 2.60 | 1,170.00 |
| 4/9/2013 | EL | Exchanging correspondence with Ron Katz and David Elmquist; reviewing documents received at April 5 meeting; preparing exhibits for Steve Evans deposition; send out copies of████████ exchanging correspondence with David Wander and place telephone call to him | 2.80 | 1,260.00 |
| 4/10/2013 | CH | Review documents related to ████████████; conference EL | 1.90 | 570.00 |
| | EL | Telephone calls David Wander; work on letter to Trustee; reviewing Olde Monmouth production to ████████ notes to file; conference Corey Hyden regarding | 2.10 | 945.00 |
| 4/11/2013 | EL | Further review of information on Green Automotive and stock sales; review discovery work folders; working on letter to Olson regarding needed discovery | 1.90 | 855.00 |
| 4/12/2013 | EL | Finalize demand letter to Trustee and████████████ ████████████ receive████████ and review████████ telephone call Ron Katz and review | 2.70 | 1,215.00 |

000527

King Louie Mining

Page 3

| | | | Hours | Amount |
|---|---|---|---|---|
| | | correspondence from him; exchanging correspondence with Ron Katz and Wander regarding ████████ | | |
| 4/15/2013 | EL | Receive and review information regarding ████████ reviewing ████████ to prepare exhibits for further depositions | 2.60 | 1,170.00 |
| 4/16/2013 | EL | Receive correspondence from Ron Katz; further review of ████████ review correspondence ████████ and conduct extensive online research on ████████ | 3.70 | 1,665.00 |
| 4/17/2013 | EL | Telephone calls ████████ telephone calls to potential witnesses; online researched on ████████ | 3.10 | 1,395.00 |
| 4/18/2013 | EL | Online research regarding ████████ | 2.20 | 990.00 |
| 4/22/2013 | EL | Telephone call Ron Katz; reviewing deposition files and exhibits; review work folders and notes; conference Corey Hyden regarding ████████ | 2.50 | 1,125.00 |
| | CH | Conference EL related to ████████ document review | 0.80 | 240.00 |
| 4/24/2013 | CH | Conference EL related to ████████ legal research | 1.60 | 480.00 |
| 4/25/2013 | EL | Telephone call Ron Katz; reviewing ████████ send list of ████████ with proposal for discovery; exchanging correspondence with Ron Katz; exchanging correspondence with David Wander; online research concerning ████████ revising demand letter to Trustee; work on letter to Olson regarding discovery matters; conference with Corey Hyden regarding ████████ | 4.40 | 1,980.00 |

000528

King Louie Mining

Page 4

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 4/25/2013 | CH | Research on ███████ telephone call to ███████ | 1.70 | 510.00 |
| 4/26/2013 | EL | Telephone calls Ron Katz; working on ███████ further online research; send draft demand letter for trustee to David Wander; exchanging correspondence with David Wander; finalize and send out letter to Olson; send correspondence to Ron Katz and David Wander | 3.90 | 1,755.00 |
| 4/28/2013 | EL | Receive and review correspondence from David Wander with ███████ | 0.50 | 225.00 |
| 4/29/2013 | EL | Revise and send out demand letter to Trustee; further online research for ███████ | 2.40 | 1,080.00 |
| 4/30/2013 | EL | Reviewing ███████; telephone calls to locate possible further information; drafting ███████ | 2.70 | 1,215.00 |
| 5/1/2013 | EL | Telephone calls and exchanging correspondence with ███████ prepare ███████ and send to Ron Katz and David Wander; reviewing discovery folders; send out deposition notices; exchanging correspondence with David Wander; telephone call Steve Evans | 3.70 | 1,665.00 |
| 5/2/2013 | EL | Reviewing ███████ conference Corey Hyden regarding ███████ review pleadings and work folders for ███████; telephone calls ███████ and review ███████ receive correspondence from ███████ telephone call to ███████ and send him ███████ | 3.60 | 1,620.00 |
| | CH | Document review related to ███████ legal research related to ███████; conference EL | 1.80 | 540.00 |
| 5/3/2013 | EL | Review Olde Monmouth files and Block & Garden closing binder; review ███████ preparation for deposition; telephone call Ron Katz; receive correspondence from David | 3.90 | 1,755.00 |

000529

King Louie Mining

Page 5

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| | | Wander; telephone call ▮▮▮ send followup correspondence to ▮▮▮ | | |
| 5/6/2013 | EL | Assemble exhibits and prepare for Evans deposition; telephone calls Ron Katz; exchanging correspondence with other counsel regarding scheduling of depositions; exchanging correspondence with ▮▮▮ | 4.40 | 1,980.00 |
| 5/7/2013 | CH | Legal research and case research related to ▮▮▮ issues | 1.60 | 480.00 |
| | EL | Review documents relating to ▮▮▮ further review of documents from ▮▮▮ conference Corey Hyden regarding ▮▮▮ preparation for and take Steve Evans deposition; exchanging correspondence regarding deposition scheduling; conference with Elmquist and Olson regarding tentative settlement structure | 5.40 | 2,430.00 |
| 5/8/2013 | EL | Review and organize files and notes; telephone calls Ron Katz; telephone call Steve Evans; exchanging correspondence with David Wander and Ron Katz | 2.30 | 1,035.00 |
| 5/9/2013 | EL | Exchanging correspondence with David Wander and Ron Katz regarding ▮▮▮ send report on ▮▮▮ | 2.40 | 1,080.00 |
| 5/10/2013 | EL | Reviewing exchanges of correspondence; send correspondence to Ron Katz and David Wander; review work folders for ▮▮▮ | 2.40 | 1,080.00 |
| 5/11/2013 | EL | Exchanging correspondence with David Wander and Ron Katz | 0.90 | 405.00 |
| 5/16/2013 | CH | Conference EL related to ▮▮▮ | 0.30 | 90.00 |
| | EL | Exchanging correspondence regarding deposition scheduling; telephone calls to other counsel | 1.20 | 540.00 |

King Louie Mining

Page 6

| Date | | Description | Hours | Amount |
|------|---|-------------|-------|--------|
| 5/20/2013 | EL | Telephone calls Ron Katz; reviewing correspondence received; preparation for deposition of Ed Baxter; reviewing Troster deposition exhibits | 5.10 | 2,295.00 |
| 5/21/2013 | EL | Prepare for and take Baxter deposition; conferences Dennis Olson and David Elmquist; telephone calls Ron Katz; two lengthy conference calls with Greenberg Traurig attorneys | 7.20 | 3,240.00 |
| 5/22/2013 | EL | Telephone calls other counsel; reviewing files and assemble to send to other counsel; telephone calls David Elmquist | 5.60 | 2,520.00 |
| | CH | Conference EL related to ███████████████ document review | 1.10 | 330.00 |
| 5/23/2013 | CH | Email correspondence; telephone call related to ████████ ████ online research related to ████████████ | 2.30 | 690.00 |
| | EL | Exchanging numerous items of correspondence with Ron Katz and new counsel; assemble documents and files and send to new counsel; telephone calls Ron Katz | 5.40 | 2,430.00 |
| 5/24/2013 | CH | Drafting motion to compel related to ███████████ ███████ legal research | 1.80 | 540.00 |
| | CH | Conference EL related to ████████████ deposition transcripts | 0.40 | 120.00 |
| | EL | Review and organize files; sending documents and files to other counsel | 5.70 | 2,565.00 |
| 5/25/2013 | EL | Received and reviewed numerous items of correspondence | 1.20 | 540.00 |
| 5/26/2013 | EL | Review correspondence received; review files to copy | 1.40 | 630.00 |
| 5/27/2013 | EL | Telephone calls other counsel and exchange correspondence; review pleadings and work folders and prepare for meeting with new counsel | 3.80 | 1,710.00 |

King Louie Mining

Page 7

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 5/27/2013 | CH | Conference EL related to ▮▮▮▮ revising draft | 0.80 | 240.00 |
| 5/28/2013 | EL | Received Baxter deposition; send out copies to other counsel; exchanging multiple copies of correspondence with new counsel; telephone calls Ron Katz; meeting with Greenberg, Traurig attorneys | 5.10 | 2,295.00 |
| 5/29/2013 | EL | Exchanging multiple items of correspondence with new law firm; review pleadings and work folders to ▮▮▮▮ | 5.20 | 2,340.00 |
| 5/30/2013 | CH | Conference EL related to ▮▮▮▮ | 0.60 | 180.00 |
| | EL | Exchanging correspondence with new law firm; review ▮▮▮▮ send ▮▮▮▮ telephone call Ron Katz | 3.80 | 1,710.00 |
| | CH | Telephone call related to ▮▮▮▮ drafting ▮▮▮▮ | 0.20 | 60.00 |
| 5/31/2013 | EL | Exchanging correspondence regarding ▮▮▮▮; telephone calls to Dennis Olson; exchanging correspondence with new law firm regarding ▮▮▮▮ send out revised | 4.30 | 1,935.00 |
| | CH | Email correspondence related to ▮▮▮▮ telephone call related to ▮▮▮▮ | 0.60 | 180.00 |
| | CH | Review scheduling order; review proposed deposition issues | 0.30 | 90.00 |
| | CH | Conference EL related to ▮▮▮▮ | 0.30 | 90.00 |
| 6/1/2013 | EL | Received correspondence | 0.60 | 240.00 |
| 6/2/2013 | EL | Received various emails from new counsel; exchanging correspondence with Ron Katz; telephone call Dennis Olson to confirm meeting time; research on ▮▮▮▮ | 3.20 | 1,280.00 |

King Louie Mining

Page 8

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 6/3/2013 | CH | Reviewing notes ███████; conference EL; email correspondence; template work on ███████ | 2.30 | 690.00 |
|  | EL | Organizing files; telephone calls to new counsel for KLM; telephone calls not returned; online research | 2.60 | 1,040.00 |
| 6/4/2013 | CH | Developing ████████████ conference EL | 1.40 | 420.00 |
|  | EL | Telephone call from Ron Katz; organizing files; reviewing files for transfer | 3.40 | 1,360.00 |
| 6/5/2013 | EL | Organize and review files; receive and review correspondence | 3.20 | 1,280.00 |
| 6/6/2013 | EL | Organizing files to turn over to new counsel; copying electronic files | 4.80 | 1,920.00 |
| 6/7/2013 | EL | Organizing files to turn over to new counsel; review correspondence received; retrieve files from offsite storage | 4.20 | 1,680.00 |
| 6/8/2013 | EL | Review and organize files; retrieve files from offsite storage | 3.80 | 1,520.00 |
| 6/9/2013 | EL | Review and organize files; retrieve files from offsite storage | 3.20 | 1,280.00 |
| 6/10/2013 | EL | Review and organize files; retrieve files from offsite storage; send ████████████ exchanging correspondence with new counsel | 6.50 | 2,600.00 |

For professional services rendered                                                  201.30   $85,150.00

Additional Charges :

6/16/2009   Administrative Office of the Courts, Inv. 55312                                      30.00

3/6/2013   Travel Expense for Olde Monmouth deposition--rental car, airline charges, meals        456.66

000533

King Louie Mining

Page    9

| | | Amount |
|---|---|---:|
| 4/26/2013 | Secretary of State Batch Number 47763889 | 3.00 |
| 4/29/2013 | Freedom Reporting | 536.95 |
| 5/22/2013 | Miscellaneous Expense-Peoplefinders | 14.85 |
| 5/28/2013 | Court reporters' fees - United American Reporting Services, Invoice #105771 | 283.30 |
| | Miscellaneous Expense - Secretary of State 5/28/13 (2) | 5.00 |
| 6/10/2013 | Copying cost cumulative | 1,216.00 |
| | Total additional charges | $2,545.76 |
| | Total amount of this bill | $87,695.76 |
| | Previous balance | $137,226.19 |
| | Balance due | $224,921.95 |

Timekeeper Summary

Name
Emil Lippe, Jr.
Corey Hyden

000534

## Law Offices of Lippe & Associates

600 N. Pearl Street, Ste. S2460
South Tower, Plaza of the Americas
Dallas, TX 75201

Invoice submitted to:
Humitech Development Corporation
c/o Ron Katz
8 Wheatley Ave.
Albertson NY 11507

June 11, 2013

In Reference To:     Perlman
Invoice #            16851

Professional Services

|  |  | Hours | Amount |
|---|---|---|---|
| 3/11/2013 EL | Received notice from court of appeals | 0.30 | 135.00 |
| 3/21/2013 CH | Review supplemental record documents and order | 1.00 | 300.00 |
| | For professional services rendered | 1.30 | $435.00 |

Additional Charges :

| | | | |
|---|---|---|---|
| 2/8/2013 ProDoc-eFiling | | | 24.28 |
| | Total additional charges | | $24.28 |
| | Total amount of this bill | | $459.28 |
| | Previous balance | | $135,982.47 |
| | Balance due | | $136,441.75 |

000535

Humitech Development Corporation                                      Page     2

Timekeeper Summary

Name
Emil Lippe, Jr.
Corey Hyden

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
|  | § |  |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO.  09-38820-sgj7 |
|  | § |  |
| Debtor. | § |  |

|  |  |  |
|---|---|---|
| DIANE G. REED, TRUSTEE OF THE | § |  |
| ESTATE OF CENZIG J. COMU, KING | § |  |
| LOUIE MINING, LLC, KING | § |  |
| LOUIE ENTERPRISES, LLC, AND | § |  |
| RONALD KATZ, | § |  |
|    Plaintiffs and Intervenor, | § |  |
| v. | § |  |
|  | § |  |
| CENGIZ J. COMU a/k/a CJ COMU, | § |  |
| SUNSET PACIFIC, L.P., THE BARCLAY | § |  |
| GROUP, INC., TKY TRUST, DAPTCO | § | ADVERSARY NO. 10-03269-sgj |
| TRUST, MARATHON MANAGEMENT | § |  |
| LIMITED COMPANY, REGUS | § |  |
| ADVISORS, INC., PHYLLIS E. COMU, | § |  |
| and BERNARD D. BROWN, | § |  |
|    Defendants. | § |  |
|  | § |  |
| LIPPE & PERRY, P.C., d/b/a | § |  |
| LAW OFFICES OF LIPPE & | § |  |
| ASSOCIATES, | § |  |
|    Plaintiff-Intervenor, | § |  |

**ORDER** - PAGE 1

000537

v.                                          §
                                            §
RONALD KATZ, KING LOUIE MINING,   §
LLC, KING LOUIE ENTERPRISES, LLC,   §
AND HUMITECH DEVELOPMENT          §
CORPORATION,                              §
                    Defendants.            §

## ORDER

On this day, the Court considered the Motion to Intervene of Lippe & Associates and Supporting Brief.  Upon due consideration, the Court is of the opinion that the following Order should be entered.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Motion to Intervene of Lippe & Associates is hereby GRANTED.

IT IS SO ORDERED.

### ###END OF ORDER###

**ORDER** - PAGE 2

Shari L. Heyen
Texas Bar No. 09564750
Email: heyens@gtlaw.com
Kendyl T. Hanks
Texas Bar No. 24032273
Email: hanksk@gtlaw.com
Charles P. Floyd
Texas Bar No. 24055487
Email: floydc@gtlaw.com
GREENBERG TRAURIG, LLP
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505

**ATTORNEYS FOR PLAINTIFFS KING LOUIE MINING, LLC,
KING LOUIE ENTERPRISES, LLC, AND RONALD KATZ**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO. 09-38820-sgj7 |
| | § | |
| DEBTOR. | § | |
| KING LOUIE MINING, LLC, *et al.*, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
| Defendant. | § | |
| DIANE G. REED, TRUSTEE, | § | |
| Intervenor, Co-Plaintiff, and | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
| Defendant, | § | |
| and | § | |
| PHYLLIS E. COMU, *et al.* | § | |
| Third-Party Defendants. | § | |

## PLAINTIFFS' RESPONSE IN OPPOSITION
## TO LIPPE & ASSOCIATES' MOTION TO INTERVENE

AUS 536250634v

000539

Plaintiffs King Louie Mining, LLC, King Louie Enterprises, LLC, and Ronald Katz (collectively, "Plaintiffs") file this response and objection to the *Motion to nter ene o Li e Associates* [Doc. 94] (the "Motion to Intervene"), and respectfully request that the Court deny such motion.

## I.
## INTRODUCTION

The Motion to Intervene is an unfortunate, groundless attempt by Plaintiffs  former counsel,[1] Lippe    Perry, P.C. d/b/a Law Offices of Lippe Associates (hereafter, "Lippe Associates," or "Movant"), to circumvent a pending state court malpractice lawsuit,[2] and interfere in this adversary proceeding in retaliation against Plaintiffs for terminating them.  The proposed complaint in intervention seeks collection of alleged unpaid legal fees and expenses in connection with various matters handled at one time by Movant on behalf of Plaintiffs.  Such matters include, in addition to this bankruptcy adversary, an arbitration proceeding, various state court litigations, and a pending appeal in Dallas state court.  The proposed complaint is thus a private dispute between two non-debtor parties (Movant, as former counsel, and Plaintiffs, as former clients)   hardly a core proceeding under Title 28.

Under established Fifth Circuit precedent, Movant s motion should be denied.  First, the Motion is not timely, as allowing Movant to intervene so late in these proceedings would be prejudicial to the parties.  Second, Movant does not have a sufficient, protectable interest relating to the property or subject of this action, and thus intervention as of right is improper under Rule 24(a)(2).  Movant was never granted an enforceable lien or security interest in the proceeds of an

---

[1] Lippe    Associates acted as Plaintiffs  counsel in this adversary proceeding until June 21, 2013.

[2] *onald at et al. . mil Li e r. et al.,* Cause No. DC-13-07982-E, pending in the 101st District Court, Dallas County (Hon. Martin Lowy, Presiding).

- 2 -

000540

eventual monetary judgment in this adversary proceeding  indeed, Movant admits in his proposed complaint that Movant provided services on an hourly fee basis, in no way connected to or contingent on the outcome of this adversary proceeding.  Finally, Movant s collection claims do not share common questions of law or fact with this adversary proceeding, and permissive intervention is likewise improper under Rule 24(b)(1)(B).

## II.
## BACKGROUND FACTS

On June 7, 2013, Plaintiffs filed their  *no   osed Motion  or   ithdra al and Su stitution o   ounsel* [Doc. 88], to replace prior counsel, Lippe    Associates, with undersigned counsel, Greenberg Traurig LLP.  The substitution was granted on June 21, 2013 [Doc. 91].  On July 19, 2013   before Movant filed the Motion to Intervene   Plaintiffs filed their *Original   etition and   e uest  or   isclosure* against Mr. Lippe and Lippe    Associates in the District Court of Dallas County, alleging causes of action including negligence, breach of fiduciary duty, fraud, and negligent misrepresentation related to Mr. Lippe s prior representation of Plaintiffs.  Greenberg Traurig does <u>not</u> represent Plaintiffs in that litigation.  Plaintiff s counsel in that litigation is Richardson    Burgess LLP.

Later that same day, Lippe    Associates filed the instant Motion to Intervene in an attempt to inject a private collection dispute into this adversary proceeding.  According to the proposed complaint in intervention, the alleged unpaid fees relate to, among other things, representations by Lippe    Associates in a large arbitration and other matters pending in various state courts unrelated to this adversary proceeding (*see* Doc. 94-1 at    9-11).  The proposed complaint in intervention further states that "all billings for fees were based upon reasonable hourly rates." *d.* at   15.

- 3 -

## III.
## ARGUMENT & AUTHORITIES

Movant s proposed claims do not establish an interest in the subject matter of this adversary proceeding, involve legal and factual matters separate from this adversary proceeding, and should be separately resolved.  As set forth in below, Movant cannot meet the requirements to intervene under Rule 24.[3]

**A.**   **M    D   N   M    R         I       M    R**

There are two ways to intervene in pending litigation: by right and by permission.  To intervene in a suit as a matter of right pursuant to Rule 24(a)(2), the intervenor must meet each of the following four criteria: (1) the application for intervention must be timely  (2) the applicant must have an interest relating to the property or transaction which is the subject of the action  (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest  and (4) the applicant s interest must be inadequately represented by the existing parties to the suit.  *Has el       a is Milling     lanting     o.  .   oard o  Le ee   omm rs o  the Orleans Le ee   ist.*, 493 F.3d 570, 578 (5th Cir. 2007).  Movant meets none of these requirements.

**.   T   M              .**

The application of four factors determines whether a motion to intervene is timely: (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene  (2) the extent of prejudice that existing parties to the litigation may suffer as a result of the would-be intervenor s

---

[3] Rule 24 of the Federal Rules of Civil Procedure applies to intervention in an adversary proceeding relating to a case under the Bankruptcy Code.  *See* FED. R. BANKR. P. 7024.  Rule 24 provides for both intervention of right and permissive intervention.  *See* FED. R. CIV. P. 24(a)-(b).

failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case  (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied  and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *Sierra  lu  .  s y*, 18 F.3d 1202, 1205 (5th Cir. 1994).

Forty-two (42) days elapsed between the filing of June 7, 2013 Motion for Withdrawal and Substitution of Counsel and the instant Motion to Intervene, filed on July 19, 2013.  Trial is currently set for the week of September 16, 2013.  Even assuming intervention is proper, which it is not, injecting new theories of recovery, a new party (*i.e.*, Movant), into a case set for trial next month would unduly prejudice the existing parties  ability to carry on the adversary proceeding by forcing them to alter trial preparations and would likely result in additional discovery (by non-debtor parties) after the deadline has passed with respect to Movant.

.    **M**            ,          ,
.

Under Rule 24(a)(2), the applicant must have an interest in the subject matter of the action.  Movant claims an "interest" in the outcome of the adversary proceeding arising out of prior work on this adversary proceeding.   However, this "interest" does not meet the requirements for intervention as a matter of right.  "In order for an interest to meet the second requirement, it must be  a ***direct, substantial, legally protectable*** interest in the proceedings. " *S. . . . Stan ord ntern.  an  Ltd.*, 429 Fed. Appx. 379, 381 (5th Cir. 2011) (citing  *e Orleans  u . Ser . nc. . nited  as  i e Line  o.*, 732 F.2d 452, 463 (5th Cir.1984)) (emphasis added).  It must be a right "which the substantive law recognizes as belonging to or being owned by" the movant.   *e  Orleans  u . Ser .  nc.*, 732 F.2d at 464.

- 5 -

000543

To try to fit within the required "direct, substantial, legally protectable interest in the proceedings," Movant makes a creative but ultimately deficient analogy between Movant s agreed upon prior hourly fee and a hypothetical contingency fee scenario.  Movant cites *aines . i ie arriers nc.*, 434 F.2d 52 (5th Cir. 1970), and *il ert . ohnson*, 601 F.2d 761 (5th Cir. 1979), for the proposition that "an attorney with a ***contingency fee agreement***, or one who has otherwise worked on a matter to establish an interest in a case, may intervene as a matter of right under Rule 24."  Doc. 94 at p. 5 (emphasis added).  These cases do not apply here, where there is no contingency agreement and the fees at issue involve a variety of non-bankruptcy representations.

In *aines . i ie arriers nc.*, the Fifth Circuit held that a contingent fee contract, which granted the law firm a contractual interest in the underlying suit and provided that neither party could dispose of the claim without prior written consent of the other party, gave the law firm a direct, legally practicable interest under Louisiana law.  *See aines*, 434 F.2d at 54 (citing L.S.A.-R.S. 37:218).  In *il ert . ohnson*, the Fifth Circuit held that a doctor s former lawyer had an interest in the doctor s litigation entitling him to intervene under Rule 24(a)(2) where, under Georgia law, the attorney had a lien on his client s cause of action for compensation due for services rendered during that matter.  *See il ert*, 601 F.2d at 767 (citing GA. CODE § 9-613).

Unlike the facts in *aines*, Movant here admits that the contractual engagement with Plaintiffs was based upon an hourly fee arrangement, not a contingency basis.  Further, Texas law is unlike the Georgia statute relied upon by the *il ert* court.  In Texas, there is no general statutory attorney s lien to secure payment of a lawyer s fee with respect to a client s litigation. *See* Professional Ethics Committee for the State Bar of Texas, Opinion No. 610 (August 2011). Finally, a significant portion of the fees Movant seeks to collect allegedly arise from non-

- 6 -

bankruptcy matters that have nothing to do with this adversary proceeding. Because Movant cannot demonstrate a direct, substantial, legally protectable interest in this adversary proceeding, Movant is foreclosed from intervening in this adversary proceeding as a matter of right.

**B.    M    D    N    M    R         P         I**

A court may allow permissive intervention if the movant demonstrates that it "has a claim or defense that shares with the main action a common question of law or fact" and that it will not "unduly delay or prejudice the adjudication of the original parties rights." FED. R. CIV. P. 24(b)(2)(B). Permissive intervention "is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *e Orleans u lic Ser ice nc. . nited as i e Line o.*, 732 F.2d 452, 470-71 (5th Cir.) (en banc) (quoting 7C C. Wright, A. Miller M. Kane, FEDERAL PRACTICE AND PROCEDURE § 1913, at 376-77 (2d ed. 1986)). In acting on a request for permissive intervention the court may consider, among other factors, whether the intervenor s interests are adequately represented by other parties. *d.* at 472.

Here, Movant s proposed collection complaint involves legal and factual matters separate and apart from this adversary proceeding. Movant s proposed collection lawsuit does not share common questions of law or fact with this adversary proceeding, and is better suited for separate litigation. Additionally, Movant s presence in this proceeding as a new party would unduly delay the resolution of this adversary proceeding and would likely be a sideshow distraction. Trial is scheduled next month. The proposed intervention would severely prejudice the adjudication of Plaintiffs rights, as Movant could, *inter alia*, attempt to commence discovery, assert new issues and/or interfere with the management of this adversary proceeding if Lippe

- 7 -

Associates was somehow granted an interest in Plaintiffs' claims. Accordingly, permissive intervention must be denied under Rule 24(b)(2)(B).

**IV.**
**CONCLUSION**

FOR THESE REASONS, Plaintiffs respectfully request that the Court deny Lippe Associates' Motion to Intervene and grant them such other and further relief as the Court deems appropriate.

DATED: August 12, 2013.

**GREENBERG TRAURIG, LLP**

By: */s/ Shari L. Heyen*

Shari L. Heyen
Texas Bar No. 09564750
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Email: heyens@gtlaw.com

Kendyl T. Hanks
Texas Bar No. 24032273
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210
Email: hanksk@gtlaw.com

Charles P. Floyd
Texas Bar No. 24055487
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email: floydc@gtlaw.com

- 8 -

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *es onse in O osition to Li e Associates Motion to nter ene* has been served upon the parties eligible to receive notice through the Court's ECF facilities by electronic mail on August 12, 2013.


*/s/ Shari L. Heyen*
Shari L. Heyen

AUS 536250634v

000547

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| | § | |
| IN RE: | § | CHAPTER 7 |
| | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO.  09-38820-sgj7 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| DIANE G. REED, TRUSTEE OF THE | § | |
| ESTATE OF CENZIG J. COMU, KING | § | |
| LOUIE MINING, LLC, KING | § | |
| LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
|      Plaintiffs and Intervenor, | § | |
| | § | |
| v. | § | |
| | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
| SUNSET PACIFIC, L.P., THE BARCLAY | § | |
| GROUP, INC., TKY TRUST, DAPTCO | § | ADVERSARY NO. 10-03269-sgj |
| TRUST, MARATHON MANAGEMENT | § | |
| LIMITED COMPANY, REGUS | § | |
| ADVISORS, INC., PHYLLIS E. COMU, | § | |
| and BERNARD D. BROWN, | § | |
|     Defendants. | § | |
| | § | |
| LIPPE & PERRY, P.C., d/b/a | § | |
| LAW OFFICES OF LIPPE & | § | |
| ASSOCIATES, | § | |
|     Plaintiff-Intervenor, | § | |
| v. | § | |
| | § | |
| RONALD KATZ, KING LOUIE MINING, | § | |
| LLC, KING LOUIE ENTERPRISES, LLC, | § | |
| AND HUMITECH DEVELOPMENT | § | |
| CORPORATION, | § | |
|     Defendants. | § | |

**REPLY BRIEF OF LIPPE & ASSOCIATES IN
SUPPORT OF ITS MOTION TO INTERVENE**

TO THE HONORABLE STACEY G.C. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE::

**REPLY BRIEF OF LIPPE & ASSOCIATES IN
SUPPORT OF ITS MOTION TO INTERVENE- Page 1**

000548

Lippe & Perry, P.C., d/b/a Law Offices of Lippe & Associates (hereafter "Lippe & Associates") hereby files this its Reply Brief in Support of its Motion to Intervene, in reply to Plaintiffs' Response to Lippe & Associates' Motion to Intervene ("Response"), and states the following.

## INTRODUCTION AND OVERVIEW

From the outset, it must be made clear that Movant is not seeking to delay or complicate the trial on the merits against Defendants.  Movant is seeking to intervene to protect its rights to collect its fees from the proceeds recovered from Defendants, and accordingly has every desire to see the underlying claims proceed expeditiously to trial and collection.   Accordingly, once the Court approves the intervention, Lippe & Associates will seek to have its claims bifurcated such that the primary claims against Defendants shall be resolved first, and then this Court would proceed to determine the amount of Movant's fees that are reasonable and necessary, and any defensive matter, including counterclaims, that Plaintiffs might seek to assert.

## BACKGROUND FACTS: TIMING OF THE TWO ACTIONS

The Motion to Intervene is not, as alleged, an attempt to circumvent a state court malpractice lawsuit.  In fact, the Motion to Intervene and proposed Complaint in Intervention were ready to file prior to the filing of the state court action, and were delayed because counsel for Intervenors had, as required by the Local Bankruptcy Rules, conferred with counsel for Katz before filing the Motion to Intervene.  Attached hereto as Exhibit "1" is the email sent at 12:02 p.m. on July 19, 2013, attempting to confer with counsel for Katz about filing the Motion to Intervene.  Obviously, immediately upon receiving such email, counsel for Katz hurriedly had the state court action filed electronically at 12:40 p.m., and then "responded" at 12:54 p.m, as shown by the email attached

**REPLY BRIEF OF LIPPE & ASSOCIATES IN
SUPPORT OF ITS MOTION TO INTERVENE- Page 2**

hereto as Exhibit "2." The Motion to Intervene was filed at 12:53 p.m. ECF#94. Therefore, the two actions were essentially filed simultaneously, and counsel for Katz took advantage of the requirement of a certificate of conference under the Local Rules to beat Intervenors to the courthouse. It cannot be argued, then, that the state court action had been pending for an extended period of time, or that the state court has developed any level of familiarity with the issues therein.

**ARGUMENT**

**I.**

**LIPPE & ASSOCIATES SHOULD BE ALLOWED
TO INTERVENE AS OF RIGHT**

**A.**

**Movant has an interest in this litigation**

Lippe & Associates has a direct, substantial, and legally protectable interest in the results of this case as required for intervention as a matter of right. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). "[A]n attorney with a contingency fee agreement **or who has otherwise sufficiently worked on a matter to establish an interest in a case may intervene as a matter of right** under Rule 24." *Bibles v. City of Irving*, 2009 U.S. Dist. LEXIS 67462, at * 9 (N.D. Tex. July 28, 2009) (Lynn, J.)(*quoting Alam v. Mae*, No. H-02-4478, 2007 U.S. Dist. LEXIS 92209, at *4 (S.D. Tex. Dec. 17, 2007) (Rainey, J.) (Emphasis added). The threshold issue is whether the attorney has a sufficient, protectable interest relating to the property or subject of the action to intervene as of right. *See Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970); *Keith v. St. George Packing Co.*, 806 F.2d 525 (5th Cir. 1986); *Gilbert v. Johnson*, 601 F.2d 761 (5th Cir. 1979). Lippe & Associates does not have a contingent interest in this case, but the facts of the case, as evidenced by Movant, show that Lippe & Associates possesses a legally protectable interest in this case.

**REPLY BRIEF OF LIPPE & ASSOCIATES IN
SUPPORT OF ITS MOTION TO INTERVENE- Page 3**

000550

Specifically, Katz promised to pay Lippe & Associates first from any funds recovered in this litigation. Lippe & Associates provided substantial legal work and effort, worth tens of thousands of dollars, based on this promise from Katz, and Katz has obtained the benefit of such work.  Katz knew Lippe & Associates relied on this promise and repeated such promise on multiple occasions to continually induce Lippe & Associates to continue working on the case though Katz was substantially delinquent on his bill. Lippe & Associates relied on a promise related to the outcome of this case to its detriment. Therefore, despite not having a contingent interest in this case, Lippe & Associates has a legally protectable interest nonetheless.

## B.

### The proposed intervention is timely.

The proposed intervention is timely, because Intervenors have only recently been terminated, and the statements upon which suit is being brought are barely thirty days old, the time required for presentment under applicable Texas state law for recovery of attorneys' fees.  *See*, §§38.001 and 38.002, TEX.CIV.PRAC.& REM.CODE.  The intervention will not delay the trial of the primary claims herein, because Intervenors are not seeking to assert any claims on their own behalf against Defendants, and are willing to have their claims bifurcated to allow the primary claims to proceed to judgment, and await such judgment before having their fees determined by this Court.

## C.

### The arbitration proceedings and these bankruptcy
### proceedings are factually and legally intertwined

The proposed intervention will not interject any new or unrelated issues.  The subject matter of the prior representation by Lippe & Associates has been explained in the Motion to Intervene, at p.3, in detail, to which reference is made.  The unpaid legal bills which are the subject of the

**REPLY BRIEF OF LIPPE & ASSOCIATES IN
SUPPORT OF ITS MOTION TO INTERVENE- Page 4**

proposed intervention all relate to the "bankruptcy proceedings" and "arbitration proceedings," as defined in the Motion to Intervene. Contrary, however, to the assertions contained in the Response, the two matters are inextricably interrelated, both factually and legally.

Attached hereto as Exhibit "3" and incorporated by this reference is the Final Award in the arbitration proceedings. Intervenors' billings for the "arbitration proceedings" involved attempts to vacate such award first in the District Court and then in the Court of Appeals, as explained at p. 3 of the Motion to Intervene. Even a cursory review of the Award establishes that the arbitration proceedings involved a claim against the seller of worthless mining rights to Humitech International for a sales price of $2 million dollars, for which King Louie Mining, LLC, had loaned $3 million dollars to Humitech International, and the claim that C.J. Comu, the Debtor herein, had received an undisclosed kickback of $500,000 in connection with the sale. *See*, Ex. 3 at 7-8, 9-10.

The claims in this adversary proceeding against the Debtor, C.J. Comu, are based upon a Default Judgment entered by the New York State Court, as set forth in Exhibit "4" attached hereto, and as alleged in greater detail in Plaintiffs' Second Amended Complaint, ECF#20. The Complaint filed in the New York state court action, a copy of which is attached as Exhibit "5" hereto, sets forth claims against Comu for fraud in connection with the purchase of Humitech International stock and the loan of $3 million dollars to make the purchase of the mining rights. *See*, Ex. 5. The operative pleading of Plaintiffs in this adversary proceeding alleges receipt of a kickback in connection with the King Louie loan and the purchase of phony "mining rights" by Humitech from Perlman (the Respondent in the arbitration proceeding). *See*, ECF#20, at 5-6.

In other words, the claims against Perlman in the arbitration proceeding, and against Comu in this adversary proceeding, both involve allegations of wrongdoing in connection with the ill-fated

**REPLY BRIEF OF LIPPE & ASSOCIATES IN**
**SUPPORT OF ITS MOTION TO INTERVENE- Page 5**

purchase by Humitech of worthless "mining rights"; in the one case, Katz/Humitech Development are claiming that Perlman paid an undisclosed kickback to Comu in a transaction where King Louie loaned the purchase money, and in the other, Katz/King Louie are claiming, among other things, that Comu received an undisclosed kickback in the same transaction. The fees incurred by Plaintiffs with Lippe & Associates in the arbitration proceeding arise from attempts to vacate the adverse arbitration award, which would also advance the interests of Plaintiffs in asserting their claims herein against Comu. *See, e.g., B-S Steel of Kansas, Inc. v. Texas Industries, Inc.*, 439 F.3d 653, 666 (10th Cir.2006); *Hammad v. Lewis*, 638 F.Supp.2d 70, 74 (D.C.Cir.2009); *Allen v. McCurry*, 449 U.S. 90, 93-95 (1980).

### D.

### The state court action is predicated upon misstatements of Federal Bankruptcy Law

This proposed intervention is not an attempt to avoid litigation of claims of legal malpractice, because if the intervention is allowed it is fully expected that Plaintiffs will assert claims of malpractice herein similar to those presently alleged in the state court action. However, the state law action filed by Katz against Intervenors involves at its very core certain issues of Bankruptcy Law. Attached as Exhibit "6" is a copy of the state court malpractice action. As set forth at p. 3 of the state court action, Katz' attorneys have asserted to the State Court the following exposition of Federal Bankruptcy Law:

> A prior final fraud judgment is non-dischargeable under Bankruptcy Code §523(a)(2)(A) as a debt for money obtained by fraud. Thus, under the Bankruptcy Code, Comu would have been unable to escape his liability for damages in the NY Fraud Judgment even through bankruptcy discharge.

Katz then further alleges that as a result of the failure to file a timely objection to discharge, Katz has

"potentially lost the significant value of a final fraud judgment,"[1] *id.* at p.3, and that Katz lost the ability "to immediately pursue collection of the damages awarded in that judgment without the significantly increased cost and risk associated with the Adversary." *Id.* at p.4.

In other words, Katz and his counsel are seeking to convince the State Court in the malpractice action that had Intervenors simply filed an objection to discharge based upon the **default judgment** in the New York action, that Katz would then simply have had to pursue collection activities without having to prove anything else in any contested proceedings in the Bankruptcy Court, and with no risk of any adverse decision in the Bankruptcy Court. Of course, the advocates asserting such frivolous claim before the State Court neglect to mention that the judgment is a **default judgment**, and wholly omit to mention the fact that *nowhere in the default judgment is there any "finding" of fraud*. *See*, Exhibit "4" attached hereto.

Sadly, in a court lacking the expertise of this Court concerning such issues of Bankruptcy Law, there is a risk of a finding that agrees with such misstatements of Bankruptcy Law, especially if the central issue of "negligence" is submitted to a jury. This Court is far better equipped and knowledgeable to deal with such issues as the effect of a **default judgment** in the context of a dischargeability proceeding, and what conclusive effect, if any, is to be given to such a judgment, and Intervenors are confident that this Court will correctly apply the law. *See, e.g., S.P. Auto Sales, Inc. v. Benites,* 2012 Bankr.LEXIS 4735 (Bkr.N.D.Tex.2012) (Jernigan, J.); *Fitch v Fitch*, 349 B.R. 133, 142-143 (Bkr.N.D.Tex.2006) (Jernigan, J.).

In fact, the Bankruptcy Courts have been careful to note the fact that Congress has vested the

---

[1] Of course, as a matter of law, Plaintiffs have never had a "final fraud judgment" against Comu; only a default judgment with no findings.

**REPLY BRIEF OF LIPPE & ASSOCIATES IN SUPPORT OF ITS MOTION TO INTERVENE- Page 7**

Bankruptcy Courts with **exclusive** jurisdiction to determine whether a claimed debt is dischargeable

under Federal Bankruptcy law:

> **Application of issue preclusion to a default judgment results in an exception to discharge because the debtor failed to litigate an issue prior to bankruptcy, not because the debtor actually engaged in fraud or other specified misconduct. Such a consequence clearly contravenes the Congressional policy expressed in § 523(c) that the bankruptcy courts properly determine exceptions to discharge based on allegations of fraud or other misconduct within its scope**. A proper determination cannot occur if an innocent debtor cannot defend because the failure to defend in a state court precludes it.

> An illustration of the application of issue preclusion to a state court default judgment shows how the absence of an exception could routinely result in an erroneous determination of dischargeability and impair a debtor's fresh start. Credit card issuers may take the position that a debtor's failure to pay a credit card debt amounts to fraud because use of the card constituted a false representation of ability to pay or because the debtor incurred the debt without the intent to pay. Such allegations raise important factual issues that govern dischargeability. Creditors hoping to avoid such issues could simply include such additional allegations in complaints filed in state courts. An individual debtor often does not respond to such lawsuits, either because he knows he owes the money, because he cannot afford a lawyer, because his financial situation is so hopeless that the only way of dealing with the unpleasant reality of the lawsuit is to ignore it. If a creditor's default judgment in these circumstances has issue preclusive effect in dischargeability litigation, honest debtors who have done nothing wrong (beyond failing to defend the lawsuit) will not be able to discharge such debts. **Such improper dischargeability determinations are precisely what Congress intended to prevent by vesting exclusive jurisdiction over certain exceptions to discharge in the bankruptcy courts**.
> . . .
> To summarize, *the Congressional policy in vesting exclusive authority in the bankruptcy courts to determine certain dischargeability issues under § 523(c) is to insure the proper determination of such issues that, in turn, is essential to a debtor's ability to obtain a "fresh start" that is a fundamental objective of the Bankruptcy Code*. Imposing nondischargeability of a debt due to issue preclusion on account of a debtor's failure to litigate in a prior proceeding prevents the proper determination of dischargeability and thereby defeats a primary policy of the bankruptcy laws. Section 523(c), therefore, demonstrates a "countervailing statutory policy" of the type contemplated by *Brown v. Felsen* that establishes a Congressional intent to except default judgments in dischargeability litigation from the operation of § 1738.

*Colo. West Transp. Co. v. McMahon*, 356 B.R. 286, 300-301 (Bkr. N.D. Ga. 2006). (Emphasis added).

**REPLY BRIEF OF LIPPE & ASSOCIATES IN**
**SUPPORT OF ITS MOTION TO INTERVENE- Page 8**

Katz is claiming in the State court action, in pleadings that misstate Federal Bankruptcy law, that had Intervenors simply timely filed a dischargeability complaint, ***based upon a state court default judgment***, no further litigation would have been necessary, with no expense and no risk of adverse outcome, and that all that would have been needed from that point forward would have been collection actions.  This Court knows better, and Intervenors would prefer to have such a determination made by a Court having the expertise required to make proper interpretations of Bankruptcy Law.

## II.

### IN THE ALTERNATIVE, PERMISSIVE INTERVENTION SHOULD BE ALLOWED

The Fifth Circuit has been clear that Rule 24 permissive intervention is "wholly discretionary." *Kneeland v. National Collegiate Athletic Asso.*, 806 F.2d 1285, 1289 (5th Cir.)*(citing New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir.) (*en banc*). Though federal courts use a variety of factors,[2] in deciding intervention issues, which Lippe & Associates has argued greatly favor permissive intervention, federal courts have extreme and wide latitude in making permissive intervention rulings. *Id*. All interventions, whether permissive or as a matter of right, however, must be timely filed. FED. R. CIV. PRO. 24(b).

Lippe & Associates was terminated from representing the Intervention Defendants in June 2013 and immediately made demand for payment of its fees. Lippe & Associates filed the intervention on July 19, 2013. The intervention was filed in an appropriate and timely manner.

---

[2] These factors include, but are not limited to, whether the intervenors' interests are adequately represented by other parties, whether intervention will unduly delay the proceedings or prejudice existing parties, whether the facts or arguments involved in the intervention are similar or the same as those in the existing suit. *Id*.

**REPLY BRIEF OF LIPPE & ASSOCIATES IN
SUPPORT OF ITS MOTION TO INTERVENE- Page 9**

Further, the claims in the intervention are exceedingly simple and involve unpaid legal fees for work done in this litigation and in arbitration proceedings that closely relate to the factual matters at dispute herein.[3] The factual overlap between the underlying suit and the intervention is obvious and permitting the intervention will prevent substantial judicial and economic waste. This Court routinely is in the business of determining the extent and amount of reasonable and necessary fees in connection with the legal matters pending before it, and is the best possible forum to make such determination.

The malpractice claims being asserted primarily rest upon a misstatement and misunderstanding of Federal Bankruptcy Law. If Plaintiffs really wish to urge these frivolous claims, having those claims resolved by the very tribunal before whom the alleged malpractice allegedly occurred would advance the interests of justice and judicial economy. Further, this Bankruptcy Court has far more expertise to determine the correctness or inaccuracy of the contentions being made by Plaintiffs insofar as Bankruptcy Law is concerned.

Respectfully submitted,

Law Offices of
LIPPE & ASSOCIATES

By: _____/s/ Emil Lippe, Jr._____
Emil Lippe, Jr.
State Bar No. 12398300

---

[3] While the Intervention Defendants have made frivolous malpractice allegations as a clear attempt to get out of paying their legal bills, and, as noted above, this Court is best situated to rule on those issues, the claims asserted by Movant are basically trial ready and will not substantially hinder or delay the underlying suit.

**REPLY BRIEF OF LIPPE & ASSOCIATES IN
SUPPORT OF ITS MOTION TO INTERVENE- Page 10**

000557

Plaza of the Americas, South Tower
600 N. Pearl Street, Suite S2460
Dallas, Texas 75201
Telephone:          214-855-1850
Fax:                214-720-6074
Email: emil@texaslaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that this instrument / document has been filed electronically through the

United States Electronic Court File (ECF) system and that the instrument / document has been

delivered electronically to all counsel of record for the parties herein, on this _____14th_____ day of

August, 2013.


_____/s/ Emil Lippe, Jr._____

**Emil Lippe**

| | |
|---|---|
| **From:** | Emil Lippe |
| **Sent:** | Friday, July 19, 2013 12:02 PM |
| **To:** | hanksk@gtlaw.com; HeyenS@gtlaw.com; floydc@gtlaw.com |
| **Subject:** | Katz/King Louie |

We plan to file a motion for leave to intervene in the adversary proceeding to collect our fees.  Do you oppose or not oppose?

Emil Lippe, Jr.
Law Offices of Lippe & Associates
South Tower, Plaza of the Americas
600 N. Pearl Street, Ste. 2460
Dallas, Texas  75201
phone 214-855-1850
fax  214-720-6074
www.texaslaw.com

000559

**Emil Lippe**

| | |
|---|---|
| **From:** | hanksk@gtlaw.com |
| **Sent:** | Friday, July 19, 2013 12:54 PM |
| **To:** | Emil Lippe; HeyenS@gtlaw.com; floydc@gtlaw.com |
| **Cc:** | kburgess@richardsonburgess.com; eboucheron@richardsonburgess.com; hanksk@gtlaw.com; davisci@gtlaw.com |
| **Subject:** | RE: Katz/King Louie |

Emil,

Yes, we oppose, for the following reasons: (1) the adversary is not a proper forum for litigating your purported entitlement to additional attorneys' fees and, in fact, doing so would only risk exacerbating damages to Mr. Katz by undermining his litigation against CJ Comu, and (2) **we have already filed an action in Dallas County Court concerning this issue (at 12:40 PM).**

Any further communications in this matter should be addressed to Karen Burgess and Eric Bucheron, who are CCd to this email.

Thank you,

Kendyl T. Hanks
Shareholder
Greenberg Traurig, LLP | 300 West 6th Street, Suite 2050
Austin, TX 78701
Tel 512.320.7225 | Fax 512.628.3184 | Cell 214.316.9830
hanksk@gtlaw.com | www.gtlaw.com

GreenbergTraurig

ALBANY · AMSTERDAM · ATLANTA · AUSTIN · BOSTON · CHICAGO · DALLAS · DELAWARE · DENVER · FORT LAUDERDALE · HOUSTON · LAS VEGAS · LONDON* · LOS ANGELES · MEXICO CITY+ · MIAMI · NEW JERSEY · NEW YORK · ORANGE COUNTY · ORLANDO · PALM BEACH COUNTY · PHILADELPHIA · PHOENIX · SACRAMENTO · SAN FRANCISCO · SHANGHAI · SILICON VALLEY · TALLAHASSEE · TAMPA · TEL AVIV^ · TYSONS CORNER · WARSAW~ · WASHINGTON, D.C. · WHITE PLAINS
*OPERATES AS GREENBERG TRAURIG MAHER LLP +OPERATES AS GREENBERG TRAURIG, S.C. ^A BRANCH OF GREENBERG TRAURIG, P.A., FLORIDA, USA ~OPERATES AS GREENBERG TRAURIG GRZESIAK SP.K.
STRATEGIC ALLIANCE WITH AN INDEPENDENT LAW FIRM
MILAN · ROME

---

**From:** Emil Lippe [mailto:emil@texaslaw.com]
**Sent:** Friday, July 19, 2013 12:02 PM
**To:** Hanks, Kendyl T. (Shld-Aus-LT); Heyen, Shari L. (Shld-Hou-Bky); Floyd, Charlie (Assoc-Dal-LT)
**Subject:** Katz/King Louie

We plan to file a motion for leave to intervene in the adversary proceeding to collect our fees. Do you oppose or not oppose?

Emil Lippe, Jr.
Law Offices of Lippe & Associates
South Tower, Plaza of the Americas

000560

600 N. Pearl Street, Ste. 2460
Dallas, Texas 75201
phone 214-855-1850
fax  214-720-6074
www.texaslaw.com

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate such information. Pursuant to IRS Circular 230, any tax advice in this email may not be used to avoid tax penalties or to promote, market or recommend any matter herein.

000561

Apr. 27. 2009  4:47PM                                    NO. 1394    P. 1/19
Case 10-03269-sgj Doc 97-3 Filed 08/14/13   Entered 08/14/13 15:37:36   Page 1 of 16
Case 3:14-cv-04163-B   Document 1-3   Filed 11/21/14   Page 128 of 235   PageID 619



www.Jamsadr.com          **THE RESOLUTION EXPERTS**          **Offices Nationwide**

# Fax Cover

| | | | |
|---|---|---|---|
| **To:** | Morris C. Gore Esq. | **Phone:** 972- 419-8300 | **Fax:** 972- 419-8329 |
| | Glast, Phillips & Murray | | |
| | John Reichman Esq. | 212-909-9500 | 212-371-0320 |
| | Wachtel & Masyr LLP | | |
| | Anne McCaughey Esq. | 212-909-9500 | 212-371-0320 |
| | Wachtel & Masyr LLP | | |
| | Emil Lippe Esq. | 214-855-1850 | 214-720-6074 |
| | Lippe & Associates | | |
| | Mark C. Enoch Esq. | 972- 419-8300 | 972- 419-8329 |
| | Glast, Phillips & Murray | | |

**From:**  Judy E. Stephenson          **Phone:**  214-891-4523

**Date:**  April 27, 2009          **Pages (Including Cover):**

**Case Name:**  Humitech Development Corporation vs. Perlman, Alan, et al.

**Reference:**  1310017349

**Comments:**

Please see the attached correspondence.

Thank you,
Beth Langs

This facsimile transmission is confidential. If you have received this transmission in error, please
notify the sender at the number listed above and discard the transmission. Thank you for your assistance.

8401 N. Central Expressway • The Brierley Bldg., Suite 610 • Dallas, TX 75225 • TEL 214.744.5267 • FAX 214.720.6010



April 27, 2009

NOTICE TO ALL PARTIES
(Please see Service List)

    Re:    *Humitech Development Corporation vs. Perlman, Alan, et al.*
             **JAMS Ref. No.: 1310017349**

Dear Counsel:

Thank you for allowing JAMS to service the above referenced matter. Enclosed please find the **FINAL AWARD** executed by Hon. Harlan A. Martin (Former).

Please be advised JAMS has closed our file in the above matter. Pursuant to our Document Retention Policy we will destroy all documents submitted by parties, such as briefs, exhibits, evidence, transcripts, unless you contact me immediately. Should you wish to collect your documents we ask that you do so as soon as possible. Please let us know if we may be of assistance in this regard.

If you have any questions regarding the above or would like more information about other services JAMS provides, please do not hesitate to contact our office.

Sincerely,

Judy E. Stephenson
Case Manager
jstephenson@jamsadr.com
Fax# 214-720-6010

Encl.

8401 N. CENTRAL EXPRESSWAY   SUITE 610   DALLAS, TX 75225   ☏ 214-744-5267   ℻ 214-720-6010

| | |
|---|---|
| HUMITECH DEVELOPMENT CORPORATION,<br><br>Claimant,<br>v.<br><br>ALAN PERLMAN, MICHAEL PERLMAN, ANN PERLMAN, DAVID PERLMAN, MICHELLE PERLMAN, BETH PERLMAN DREIFACH, HARRY SHER, and BETTY SHER,<br><br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ **Matter in Arbitration**<br><br>**JAMS Reference No. 1310017349** |

## FINAL AWARD

**Parties and Counsel**: The parties are identified in the caption and are represented as follows:

John Reichman
Anne McCaughey
Wachtel & Masyr
110 East 59th Street
New York, NY 10022
Phone: 212-909-9500; Fax: 212-371-0320
reichman@wmllp.com
mccaughey@wmllp.com

Emil Lippe
Lippe & Associates
Plaza of the Americas, South Tower
600 N. Pearl Street, Suite 2460
Dallas, TX 75201-2857
Phone: 214-855-1850; Fax: 214-720-6074
emil@texaslaw.com
*Counsel for Claimant*

Morris C. Gore
Mark Enoch
Matthew Enoch
Glast, Phillips & Murray, P.C.
13355 Noel Road, L.B. 48
Dallas, TX 75240
Phone: 972-419-7118; Fax: 972-419-8329
mgore@gpm-law.com
*Counsel for Respondents*

000564

Apr. 27. 2007 4:40PM                                                    No. 1994   P. 4/15
Case 10-03269-sgj Doc 97-3 Filed 08/14/13   Entered 08/14/13 15:37:36   Page 4 of 16
Case 3:14-cv-04163-B   Document 1-3   Filed 11/21/14   Page 131 of 235   PageID 622

|                 |                                            |
|-----------------|--------------------------------------------|
| **Arbitrator:**   | Hon. Harlan A. Martin                      |
|                 | JAMS – The Resolution Experts              |
|                 | 8401 N. Central Expressway, Suite 610-LB32 |
|                 | Dallas, Texas 75225                        |
|                 | Telephone: 214-744-5267; Fax: 214-720-6010 |
| **Case Manager:** | Judy Stephenson                            |
|                 | JAMS – The Resolution Experts              |
|                 | 8401 N. Central Expressway, Suite 610-LB32 |
|                 | Dallas, Texas 75225                        |
|                 | Telephone: 214-891-4525; Fax: 214-720-6010 |
|                 | JStephenson@jamsadr.com                     |

## HEARING

In accordance with the Parties' agreement, all disputes between Claimant, Humitech Development Corporation (HDC) and Respondents, Alan Perlman, Michael Perlman, Ann Perlman, David Perlman, Michelle Perlman, Beth Perlman Dreifach, Harry Sher and Betty Sher, were submitted to binding arbitration before Harlan Martin, serving as the Parties' sole Arbitrator.

Following the Parties' preliminary motions, the Arbitrator made the following rulings resolving issues presented:

- Claimant's Motion to Dismiss Respondents' Counter-Claim was denied and reserved for final hearing.

- Claimant's Motion to Dismiss Third Party Claims Against Ronald M. Katz and King Louie Mining was sustained and the claims were dismissed.

- Respondents' later request to join or consolidate a "Demand for Arbitration of Claims Against Katz" was denied.

- Respondents' Motion to Strike evidence of unrelated acts of Alan Perlman was sustained.

- 2 -

Apr. 27. 2009 4:40PM                                        NO. 1394    P. 5/15
Case 10-03269-sgj Doc 97-3 Filed 08/14/13   Entered 08/14/13 15:37:36   Page 5 of 16
Case 3:14-cv-04163-B   Document 1-3   Filed 11/21/14   Page 132 of 235   PageID 623

- Respondents' Motion for Summary Disposition was denied except as to Claimant's action for unjust enrichment, which was without merit, and was dismissed.

Following Claimant's offer of proof on its case in chief, Respondents' Motion for Judgment and Dismissal was granted in part and otherwise, denied. Claimant's actions for fraud, breach of contract and fraudulent inducement against Respondents Michael Perlman, Ann Perlman, David Perlman, Michelle Perlman, Beth Perlman Dreifach, Harry Sher and Betty Sher were dismissed; Claimant takes nothing on its claims against these Respondents.

The arbitration hearing was conducted in Dallas, Texas, on the dates of March 30, 31, April 1, 2 and 3, 2009, with additional briefing submitted thereafter. The briefing was complete and the hearing was closed on April 9, 2009.

Based upon the Parties' offers of proof, evidence submitted and argument of counsel, the following facts and conclusions are found by this Arbitrator to be established by the evidence to be true and necessary to this Award. To the extent that these findings and conclusions differ from any Party's position, that is the result of this Arbitrator's determinations as to credibility and relevance, burden of proof considerations, and the weighing of the evidence, both oral and written.

## BACKGROUND

Claimant, HDC, is a wholly owned subsidiary of Humitech International Group, Inc. (HIG) organized in 2005 as a Nevada corporation, for purpose of purchasing 10 United States Bureau of Land Management (BLM) placer claims from Respondents. The Respondents are all family members forming an association under BLM rules for purpose

- 3 -

000566

of holding the maximum number of mining claims on land owned and controlled by the BLM.

Respondent, Alan Perlman (Perlman) is the only miner among the Respondents. Perlman made a discovery of large quantities of diatomaceous earth above ground in the desert of Southern California in 1983. Perlman called the mineral Sorbite and established a business of casually mining the Sorbite for use as the raw material in filters for placement in residential and commercial food freezers. The Parties agree that Sorbite is a unique mineral which has the ability to both absorb and de-absorb moisture. Most diatomaceous earth does not seem to have this unique property. Perlman was interested in protecting his source of Sorbite and his business from competition. Therefore, in 1995, and in association with the other Respondents, Perlman staked and filed claims on 1,600 acres of BLM land which he believed contained the best and most accessible quantities of Sorbite. Although, Perlman staked and filed 10 placer claims of 160 acres each, he only established mining operations on less than one acre of one claim. This small area was Perlman's mine and afforded him access to all the Sorbite he thought one would ever need. In fact, between the years 1983 and 2005, Perlman mined all the Sorbite he and others required from this single area.

In 2001, HIG entered into an agreement with Perlman which required Perlman to supply HIG with its needs for Sorbite and Sorbite based freezer filters. HIG was in the business of selling franchises to market residential and commercial food freezer filters through its subsidiary Humitech Franchise Corporation (HFC). HIG also sold Sorbite to some franchisees but mostly sold finished filters, manufactured by Perlman, to the franchisees. This relationship had continued for several years when HIG became

- 4 -

000567

Apr. 21. 2009 4:40PM                                                    No. 1394   P. 7/15
Case 10-03269-sgj Doc 97-3 Filed 08/14/13   Entered 08/14/13 15:37:36   Page 7 of 16
Case 3:14-cv-04163-B   Document 1-3   Filed 11/21/14   Page 134 of 235   PageID 625

interested in attracting capital, expanding its business, reducing its costs and possibly going public. To these ends HIG felt it needed to own the source of the Sorbite.

C. J. Comu (Comu), the CEO, Chairman of the Board and majority shareholder of HIG, and Ivan Gatti (Gatti), an officer and director of HIG, had a previous business relationship with Ronald Katz (Katz) and hoped to have Katz fund the purchase of the Sorbite source. By August, 2003, Katz was interested in acquiring ownership of HIG shares and lending HIG money to purchase the Perlman BLM claims. In a rather complicated transaction, lawyered on all sides, Katz negotiated with HIG to form HDC, acquire shares in HIG, gain a seat on the board of directors of HIG and have HDC buy Perlman's BLM claims. Katz is a very sophisticated investor and had his company, King Louie Mining (KLM), loan HIG three million dollars for shares in HIG, a note and convertible debenture and KLM took as security all of the shares of HDC and the Respondents' remaining interest in the 10 BLM placer claims. HIG had previously acquired a 3% interest in the claims under the terms of its distribution agreement with Perlman. In May of 2004, Claimant, HDC and the Respondents executed a Purchase and Sale Agreement and Assignment and Bill of Sale which conveyed the 10 BLM placer claims from Respondents to HDC.

The Parties were represented by counsel and the agreements were repeatedly drafted to final form. HDC paid only Perlman the purchase price of $1,940,000 because the other Respondents were only acting as accommodation parties to Perlman and took no active role in the mining operation or the sale transaction. Comu and Perlman negotiated the purchase price of $2,000,000, which was reduced by 3% to reflect the interest previously acquired by HIG. Perlman executed the sale agreement on behalf of

- 5 -

000568

all Respondents, signing for himself and as attorney-in-fact under a limited special power of attorney for the other Respondents. Stuart Ducote (Ducote), an officer and director of HDC, executed the sale agreement on behalf of HDC.

Following the sale of the claims, Perlman and HDC entered into a new agreement wherein Perlman continued to mine the Sorbite and deliver to HDC at a significantly reduced price. Perlman continued to act as contract miner/supplier for HDC until June of 2005 when Ducote received notice that the BLM had forfeited all 10 placer claims due to HDC's failure to pay the September 1, 2004 annual maintenance fees due on the claims. Having received this notice and realizing that his failure to pay the annual maintenance fees resulted in the loss of a significant asset and HIG's source of Sorbite, Ducote took immediate steps to re-stake and re-file all 10 placer claims. On June 28, 2005, Ducote located and filed new claims (the Stuart claims) for HDC over the same ground as the Perlman claims. During this process, Ducote became aware that in 1990 certain Dawson parties had located and filed 26 placer claims covering the same ground as the Perlman claims and the Stuart claims. On September 1, 2005, the holder of the Dawson claims failed to pay the BLM annual maintenance fee and those claims were forfeited by the BLM. Ultimately, HDC sued ANAMAC, Inc., successor in interest to the Dawson claims, to quiet title to the Stuart claims. This suit continues in a California state court.

By late 2005 and early 2006, HIG's business was faltering. HFC was not selling new franchises. Katz, as an investor and member of the board of directors, came in to conflict with Comu. Katz thought HIG needed to change its business model and Comu needed to go. By the spring of 2006, HIG had defaulted on its debt to KLM and this resulted in KLM's foreclosure of its security interest in the stock of HDC and the Stuart

000569

mining claims by HDC. Presumably the Stuart claims had been substituted as collateral because the Perlman claims had been forfeited, following Ducote's failure to pay fees.

Having gained control of HDC and its Sorbite mine, Katz/KLM decided to pursue the market with a new business model. Katz formed Fridge-Fresh as a new Sorbite filter franchise company and almost immediately thereafter formed Avive Franchise Company, LLC, to pursue the Sorbite filter business. Neither company met with success and indeed, no franchises were sold by Katz's new companies.

In the meantime, Katz learns that Comu received $500,000 of the Perlman claims purchase price. Perlman admits that he paid Comu the $500,000 to bring him a buyer who would pay $2,000,000 for his mining claims. In fact, Perlman and Comu had discussed this arrangement as early as 2001 when Perlman was first supplying Sorbite to HIG. Perlman admits that he did not disclose the payment to any member of the HIG board of directors or to Ducote, the only other officer and director of HDC and his executing counterpart in the sales transaction. Additionally, Katz learns that Comu caused HDC to pay Ivan Gatli, another HIG officer and director a "commission" of $140,000 incident to HDC's purchase of the mining claims. Perlman had no knowledge of the Gatti payment.

Feeling he was the victim of a "kickback" scheme, Katz decided that he, KLM and HDC must sue the responsible parties. The lawyers were sued, the officers and directors were sued and the Respondents were sued in this arbitration.

## CLAIMS

HDC, in addition to its claim for unjust enrichment, states claims of breach of contract and fraudulent inducement arising from breach of Respondents' alleged

- 7 -

Apr. 27. 2009 4:49PM NO. 1337 P. 10/13
Case 10-03269-sgj Doc 97-3 Filed 08/14/13 Entered 08/14/13 15:37:36 Page 10 of 16
Case 3:14-cv-04163-B Document 1-3 Filed 11/21/14 Page 137 of 235 PageID 628

representations, warranties and material failures to disclose incident to the Parties'

Purchase and Sale Agreement and Assignment and Bill of Sale of May 21, 2004. HDC

also states a claim of fraud incident to Perlman having paid Comu a $500,000 "kickback"

from the purchase price of the transaction.

HDC requests remedy of rescission and return of its $1,940,000 purchase price

paid or alternatively, damages in the amount of $1,940,000. HDC also seeks recovery of

attorney fees, costs, and/or punitive damages.

Respondents deny all claims stated by HDC and seek settlement credit and

recovery of $28,000 allegedly owed by HDC on an unpaid invoice. Respondents also

seek costs.

## ANALYSIS

HDC's claim for unjust enrichment was dismissed on Respondents' Motion for

Summary Disposition.

HDC's claims against the Respondents other than Alan Perlman were dismissed

on these Respondents' Motion for Judgment following Claimant's offer of proof. The

Claimant failed to offer any proof that any of the Respondents other than Perlman had

any part in the negotiation of the agreement or any knowledge of the mining operations

or the Dawson mining claims. These Respondents had no "sellers knowledge" necessary

under the contractual representations. These Respondents had no knowledge of any

payment to Comu and never communicated to anyone on HDC's side of the transaction.

These Respondents' status as members of an association of BLM claim holders was not

fraudulent and was otherwise appropriate under BLM rules and practices.

HDC's claims of breach of contract and fraudulent inducement depend upon the

- 8 -

Dawson claims being superior to the Perlman claims and Alan Perlman having knowledge of same at the time of the sale. The evidence presented does not support these conclusions.

Alan Perlman had never heard of Dawson prior to this proceeding. Alan Perlman never saw anyone mining in his area or had anyone claim his claims were invalid prior to this proceeding. Alan Perlman had been mining without incident for more than 20 years prior to the sale. The BLM records do not notify him of the Dawson claims.

Respondents offered expert testimony on mining law and BLM regulations. While this testimony did opine that the Dawson claims were not valid, it best illustrated the complications and vagaries of the "BLM claim holder" issues. The BLM records do not disclose or attempt to resolve issues of competing title. While Perlman did not review the records prior to the sale of the mining claims, his doing so would not have informed him of any potential Dawson title issue as now sponsored by HDC.

Under the terms of the Purchase and Sale Agreement, only HDC had the duty of due diligence and the obligation to satisfy themselves of title. Perlman's counsel was obviously aware of the common industry practice of conveying BLM claims by quitclaim or a limited special warranty deed. The Purchase and Sale Agreement and Assignment and Bill of Sale conveys the Respondents' "right, title and interest" under a special warranty of "by, through or under, but not otherwise." While most BLM claims are transferred by quitclaim deed, this grant actually warranted title, but only as to those claims "by, through or under" Respondents. Also, the material representations in the Purchase and Sale Agreement are all limited "to the sellers knowledge" or words to that effect. HDC has failed to prove that Alan Perlman had any knowledge of the Dawson

- 9 -

000572

Apr. 27, 2009  4:49PM                                    No. 1394    P. 12/15
Case 10-03269-sgj Doc 97-3 Filed 08/14/13  Entered 08/14/13 15:37:36  Page 12 of 16
Case 3:14-cv-04163-B  Document 1-3  Filed 11/21/14  Page 139 of 235  PageID 630

claims and HDC did get all of the Respondents' right, title and interest in the 10 BLM placer claims conveyed in the transaction. Perlman conveyed to HDC all he had left of his BLM claims without any knowledge that others could have superior title. In fact, Perlman had every reason to believe that he and his association were the sole claimants to the BLM mining claims.

On the causes of action pled, HDC's claim for fraud depends entirely upon Ducote having no knowledge of the payment agreement with Comu and Perlman knowing that Ducote did not know of the payment agreement. To be liable for fraud, Perlman must have intentionally paid an undisclosed/secret "kickback". Having heard Ducote testify for more than eight hours, this Arbitrator finds him not credible and unworthy of belief on the question of his knowledge of the Comu payment agreement. Ducote was sued along with Comu and Gatti, but managed to bargain his affidavit and testimony for his dismissal from that suit. Ducote was brought to HIG by Comu and performed his duties as CFO and director of HIG as instructed by Comu and with little or no regard to his duties to HIG. Perlman had never heard of Katz or KLM when he first agreed to pay Comu a $500,000 "finders fee" if Comu could bring him a buyer for his BLM claims. Comu did bring a buyer, himself and his new company HDC, a wholly owned subsidiary of Comu's other company HIG of which Comu was the majority shareholder. Comu and Ducote were the only officers and directors of HDC. If they both knew of the $500,000 payment agreement, then Perlman's failing to tell Ducote means nothing; he already knew and HDC already knew.

In contrast to Ducote, this Arbitrator finds Perlman to be quite credible. Under these circumstances, Perlman had reason to believe that Ducote knew that Comu would

- 10 -

000573

receive a finder's fee. Perlman had no intent to defraud HDC. Perlman was simply paying a finder's fee originally contemplated for a sale of the mine.

Though possibly not necessary to this AWARD, this Arbitrator finds that the mining claims conveyed were of substantial value and cannot find on this record that their value was less than HDC paid.

Other issues presented, including credit, causation and remedy, need not be addressed.

Respondents' counterclaim for $28,000 is in reality a claim for money owed by HIG, not money owed by HDC. HIG is not a party to this arbitration. It was the practice of Perlman to deliver HIG purchases of Sorbite to HDC's warehouse in Las Vegas. This practice does not obligate HDC to discharge HIG's debt for the Sorbite HIG purchased on its credit. Proof that HIG owes money is not proof that HDC owes money.

## FINDINGS AND CONCLUSIONS

- This dispute is arbitrable pursuant to the terms of the Parties' Purchase and Sale Agreement of May 21, 2004, and this Arbitrator has jurisdiction to resolve all disputes presented.

- JAMS Comprehensive Arbitration Rules and Procedures govern the resolution of this dispute with the laws of the State of Texas being the appropriate choice of law.

- Alan Perlman and other Respondents did not breach their representations and warranties in the Parties' Purchase and Sale Agreement of May 21, 2004.

- Alan Perlman did not commit actionable fraud against HDC by reason of payment

- 11 -

000574

to Comu or failure to disclose payment to Comu incident to HDC's purchase of Perlman's BLM mining claims.

- HDC does not owe Perlman any money on the outstanding HIG invoice.

- No party has shown themselves entitled to recover attorney's fees.

- This Arbitrator declines to award costs to either Party, equity does not require any cost burden shifting.

Therefore:

Claimant Humitech Development Corporation shall take nothing by its claims and all relief requested is denied.

Respondents Alan Perlman, Michael Perlman, Ann Perlman, David Perlman, Michelle Perlman, Beth Perlman Dreifach, Harry Sher and Betty Sher shall take nothing by their claims and all relief requested is denied.

Each party shall pay their own costs and fees as paid or incurred.

Further proceedings are unnecessary and this AWARD shall be final and binding on all Parties to this Arbitration

All relief not granted is denied.

DATED: April 27, 2009.

HARLAN A. MARTIN,
Arbitrator

- 12 -

000575

## PROOF OF SERVICE BY FACSIMILE & U.S. MAIL

Re: Humitech Development Corporation vs. Perlman, Alan, et al.
Reference No. 1310017349

I, Beth Langs, not a party to the within action, hereby declare that on April 27, 2009 I served the attached Final Award on the parties in the within action by facsimile and depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Dallas, TEXAS, addressed as follows:

Morris C. Gore Esq.
Glast, Phillips & Murray
2200 One Galleria Tower
13355 Noel Road, LB 48
Dallas, TX 75240-1518
Tel: 972- 419-8300
Fax: 972- 419-8329

John Reichman Esq.
Wachtel & Masyr LLP
110 East 59th Street
New York, NY 10022 USA
Tel: 212-909-9527
Fax: 212-371-0320

Anne McCaughey Esq.
Wachtel & Masyr LLP
110 East 59th Street
New York, NY 10022 USA
Tel: 212-909-9528
Fax: 212-371-0320

Emil Lippe Esq.
Lippe & Associates
Plaza of the Americas, South Tower
600 N. Pearl Street, Suite 2460
Dallas, TX 75201-2857
Tel: 214-855-1850
Fax: 214-720-6074

Mark C. Enoch Esq.
Glast, Phillips & Murray
2200 One Galleria Tower
13355 Noel Road, LB 48
Dallas, TX 75240-1518
Tel: 972-419-8366
Fax: 972- 419-8329

I declare under penalty of perjury the foregoing to be true and correct. Executed at Dallas, TEXAS on April 27, 2009.

*Beth Langs*
Beth Langs

# HP Color LaserJet CM1312nfi MFP

# Fax Confirmation Report

LIPPE & ASSOCIATES
214-720-6074
Apr-27-2009   4:52PM

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 155 | 4/27/2009 | 4:49:59PM | Receive | | 2:24 | 15 | OK |

Apr. 27. 2009  4:47PM                                No. 1354   P. 1/15



www.jamsadr.com          THE RESOLUTION EXPERTS          Offices Nationwide

## Fax Cover

| | | | | | |
|---|---|---|---|---|---|
| To: | Morris C. Gore Esq. | Phone: | 972- 419-8300 | Fax: | 972- 419-8329 |
| | Glast, Phillips & Murray | | | | |
| | John Reichman Esq. | | 212-909-9500 | | 212-371-0320 |
| | Wachtel & Masyr LLP | | | | |
| | Anne McCaughey Esq. | | 212-909-9500 | | 212-371-0320 |
| | Wachtel & Masyr LLP | | | | |
| | Emil Lippe Esq. | | 214-855-1850 | | 214-720-6074 |
| | Lippe & Associates | | | | |
| | Mark C. Enoch Esq. | | 972- 419-8300 | | 972- 419-8329 |
| | Glast, Phillips & Murray | | | | |

From:  Judy B. Stephenson          Phone:  214-891-4523

Date:  April 27, 2009               Pages (Including Cover):

Case Name:  Humitech Development Corporation vs. Perlman, Alan, et al.

Reference:  1310017349

Comments:

Please see the attached correspondence.

Thank you,
Beth Langs

This facsimile transmission is confidential. If you have received this transmission in error, please
notify the sender at the number listed above and discard the transmission. Thank you for your assistance.

8401 N. Central Expressway • The Brierley Bldg., Suite 610 • Dallas, TX 75225 • TEL 214.744.5267 • FAX 214.720.6010

000577

Case 10-03269-sgj Doc 97-4 Filed 08/14/13   Entered 08/14/13 15:37:36   Page 1 of 7



BY THE GRACE OF GOD FREE AND INDEPENDENT

*To all to whom these presents shall come or may concern, GREETING:*

**Know Ye,** That we having examined the records and files in the office of the Clerk of the County of New York and Clerk of the Supreme Court of said State for said County, do find a certain *Judgment*

there remaining, in the words and figures following, to wit:

000578

DC-0906981

FILED

09 JUN -2 PH 6: 00

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS

DEPUTY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------X

HUMITECH DEVELOPMENT CORPORATION,
KING LOUIE MINING, LLC, KING LOUIE
ENTERPRISES, LLC, and RONALD KATZ,
Individually, and as a Shareholder of Humitech
International Group, Inc., Suing in the Right of
Humitech International Group, Inc.,

Index No. 06-602567

        Plaintiffs,

**JUDGMENT**

    - against -

CENGIZ JAN COMU a/k/a C.J. COMU and IVAN
GATI,

**134th-G**

        Defendants,

    and

HUMITECH INTERNATIONAL GROUP, INC.,

        Nominal Defendant.

------------------------------------------------------------X

    This action having been scheduled for trial on February 23, 2009, 9:30 A.M. in Part 40;

and the Court having made February 23, 2009 a final trial date; and Plaintiffs having been

granted leave to serve a Verified Second Amended Complaint; and Defendant Cengiz Jan Comu

("Comu") having been initially served with a Summons and Verified Complaint, the Verified

Amended Complaint and then the Verified Second Amended Complaint; and the causes of action

against defendant Ivan Gati having been severed from this action pursuant to the October 30,

2008 order of Hon. Doris Ling-Cohan, J.S.C.; and Defendant Comu having appeared and

answered the Verified Second Amended Complaint; and Defendant Comu having failed to

appear enter individually or by counsel for trial on February 23, 2009; the answer of Defendant

Comu having been stricken by the February 23, 2009 order of the Court; and upon the taking of

000579

an inquest on February ●, 2009; and upon the February 23, 2009 order of Hon. Joan B. Carey,

J.S.C. directing the Judgment Clerk to enter judgment in the amounts set forth below, it is;

**ADJUDGED** that the Plaintiff King Louie Mining, LLC recover from defendant Comu a/k/a C.J. Comu, *(A) have judgment and Cengiz Jan (B)*

$1,386,748 and interest at the rate of 9% per annum accruing from May 21, 2004 ▬▬▬

✗ ▬▬ of $ *617,197.84*, aggregating the sum of $ *2,003,945.84*, and that plaintiff

has execution therefore.

**ADJUDGED** that Plaintiff King Louie Enterprises LLC recover from defendant Comu a/k/a C.J. Comu, *(A) have judgment and Cengiz Jan (B)*

the amount of $135,000 and interest at the rate of 9% per annum accruing from December 31,

2003 ▬▬▬▬ of $ *64,811.10*, aggregating the sum of

✗ $ *199,811.10*, and that plaintiff has execution therefore.

**ADJUDGED** that Plaintiff Ronald Katz recover from defendant Comu the amount of *(*) have judgment and Cengiz Jan a/k/a C.J. Comu, (B)*

$50,000 and interest at the rate of 9% per annum accruing from August 31, 2003 ▬▬▬

✗ ▬▬ of $ *25,508.22*, aggregating the sum of $ *75,508.22*, and

that plaintiff has execution therefore.

Judgment entered this *30TH* day of *April*, 2009.

**FILED**

APR 30 2009

**NEW YORK
COUNTY CLERK'S OFFICE**

*Clerk*

(A) Located aT 8 wheaTley Ave, SearingTown, NY 11

(B) Residing aT 5301 Paladium Drive, Dallas, Texas

*) Individually, and as a Shareholder of HumiTech InTernational Group, Inc.,
Suing in The RighT of HumiTech InTernational Group, Inc., residing
aT 8 wheaTley Ave, SearingTown, NY 11507

2

000581

## Humitech Development Corporation v. Comu (Index No. 602567)

### Interest Calculations at 9% Per Annum

| Amount | date from | date to | No. of days outstanding | interest at 9% per annum | interest per day | principal plus interest |
|---|---|---|---|---|---|---|
| $1,386,748.00 | 05/21/04 | 04/30/09 | 1805 | $617,197.84 | $341.94 | $2,003,945.84 |
| $135,000.00 | 12/31/03 | 04/30/09 | 1947 | $64,811.10 | $33.29 | $199,811.10 |
| $50,000.00 | 08/31/03 | 04/30/09 | 2069 | $25,508.22 | $12.33 | $75,508.22 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------x
Humitech Development Corporation,
King Louie Mining, LLC          Plaintiff(s)
King Louie Enterprises, LLC, et. al.

          -against-

Cengiz Jan Comu a/k/a C.J.
Comu                      Defendant(s)
------------------------------------------------x

Index No.

602567/2006

AFFIRMATION

Anne F. McCaughey, an attorney duly admitted to practice in the state of New York, Affirms the following under the penalties of perjury:

I represent Plaintiffs in the above-entitled action. Plaintiffs hereby waive the right to seek costs and disbursements they are entitled to in this action.

**FILED**

APR 30 2009

NEW YORK
COUNTY CLERK'S OFFICE

Dated: April 30, 2009
New York, NY

Anne F. McCaughey

000582

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 602567-06

Humitech Development Corporation,
King Louie Mining, LLC, King Louie Enterprises, LLC,
Ronald Katz,

Plaintiff,

-against-

Cengiz Jan Comu a/k/a C.J. Comu

Defendants.

Judgment

1 - 3

**FILED AND DOCKETED**

APR 30 2009

AT    3:17 P M
N.Y., CO. CLK'S OFFICE

Wachtel + Masyr LLP
110 East 59th Street
New York, New York 10022
(212) 909-9528
Attorneys for Plaintiffs

000583

Witness, Hon. **EDWARD H. LEHNER** a Justice of the Supreme

Court of the State of New York for the County of New York, the *30th*

day of *April* in the year of our Lord two thousand and

*Nine* , and of our independence the two hundred and

*Thirty Two*

*Norman Goodman*

County Clerk and Clerk of the

Supreme Court, New York County

EDWARD H. LEHNER

a Justice of the Supreme Court of the State of New York for the County of New York,

the same being a Court of Record, do hereby certify that the foregoing attestation is

in due and proper form and by the proper officer.

Dated New York,                    MAY – 1 2009    *20 09*

Justice of the Supreme Court
of the State of New York.

State of New York,     } ss.:
County of New York,

I, NORMAN GOODMAN, County Clerk and Clerk of the
Supreme Court of the State of New York, County of New
York, do hereby certify that Hon. EDWARD H. LEHNER
whose name is subscribed to the preceding certificate is
a Justice of the Supreme Court of said State in and for
the County of New York, duly elected and qualified, and
that the signature of said Justice to said certificate is genuine.

IN TESTIMONY WHEREOF, I have hereunto set my
hand and affixed the Seal of said County and Court this
*30* day of *April*                    *2009* .

*Norman Goodman*

County Clerk and Clerk of the
Supreme Court, New York County.

15041

No. F_____

000584

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

HUMITECH INTERNATIONAL GROUP, INC.,   :
HUMITECH DEVELOPMENT CORPORATION,
KING LOUIE MINING, LLC, KING LOUIE
ENTERPRISES, LLC, and RONALD KATZ,   :

          Plaintiffs,   :

  :

  - against -   :

  :

CENGIZ JAN COMU a/k/a C.J. COMU, IVAN   :
GATI, THOMAS STUART DUCOTE a/k/a STUART
DUCOTE, and PAUL STEWART,   :

  :

          Defendants.   :

-------------------------------------------------------------------X

Index No.

## **SUMMONS AND COMPLAINT**

WACHTEL & MASYR, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X
HUMITECH INTERNATIONAL GROUP, INC.                    :
HUMITECH DEVELOPMENT CORPORATION,
KING LOUIE MINING, LLC, KING LOUIE
ENTERPRISES, LLC, AND RONALD KATZ,                    :

                                    Plaintiffs,            :

                - against -                                :

CENGIZ JAN COMU a/k/a C.J. COMU, IVAN           :
GATI, THOMAS STUART DUCOTE a/k/a STUART
DUCOTE, AND PAUL STEWART,

                                    Defendants.
----------------------------------------------------------------X

**Index No.**

**06602567**

**SUMMONS**

Basis for venue is
plaintiff's residence
and contract provisions

Plaintiff resides at
135 West 50th Street
New York, NY 10020

To the above named defendants:

        **You are hereby summoned** to answer the complaint in this action and to serve a

copy of your answer, or, if the complaint is not served with this summons, to serve a

notice of appearance, on the plaintiff's attorneys within 20 days after the service of this

summons, exclusive of the day of service (or within 30 days after the service is complete

if this summons is not personally delivered to you within the State of New York); and in

case of your failure to appear or answer, judgment will be taken against you by default

for the relief demanded in the complaint.

Dated: New York, New York
        July 20, 2006

                                            WACHTEL & MASYR, LLP

                                            By:
                                                John H. Reichman, Esq.
                                                110 East 59th Street
                                                New York, New York  10022
                                                (212) 909-9500
                                                Attorneys for Plaintiffs

TO:

Cengiz Jan Comu a/ka/ C.J. Comu
5301 Paladium Drive
Dallas, Texas 75254

Thomas Stuart Ducote a/k/a Stuart DuCote
3864 W Beverly Drive
Dallas, Texas 75209

Paul Stewart
c/o Paul Stewart Associates, Inc.
14455 Preston Rd., Suitc128
Dallas, Texas 75254

Ivan Gati
795 Pines Bridge Road
Ossining, New York 10562

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
HUMITECH INTERNATIONAL GROUP, INC.,    :
HUMITECH DEVELOPMENT CORPORATION,
KING LOUIE MINING, LLC, KING LOUIE                  Index No.
ENTERPRISES, LLC, and RONALD KATZ,     :

                  Plaintiffs,      :

                             :

     - against -           :         **COMPLAINT**

                             :

CENGIZ JAN COMU a/k/a C.J. COMU, IVAN
GATI, THOMAS STUART DUCOTE a/k/a STUART
DUCOTE, and PAUL STEWART,

                  Defendants.     :
------------------------------------------------------------X

      Plaintiffs, by and through their undersigned attorneys, Wachtel & Masyr, LLP, as and for

their Complaint against Defendants, allege the following:

## NATURE OF THE ACTION

      This is a fraud action against the former directors and officers of Humitech International

Group, Inc. ("Humitech"), who defrauded the company and its investors. Humitech was in the

business selling refrigerator systems to regulate humidity and reduce temperature using a mineral

known as Sorbite. Plaintiff King Louie Enterprises invested $185,000 to purchase Humitech

stock and Plaintiff King Louie Mining gave Humitech a $3,000,000 loan, of which

approximately $2,000,000 remains unpaid. Defendants falsely represented, among other things,

that (i) Humitech owned valuable mining rights to Sorbite which it did not own; (ii) it had sold

international franchises that would bring the company millions of dollars; (iii) its domestic

franchises were in compliance with the franchise laws; and (iv) the company's use of Sorbite

was unique. Defendants also engaged in self-dealing and converted Humitech property. Defendant Ivan Gati received undisclosed commissions and, while interim Chief Executive Officer of Humitech, converted $250,000 of Sorbite and other products belonging to Humitech. Defendant Ivan Gati also received $54,000 in loans from Plaintiff Ronald Katz, which he never repaid.

## THE PARTIES

1.  Plaintiff Humitech International Group, Inc. ("Humitech") is a Nevada corporation, whose principal place of business was Dallas, Texas. Humitech has, for all practical purposes, ceased operating because of the Defendants' fraudulent actions.

2.  Plaintiff Humitech Development Corporation ("HDC") is a Nevada corporation with a principal place of business in Nassau County, New York. Until or about April 17, 2006, HDC was a wholly owned subsidiary of Defendant Humitech International Group, Inc. ("Humitech").

3.  Plaintiff King Louie Mining, LLC, ("King Louie Mining") is a Delaware limited liability company with a principal place of business in Nassau County, New York.

4.  Plaintiff King Louie Enterprises, LLC, ("King Louie Enterprises") is a Delaware limited liability company with a principal place of business in Nassau County, New York.

5.  Plaintiff Ronald Katz ("Katz") is the managing member of King Louie Mining and King Louie Enterprises. On or about April 17, 2006, King Louie Mining acquired HDC by foreclosing upon the stock of HDC.

6.  Defendant Cengiz Jan Comu a/k/a C.J. Comu, ("Comu") resides in Dallas, Texas. Comu was formerly Chairman of the Board and Chief Executive Officer of Humitech.

7.  Defendant Ivan Gati ("Gati") resides in Westchester County, New York. Gati

2

G:\CLIENT DOCUMENTS\K\Katz, Ron\Humitech\Litigation\NYS Supreme Against Comu, DuCote, Gati, Stewart\FINAL complaint, 07.19.06.doc

Supreme Court Records OnLine Library - page 4 of 15

000589

was formerly a Director and an interim Chief Executive Officer of Humitech.

8. Defendant Thomas Stuart DuCote ("DuCote") resides in Dallas, Texas. DuCote was formerly Vice President, Chief Financial Officer, Secretary and a Director of Humitech.

9. Upon information and belief, Defendant Paul Stewart ("Stewart") resides in Dallas, Texas. Stewart was formerly a Director of Humitech. Stewart was held out to be an attorney and franchise specialist.

## JURISDICTION AND VENUE

10. This Court has jurisdiction by virtue of the parties consenting to personal jurisdiction in New York and their engaging in business in New York.

11. Venue is proper in this county because a substantial part of the events at issue occurred here and the parties consented to this venue.

## STATEMENT OF FACTS

### Humitech's Business

12. Humitech manufactured and sold humidity control products. These products are sold as panels to be used within refrigeration systems to regulate humidity and reduce temperatures. An essential component of the Humitech humidity control system is a mineral placed inside the panel, known as Sorbite. Sorbite absorbs humidity and reduces the air temperature of refrigerators and, as a result, decreases energy use and cost.

13. Humitech established and sold interests in domestic and international franchises.

14. Humitech had two subsidiaries; HDC which was created in 2004 to own the mining rights to Sorbite and Humitech Franchise Corporation, which owns the franchise contracts with franchisees.

3

G:\CLIENT DOCUMENTS\K\Katz, Ron\Humitech\Litigation\NYS Supreme Against Comu, DuCote, Gati, Stewart\FINAL complaint,
07.19.06.doc

Supreme Court Records OnLine Library - page 5 of 15

000590

**The Sale of Stock to King Louie Enterprises**

15.     In 2003, Defendant Comu was the Chief Executive Officer ("CEO") of Humitech. Defendant Gati acted as a New York franchisee.

16.     Defendants Gati and Comu told Katz that Humitech's product was unique and that no similar product was being sold.  These representations were made by Gati in New York beginning in or around the Spring of 2003 and continuing through May 2004, and by Comu in Dallas, Texas, in or around the Summer of 2003.

17.     In or around April 2004, Gati represented to Plaintiffs that Defendant Paul Stewart and Stewart's company, Paul Stewart Associates, were experts in franchising.  In or around March 2005, Stewart confirmed this representation to Katz.

18.     In 2003, Gati and Comu recommended that Ronald Katz invest in Humitech.

19.     Upon Comu's and Gati's recommendations, Katz, through his company, King Louie Enterprises, purchased 100,000 shares of Humitech stock for $50,000.

20.     In or about December 2003, Gati urged Katz to purchase additional unregistered stock of Humitech. As a result, in or about December 2003, King Louie Enterprises purchased another 900,000 shares of Humitech stock for $135,000.00.

**The $3,000,000 Loan to Humitech**

21.     In or about April 2004, Gati and Comu approached Katz about making a loan to Humitech in order for it to purchase the exclusive right to mine Sorbite in California, the only known place where Sorbite exists.  The seller, Alan Perlman, supposedly had exclusive mining rights to Sorbite.

22.     In or about April 2004, Defendants Comu and DuCote provided Katz with a "Humitech Money Line Report As of May 14, 2004" which was a schedule of upcoming sales of

4

G:\CLIENT DOCUMENTS\K\Katz, Ron\Humitech\Litigation\NYS Supreme Against Comu, DuCote, Gati, Stewart\FINAL complaint, 07.19.06.doc

000591

domestic and international franchises. The schedule showed that Humitech was to receive

$3,052,000 between May 24, 2004 and August 1, 2004, from international sales.

23.    Comu and Gati represented to Katz that Gati was not to receive compensation

from Humitech; Gati further represented that he would not receive a brokerage commission as a

result of any financing transaction between King Louie Mining and Humitech.

24.    On or about May 21, 2004, the parties entered into a Purchase and Sale

Agreement, Security Agreement and the Convertible Debenture Note, containing the following

terms: (a) King Louie Mining was to loan HDC $3,000,000;  (b) $1,000,000 was due on June 21,

2004 and $2,000,000 was due on May 20, 2006;  (c) an interest rate of 8% on unpaid principal

balance;  (d) an interest rate of 15% on amounts unpaid when due;  (e) the loan was secured by

the capital stock of HDC and mineral claims owed by HDC, which were to be purchased through

the proceeds of the King Louie Mining loan; and  (f) 10% of the proceeds for the sales of

international sales were to be used to pay down the loan; and   (g) King Louie Mining purchased

337,715 shares of Humitech stock, ten percent (10%) of the stock of the company, for $337.12.

25.    In the Security Agreement, Humitech and HDC, by defendant Ducote,

represented that HDC was the beneficial owner of the mineral rights, referred to as the "Mineral

Collateral" free and clear of any rights or claims.

26.    Pursuant to the terms of the Loan Agreement, King Louie Mining wire transferred

approximately $3,000,000 to Humitech on or about May 21, 2004.

**Humitech's Default and the Foreclosure on HDC**

27.    Nineteen (19) days after the loan documents were executed, Defendants defaulted

on the terms of the loan agreements by failing to pay to Plaintiffs 10% of international sales

revenue received by Humitech.

5

G:\CLIENT DOCUMENTS\K\Katz, Ron\Humitech\Litigation\NYS Supreme Against Comu, DuCote, Gati, Stewart\FINAL complaint, 07.19.06.doc

Supreme Court Records OnLine Library - page 7 of 15

000592

28.     Defendants failed to pay in advance the quarterly interest as Defendants were

obligated to do in accordance with the Secured Convertible Debenture.

29.     On or about April 17, 2006, King Louie Mining foreclosed on the shares of HDC

and King Louie Mining now owns one hundred percent (100%) of HDC.

**Defendants Convert Humitech Property**

30.     In May, 2005, Comu resigned from the Humitech Board of Directors and as CEO

of the company.

31.     After the resignation of Comu, Defendant Gati became the interim CEO of

Humitech.

32.     During his tenure as interim CEO, and while Humitech was insolvent, Gati, with

the full knowledge and assistance of Defendants DuCote and Stewart, converted for his own use

Sorbite mineral and Humitech panels and products, having an aggregate value of approximately

$250,000.

**Defendants' False Representations and Material Omissions**

33.     Defendants Comu, DuCote and Gati knew, but failed to reveal, the following facts

at or before the time King Louie Enterprises purchased Humitech stock and King Louie Mining

made the $3,000,000 loan:

> a.  On November 1, 1989, the Securities and Exchange Commission ("SEC") had
>
>     entered an Order of Permanent Injunction against Comu based on his dealings
>
>     with Oreo Mines, Inc., prohibiting him from selling unregistered securities or
>
>     "employing any device, scheme or artifice to defraud," or obtaining money or
>
>     property" by means of any untrue statement of a material fact or any omission
>
>     to state a material fact.  The order also ordered Comu to disgorge $80,000 but

6

G:\CLIENT DOCUMENTS\K\Katz, Ron\Humitech\Litigation\NYS Supreme Against Comu, DuCote, Gati, Stewart\FINAL complaint,
07.19.06.doc

Supreme Court Records OnLine Library - page 8 of 15

000593

waived it because of, among other things, his inability to pay (the "1989 SEC Order").

b. On April 9, 1999, the State of Wisconsin, Division of Securities, found that Comu had sold unregistered securities for violation of Wisconsin Securities law, and entered a permanent injunction barring Comu, or any agent, employee, or entity acting on his behalf, from selling unregistered securities in Wisconsin (the "1999 Wisconsin Order").

c. The SEC investigated AirTech International, Inc., a company of which Comu was affiliated with and Comu invoked his Fifth Amendment right against self-incrimination.

d. The Defendants had violated the Uniform Franchise Offering Circular in failing to disclose the aforementioned orders and injunctions.

e. Beginning in or around 1995, the Federal Reserve Board investigated DuCote for violations of Federal Banking Law and financial improprieties and that a consent order was entered on May 20, 1997 in which DuCote was assessed, and agreed to pay a fine of $1,500, in settlement of all charges alleged (the "1997 Federal Reserve Board Order").

f. Comu and DuCote had secretly paid Gati a $140,000 commission in connection with the $3,000,000 King Louie Mining loan.

g. In or around August 2003, Defendants provided Katz with an SEC SB-2 form for the registration and sale of Humitech stock which was fraudulent in the following respects:

i. it failed to disclose the 1989 SEC Order of Permanent Injunction against

7

G:\CLIENT DOCUMENTS\K\Katz, Ron\Humitech\Litigation\NYS Supreme Against Comu, DuCote, Gati, Stewart\FINAL complaint, 07.19.06.doc

Supreme Court Records OnLine Library - page 9 of 15

000594

Comu, prohibiting him from selling unregistered securities;

ii. it failed to disclose the 1999 order of the State of Wisconsin, Division of Securities, which found Comu had violated Wisconsin Securities law and permanently barred Comu and his agents from selling unregistered securities in that state.

iii. it failed to disclose Comu's involvement in AirTech International, Inc. and the SEC's investigation of Comu's involvement in same; and

iv. it fraudulently represented Paul Stewart to be an attorney, who specializes in corporate franchises.

34. Defendants made the following affirmative misrepresentations to Katz, King Louie Enterprises and King Louie Mining:

a. No other company was producing humidity products using Sorbite. In fact, Humitech had numerous other competitors including a company called Fridge Buddy, located in South Carolina.

b. Between May 15, 2004 and August 1, 2004, Humitech was scheduled to receive $4,000,000 in domestic and international franchise payments, of which King Louie Mining was entitled to receive 10% of the international franchise payments. In fact, Humitech only received $345,000.

c. Paul Stewart was a lawyer and he and his company were experts in lawfully establishing corporate franchises.

35. Defendants repeatedly made these false and misleading misstatements and omissions to Plaintiffs beginning on or about May 2003 and throughout on or about May 2004, with knowledge of their falsity and with the intent to deceive Katz, King Louie Enterprises and

8

G:\CLIENT DOCUMENTS\K\Katz, Ron\Humitech\Litigation\NYS Supreme Against Comu, DuCote, Gati, Stewart\FINAL complaint, 07.19.06.doc

Supreme Court Records OnLine Library - page 10 of 15

000595

King Louie Mining.

36.     King Louie Enterprises, King Louie Mining and Katz relied on the aforesaid false and misleading representations in purchasing Humitech stock and making the $3,000,000 loan to Humitech.

37.     King Louie Enterprises, King Louie Mining and Katz did not discover any of the fraudulent misrepresentations or omissions until well after the transactions were completed.

38.     King Louie Enterprises would not have purchased Humitech stock nor would King Louie Mining have loaned money to Humitech if they had been advised of the omissions set forth above.

**Defendant Gati Failed to Repay Loans to Plaintiff Katz**

39.     From November 30, 2004 through August 4, 2005, Plaintiff Katz made a series of loans to Defendant Gati, totaling $54,000.  The loans was payable upon demand by Katz.

40.     On November 2, 2005, Katz made a written demand to Gati to repay the loans in full.

41.     To date, Gati has refused to repay the $54,000 in loans to Katz, and is in default.

## FIRST CLAIM FOR RELIEF
### (Common Law Fraud)

42.     Plaintiffs repeat and reallege each and every allegation set forth above.

43.     By reason of the foregoing, King Louie Enterprises and King Louie Mining have sustained damages in an amount not less than $5,000,000.00, together with interest, legal fees and costs thereon provided by law.

9

G:\CLIENT DOCUMENTS\K\Katz, Ron\Humitech\Litigation\NYS Supreme Against Comu, DuCote, Gati, Stewart\FINAL complaint, 07.19.06.doc

Supreme Court Records OnLine Library - page 11 of 15

000596

## SECOND CLAIM FOR RELIEF
### (Securities Fraud)

44.     Plaintiffs repeat and reallege each and every allegation set forth above.

45.     Defendants Comu, DuCote and Gati made representations and omissions in connection with the sale of securities – i.e. that is Humitech stock.

46.     By reason of the foregoing, King Louie Enterprises and King Louie Mining have sustained damages in an amount not less than $5,000,000.00, together with interest, legal fees and costs thereon provided by law.

## THIRD CLAIM FOR RELIEF
### (Negligent Misrepresentation)

47.     Plaintiffs repeat and reallege each and every allegation set forth above.

48.     If the misrepresentations and omissions were not willful, they were negligently made and/or omitted.

49.     As a direct and proximate result of the negligent misrepresentations and omissions made by Defendants to the Plaintiffs, Plaintiffs have been damaged in an amount not less than $5,000,000.00, plus interest and costs as provided by the Court.

## FOURTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)

50.     Plaintiffs repeat and reallege each and every allegation set forth above.

51.     Defendants Comu, Gati, DuCote and Stewart owed Humitech a duty to act honestly in good faith and not to engage in self-dealing.

52.     Defendants, as directors and officers, of Humitech engaged in the following disloyal, dishonest and untrustworthy conduct:

      a.     failed to reveal that they used Humitech funds to pay Gati a brokerage commission of $140,000;

10

G:\CLIENT DOCUMENTS\K\Katz, Ron\Humitech\Litigation\NYS Supreme Against Comu, DuCote, Gati, Stewart\FINAL complaint, 07.19.06.doc

Supreme Court Records OnLine Library - page 12 of 15

000597

b.     failed to reveal that Humitech was in violation of numerous federal and state franchise laws;

c.     utilized their positions as Board members for their own economic advantage and thereby diminished the business of Humitech;

d.     failed to disclose to independent and outside directors and franchisees the 1989 SEC Order, the 1997 Federal Reserve Board Order and the 1999 Wisconsin Order.

e.     misrepresented that Paul Stewart and his company were franchise attorneys;

f.     allowed Defendant Comu's personal expenses to be paid with Humitech funds;

g.     paid Defendant Gati a bonus in or about September 2005, while Gati acted as interim CEO of Humitech and a time when Humitech was insolvent; and

h.     allowed Gati to convert $250,000 of Humitech product.

## FIFTH CLAIM FOR RELIEF
### (Conversion)

53.     Plaintiffs repeat and reallege each and every allegation contained herein as if more fully set forth herein.

54.     Defendant Gati converted Sorbite, panels and other products valued at approximately $250,0000, in or around September 2005 from Humitech without paying any consideration to Humitech.

55.     By reason of the foregoing, Humitech is entitled to compensatory damages, and punitive damages.

## SIXTH CLAIM FOR RELIEF
### (Unpaid Loan)

56.     Plaintiffs repeat and reallege each and every allegation contained herein as if more fully set forth herein.

11

G:\CLIENT DOCUMENTS\K\Katz, Ron\Humitech\Litigation\NYS Supreme Against Comu, DuCote, Gati, Stewart\FINAL complaint, 07.19.06.doc

Supreme Court Records OnLine Library - page 13 of 15

000598

57.     From November 30, 2004 through August 4, 2005, Plaintiff Katz made a series of loans to Defendant Gati, totaling $54,000, and these loans were payable on demand.  Katz has demanded that the loans be repaid.

58.     Gati has failed to repay the loans.

59.     By reason of the foregoing, Katz is entitled to compensatory damages, and punitive damages.

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment against Defendants for:

a)      compensatory damages;

b)      punitive damages; and

c)      such other and further relief as the Court deems just and proper.

DATED:  July 20, 2006
        New York, New York

WACHTEL & MASYR, LLP

By:
John H. Reichman
Attorneys for Plaintiffs
110 East 59th Street
New York, New York 10022
(212) 909-9500

12

G:\CLIENT DOCUMENTS\K\Katz, Ron\Humitech\Litigation\NYS Supreme Against Cornu, DuCote, Gati, Stewart\FINAL complaint, 07.19.06.doc

Supreme Court Records OnLine Library -  page 14 of 15

000599

Filed
13 July 19 P12:40
Gary Fitzsimmons
District Clerk
Dallas District

CAUSE NO. DC-13-07982

| | | |
|---|---|---|
| RONALD KATZ, KING LOUIE | § | IN THE DISTRICT COURT OF |
| MINING, LLC, AND KING LOUIE | § | |
| ENTERPRISES, LLC | § | |
|    Plaintiff | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| EMIL LIPPE, JR., AND EMIL LIPPE, | § | |
| JR., P.C. D/B/A LAW OFFICES OF | § | |
| LIPPE & ASSOCIATES | § | |
|    Defendants | § | E-101ST JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

      COME NOW Plaintiffs Ronald Katz ("Katz"), King Louie Mining, LLC ("KLE"), and

King Louie Enterprises, LLC ("KLE") (together, "Plaintiffs") and file this original petition and

request for disclosure against Defendants Emil Lippe, Jr., and Emil Lippe, Jr., P.C. d/b/a Law

Offices of Lippe & Associates ("Defendants" or "Lippe") and in support shows as follows:

## I. DISCOVERY

1.    Discovery in this case is intended to be conducted under level 3 of Rule 190 of the Texas

Rules of Civil Procedure.

## II. PARTIES

2.    Plaintiff Ronald Katz is an individual who resides in Nassau County, New York.

3.    Plaintiff King Louie Mining, LLC is a Delaware limited liability company with principal

offices and place of business at 8 Wheatley Avenue, Albertson, New York 11507.

4.    Plaintiff King Louie Enterprises, LLC is a Delaware limited liability company principal

offices and place of business at 8 Wheatley Avenue, Albertson, New York 11507.

*AUS 536248209v3*

000600

5.      Defendant Emil Lippe, Jr. is a resident of Dallas County, Texas.  He may be served at 6828 Gaston Avenue, Dallas, Texas 75214-4030.

6.      Defendant Emil Lippe, Jr., P.C. d/b/a Law Offices of Lippe & Associates, a Texas professional corporation is located in Dallas County, Texas, and may be served with process through its registered agent, Emil Lippe, Jr., at 6828 Gaston Avenue, Dallas, Texas 75214-4030.

## III. VENUE

7.      Venue is proper in Dallas County because it is the county in which all or a substantial part of the events or omissions giving rise to this claim occurred and the county of the Defendants' residence.  TEX. CIV. PRAC. & REM. §15.002(a)(1) and (2).

## IV. FACTS

8.      In 2006, Plaintiffs filed a fraud and fiduciary duty action in New York against Cengiz J. Comu ("Comu"), styled *Humitech Int'l Group, Inc., et al. v. Comu, et al*, Index No. 06-602567, in the Supreme Court of the State of New York, County of New York.  On April 30, 2009, the New York Supreme Court entered a default judgment in favor of Katz, KLM and KLE for $2,279,265.16 (the "NY Fraud Judgment").

9.      Comu is a resident of Dallas, Texas.   Seeking to collect the damages awarded in the NY Fraud Judgment, Plaintiffs retained Defendant Emil Lippe, Jr. to domesticate the NY Fraud Judgment and pursue recoveries from Comu.  *See King Louie Mining, LLC, et al. v. Comu*, Cause No. 09-06891, in the 134th Judicial District Court, Dallas County, Texas (filed June 2, 2009) (the "Texas Action").   The Texas Action was stayed when Comu filed a Chapter 7 bankruptcy petition on December 31, 2009. *In re Cengiz J. Comu a/k/a CJ Comu*, Case No. 09-38820-sgj-7, in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Comu Bankruptcy").   Lippe filed a Notice of Appearance in the Comu

000601

Bankruptcy on January 28, 2010, and continued to serve as lead counsel for Plaintiffs as they pursued recovery of the damages awarded in the NY Fraud Judgment.

10.     A prior final fraud judgment is non-dischargeable under Bankruptcy Code § 523(a)(2)(A) as a debt for money obtained by fraud.  Thus, under the Bankruptcy Code, Comu would have been unable to escape his liability for damages in the NY Fraud Judgment even through bankruptcy discharge.

11.     The Bankruptcy Court notified Lippe that the deadline for objecting to discharge in the Comu Bankruptcy was April 12, 2010.  Filing a timely objection to the discharge would have been inexpensive and efficient under then Bankruptcy Code's procedures.  However, Lippe failed to timely object to discharge, and on April 14, 2010, the Bankruptcy Court entered an order granting Comu discharge of his debts – including the NY Fraud Judgment.

12.     As a result of Lippe's failure to adhere to the Bankruptcy Court's deadlines for objecting to discharge, Plaintiffs have potentially lost the significant value of a final fraud judgment, and are instead faced with a higher burden of establishing grounds for revocation of the Bankruptcy Court's discharge.  On behalf of Plaintiffs, Lippe filed an adversary proceeding, styled *Diane G. Reed, et al. v. Cengiz J. Comu a/k/a CJ Comu*, adversary number 10-03269-sgj, pending in the same court (the "Adversary") (filed September 3, 2010).

13.     Successfully prosecuting a claim for revocation of discharge involves significantly more litigation cost than a timely and proper objection to discharge.  As a result of Lippe's failure to timely object to discharge, Plaintiffs have incurred significant additional attorneys' fees and litigation expenses related to pursuing their request for revocation of discharge in the Adversary, which has been litigated now for over two years, and remains pending in the Bankruptcy Court.  Moreover, Lippe failed to seek any injunctive relief in the Bankruptcy Court that would have

prohibited Comu from transferring assets to new entities while dischargeability was resolved, increasing the risk and costs associated with any ultimate recovery on the NY Fraud Judgment.

14.    In addition to the substantial attorneys' fees accrued by Lippe in the Adversary, Plaintiffs retained the law firm of Greenberg Traurig to assist with the revocation claim in May, 2013. Plaintiffs terminated Lippe as counsel in June, 2013, and Lippe withdrew as counsel for Plaintiffs in the Adversary on June 17, 2013.  Plaintiffs have incurred significant additional attorneys' fees as a result.

15.    Defendant Lippe is board certified by the Texas Board of Legal Specialists, and he held himself out as particulary, even uniquely, capable of providing Plaintiffs the highest-level representation available.  To the contrary, he repeatedly failed to meet the standard of care for Texas lawyers practicing in bankruptcy court, resulting in protracted litigation that has cost Plaintiffs and will cost Plaintiffs hundreds of thousands of dollars.  Some of Defendant Lippe's acts of negligence include:

    a.   failure to timely file an objection to the discharge of the NY Fraud Judgment, which would have permitted Plaintiffs to immediately pursue collection of the damages awarded in that judgment without the significantly increased cost and risk associated with the Adversary;

    b.   failure to file an application for turnover order or other collections action in Texas, despite ensuring to Plaintiffs they would;

    c.   failure to timely seek injunctive relief that would have prohibited Comu from transferring assets during the pendency of the Comu Bankruptcy or the Adversary, effectively creating a more than two-year window of opportunity for Comu to secret substantial assets in new entities in other states and abroad;

    d.   failure to adequately conduct discovery or prepare for trial;

    e.   failure to disclose to the Plaintiffs that Lippe had a conflict of interest that pitted his own personal interests against those of the clients;

    f.   conducting unauthorized meetings with potential witnesses in the Adversary *after* he was terminated and *after* he withdrew as counsel for Plaintiffs in the Adversary, and failing to

000603

communicate such discussions or turn over related documents to Plaintiffs' new counsel, Greenberg Traurig, in a timely fashion; and

g. failing to notify his clients of the above missed deadlines, intentionally taking further actions to hide his errors from his clients to avoid potential liability, and intentionally failing to take mitigating action that could have reduced the expenses incurred by Plaintiffs since the Comu Bankruptcy was filed in December, 2009.

16.     As their attorney, Lippe owed Plaintiffs the highest duty of loyalty and honesty known to law -- the fiduciary duty.     Nonetheless, he willfully concealed and failed to disclose the negligence listed above as required by TEX. R. DISC. CONDUCT 1.03(b) and 8.04(a)(3), and he engaged in a scheme to make an end-run around co-counsel to try to get the case resolved at a bargain-basement price by going directly to the Trustee when he had been expressly instructed not to do so.

## V.  CAUSES OF ACTION

17.     The misconduct described above gives rise to causes of action for negligence, breach of fiduciary duty, fraud, and negligent misrepresentation, giving rise to significant damages including, but not limited to, the potential loss of the value of the NY Fraud Judgment (should the Bankruptcy Court decline to revoke the discharge, and a result of increased difficulties in collecting on the judgment), substantially increased fees accrued by Defendants and charged to Plaintiffs, attorneys' fees incurred by the law firm of Greenberg Traurig, which would not have been necessary had an objection to discharge been timely filed, and attorneys' fees for counsel pursuing these claims.

18.     In addition to actual damages, Plaintiffs seek disgorgement of fees paid to Defendants over the course of the Comu Bankruptcy and the Adversary.  Plaintiffs further seek a declaratory judgment that any claim for unpaid attorneys' fees accrued by Defendants and sought from Plaintiffs is barred by Defendants' misconduct.

000604

## VI. JURY DEMAND

19. Plaintiff hereby demands a jury and tenders the appropriate fee.

## VII. REQUEST FOR DISCLOSURE

20. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 and Rule 192.3(f) of the Texas Rules of Civil Procedure.

## VIII. PRAYER FOR RELIEF

Plaintiffs respectfully request that Defendants be cited to appear and answer, and that Plaintiffs be granted judgment against Defendants for monetary relief in excess of $1,000,000, attorneys' fees, pre- and post-judgment interest, costs of court, and all further relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

**RICHARDSON + BURGESS LLP**
221 West 6th Street, Suite 900
Austin, Texas 78701-3445
Telephone: (512) 482-8808
Facsimile: (512) 499-8886

By: _____
     Karen C. Burgess
     State Bar No. 00796276

**ATTORNEYS FOR PLAINTIFFS**
**RONALD KATZ, KING LOUIE MINING, LLC, AND**
**KING LOUIE ENTERPRISES, LLC**



**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 21, 2013**

**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO. 09-38820-sgj7 |
| | § | |
| DEBTOR. | § | |

---

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, KING LOUIE ENTERPRISES, LLC, AND RONALD KATZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant | § | |

---

| | |
|---|---|
| DIANE G. REED, TRUSTEE, | § |
|     Intervenor, Co-Plaintiff, and | § |
|     Third-Party Plaintiff, | |
| | § |
| v. | § |
| CENGIZ J. COMU a/k/a CJ COMU, | § |
|     Defendant, | § |
| and | § |
| PHYLLIS E. COMU, BERNARD D. BROWN, THE BARCLAY GROUP, INC., AND SUSSET PACIFIC, L.P. | § |
|     Third-Party Defendants. | § |

## <u>ORDER</u>

Upon the Motion to Intervene by proposed intervenor Lippe    Perry, P.C., d/b/a Law

Offices of Lippe    Associate (hereafter "Lippe    Associates") and a hearing on the Motion to

Intervene having been held by the Court on August 15, 2013  and after considering all papers

filed in connection with the Motion to Intervene including Plaintiff s Response in Opposition

and Lippe    Associates  Reply  and upon the record of the hearing  and after due considerations

and good and sufficient cause appearing therefore, it is

ORDERED, that the Motion to Intervene is denied.

IT IS SO ORDERED.

### END OF ORDER

**GREENBERG TRAURIG, LLP**
Shari L. Heyen
Texas Bar No. 09564750
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Email: heyens@gtlaw.com

Kendyl T. Hanks
Texas Bar No. 24032273
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210
Email: hanksk@gtlaw.com

Charles P. Floyd
Texas Bar No. 24055487
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email: floydc@gtlaw.com

000607

Shari L. Heyen
State Bar No. 09564750
HeyenS@gtlaw.com
Kendyl T. Hanks
State Bar No. 24032273
Charles P. Floyd
State Bar No. 24055487
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 1700
Houston, Texas  77002
Telephone: (713) 374-3500
Telecopier: (713) 374-3505

ATTORNEYS FOR PLAINTIFFS' KING LOUIE MINING, LLC,
KING LOUIE ENTERPRISES, LLC AND RONALD KATZ

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO. 09-38820-sgj7 |
| | § | |
| DEBTOR. | § | |

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, KING | § | |
| LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant | § | |

| | | |
|---|---|---|
| DIANE G. REED, TRUSTEE, | § | |
|     Intervenor, Co-Plaintiff, and | § | |
|     Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant, | § | |
| and | § | |
| PHYLLIS E. COMU, BERNARD D. | § | |
| BROWN, THE BARCLAY GROUP, INC., | § | |
| AND SUSSET PACIFIC, L.P. | § | |
|     Third-Party Defendants. | § | |

## AGREED MOTION TO AMEND SCHEDULING ORDER

AUS 536244098v3

000608

Plaintiffs King Louie Mining, LLC, King Louie Enterprises, LLC, and Ronald Kat file this Agreed Motion to Amend the Agreed Scheduling Order entered by the Court on June 21, 2013 Doc. 90 .

As announced on August 15, 2013, the parties have conferred regarding enlarging the time allowed in this adversary proceeding to conduct adequate discovery and ensure the efficient disposition of the matters before the Court.  As a result of this conference, the parties have determined that it is in the best interest of all parties to extend the schedule of deadlines contained in the June 21, 2013 Order as follows:

| | |
|---|---|
| September 9, 2013 | Deadline for Plaintiffs' expert reports. |
| September 23, 2013 | Deadline for Defendants' expert reports. |
| October 9, 2013 | Discovery must be completed. |
| October 18, 2013 | Deadline for filing dispositive motions. |
| October 25, 2013 | Deadline for filing Daubert motions. |
| October 25, 2013 | Deadline for filing witness and exhibit lists and exchange of marked exhibits. |
| October 28, 2013 | Deadline for hearing on Daubert motions. |
| October 28, 2013 | Deadline for filing joint pre-trial order. |
| November 1, 2013 | Deadline for filing proposed findings of fact and conclusions of law. |
| November 1, 2013 | Deadline for filing trial briefs. |
| November 4, 2013 | Deadline to hold Pretrial Conference (if trial will exceed 1 day). |
| November 4, 2013 at 1:30 p.m. | Trial docket call. |
| November 18, 2013 | Trial week. |

AUS 536244098v3

000609

A proposed Amended Agreed Scheduling Order reflecting these amended deadlines is attached hereto as Exhibit A , and has been approved by all parties as indicated by their electronic signatures thereon.

The parties believe this request for an extension is reasonable given the complexity of the issues in this adversary proceeding.  Additionally, such an extension will not prejudice any party. This Motion is made without intent to prejudice to the parties' ability to request additional extensions of time.

DATED:  August 23, 2013.

GREENBERG TRAURIG, LLP

By:/s/ Shari L. Heyen
    Shari L. Heyen
    Texas Bar No. 09564750
    1000 Louisiana, Suite 1700
    Houston, Texas 77002
    Telephone: (713) 374-3500
    Facsimile: (713) 374-3505
    Email: heyens@gtlaw.com

    Kendyl T. Hanks
    Texas Bar No. 24032273
    300 West 6th Street, Suite 2050
    Austin, Texas 78701
    Telephone: (512) 320-7200
    Facsimile: (512) 320-7210
    Email: hanksk@gtlaw.com

    Charles P. Floyd
    Texas Bar No. 24055487
    2200 Ross Avenue, Suite 5200
    Dallas, Texas 75201
    Telephone: (214) 665-3600
    Facsimile: (214) 665-3601
    Email: floydc@gtlaw.com

    ATTORNEYS FOR PLAINTIFFS KING
    LOUIE MINING, LLC, KING LOUIE
    ENTERPRISES, LLC AND RONALD
    KATZ

AUS 536244098v3

000610

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for each of the parties regarding the relief requested in this motion, and all parties agree it would be in their interest and in the interest of justice to extend the deadlines as described herein.

*/s/ Shari L. Heyen*
**Shari L. Heyen**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Agreed Motion to Amend Scheduling Order* has been served upon the parties eligible to receive notice through the Court's ECF facilities by electronic mail on August 23, 2013.

*/s/ Shari L. Heyen*
**Shari L. Heyen**

AUS 536244098v3

000611

**E  HIBIT A**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO. 09-38820-sgj7 |
| | § | |
| DEBTOR. | § | |

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, KING | § | |
| LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant | § | |

| | | |
|---|---|---|
| DIANE G. REED, TRUSTEE, | § | |
|     Intervenor, Co-Plaintiff, and | § | |
|     Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant, | § | |
| and | § | |
| PHYLLIS E. COMU, BERNARD D. | § | |
| BROWN, THE BARCLAY GROUP, INC., | § | |
| AND SUNSET PACIFIC, L.P., | § | |
|     Third-Party Defendants. | § | |

**AGREED AMENDED SCHEDULING ORDER**

AUS 536244098v3

000613

The parties represent that they have agreed to the terms of this Agreed Amended Scheduling Order.  It is hereby **ORDERED** that the following schedule of deadlines shall be in effect until further order of this Court:

| | |
|---|---|
| S          , | Deadline for Plaintiffs' expert reports. |
| S           , | Deadline for Defendants' expert reports. |
| O      , | Discovery must be completed. |
| O        , | Deadline for filing dispositive motions. |
| O        , | Deadline for filing Daubert motions. |
| O        , | Deadline for filing witness and exhibit lists and exchange of marked exhibits. |
| O        , | Deadline for hearing on Daubert motions. |
| O        , | Deadline for filing joint pre-trial order. |
| N          , | Deadline for filing proposed findings of fact and conclusions of law. |
| N          , | Deadline for filing trial briefs. |
| N          , | Deadline to hold Pretrial Conference (if trial will exceed 1 day). |
| N_____,_____.__. | Trial docket call. |
| N          , | Trial week. |

**IT IS FURTHER ORDERED** that this Order is made without prejudice to the parties ability to request additional extensions of time.

END OF ORDER

**AGREED**

**GREENBERG TRAURIG, LLP**

By:   _/s/ Shari L. Heyen_

Shari L. Heyen
Texas Bar No. 09564750
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Email: heyens@gtlaw.com

Kendyl T. Hanks
Texas Bar No. 24032273
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210
Email: hanksk@gtlaw.com

Charles P. Floyd
Texas Bar No. 24055487
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email: floydc@gtlaw.com

**ATTORNEYS FOR PLAINTIFFS KING LOUIE MINING, LLC, KING LOUIE ENTERPRISES, LLC AND RONALD KATZ**

By:  */s/   a id  .  lm uist*

**REED & ELMQUIST, P.C.**

David W. Elmquist
Texas Bar No. 06591300
501 N. College St.
Waxahachie, Texas 75165
Telephone: (972) 938-7339
Facsimile: (972) 923-0430
Email: delmquist@bcylawyers.com

**ATTORNEYS FOR INTERVENOR, CO-PLAINTIFF,
AND THIRD-PARTY PLAINTIFF**

By:  */s/   ennis Olson*

**OLSON NICOUD & GUECK, L.L.P.**

Dennis Olson
Texas Bar No. 15273500
1201 Main Street, Suite 2470
Dallas, Texas 75202
Telephone: (214) 979-7302
Facsimile: (214) 979-7301
Email: denniso@dallas-law.com

**ATTORNEYS FOR DEFENDANT AND THIRD-
PARTY DEFENDANTS**



**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed September 12, 2013**

**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO. 09-38820-sgj7 |
| | § | |
| DEBTOR. | § | |

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, KING | § | |
| LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
|   Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|   Defendant | § | |

| | |
|---|---|
| DIANE G. REED, TRUSTEE, | § |
|   Intervenor, Co-Plaintiff, and | § |
|   Third-Party Plaintiff, | § |
| | § |
| v. | § |
| CENGIZ J. COMU a/k/a CJ COMU, | § |
|   Defendant, | § |
| and | § |
| PHYLLIS E. COMU, BERNARD D. | § |
| BROWN, THE BARCLAY GROUP, INC., | § |
| AND SUNSET PACIFIC, L.P., | § |
|   Third-Party Defendants. | § |

000617

## AGREED AMENDED SCHEDULING ORDER

The parties represent that they have agreed to the terms of this Agreed Amended Scheduling Order.  It is hereby ORDERED that the following schedule of deadlines shall be in effect until further order of this Court:

| | |
|---|---|
| September 9, 2013 | Deadline for Plaintiffs' expert reports. |
| September 23, 2013 | Deadline for Defendants' expert reports. |
| O t ber 9, 2013 | Discovery must be completed. |
| O t ber 1 , 2013 | Deadline for filing dispositive motions. |
| O t ber 25, 2013 | Deadline for filing Daubert motions. |
| N  ember 25, 2013 | Deadline for filing witness and exhibit lists and exchange of marked exhibits. |
| N  ember 25, 2013 | Deadline for hearing on Daubert motions. |
| N  ember 2 , 2013 | Deadline for filing joint pre-trial order. |
| N  ember 2 , 2013 | Deadline for filing proposed findings of fact and conclusions of law. |
| N  ember 2 , 2013 | Deadline for filing trial briefs. |
| De ember 2, 2013 | Deadline to hold Pretrial Conference (if trial will exceed 1 day). |
| De ember 9, 2013 at 1:30 p.m. | Trial docket call. |
| De ember 16, 2013 | Trial week. |

IT IS FURTHER ORDERED that this Order is made without prejudice to the parties' ability to request additional extensions of time.

### END OF ORDER ###

000618

**AGREED**

**GREENBERG TRAURIG, LLP**

By: */s/ Shari L. Heyen*

Shari L. Heyen
Texas Bar No. 09564750
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Email: heyens@gtlaw.com

Kendyl T. Hanks
Texas Bar No. 24032273
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210
Email: hanksk@gtlaw.com

Charles P. Floyd
Texas Bar No. 24055487
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email: floydc@gtlaw.com

**ATTORNEYS FOR PLAINTIFFS KING LOUIE MINING, LLC, KING LOUIE ENTERPRISES, LLC AND RONALD KATZ**

000619

By: */s/ a id . lm uist*

**REED & ELMQUIST, P.C.**

David W. Elmquist
Texas Bar No. 06591300
501 N. College St.
Waxahachie, Texas 75165
Telephone: (972) 938-7339
Facsimile: (972) 923-0430
Email: delmquist@bcylawyers.com

**ATTORNEYS FOR INTERVENOR, CO-PLAINTIFF, AND THIRD-PARTY PLAINTIFF**


By: */s/ ennis Olson*

**OLSON NICOUD & GUECK, L.L.P.**

Dennis Olson
Texas Bar No. 15273500
1201 Main Street, Suite 2470
Dallas, Texas 75202
Telephone: (214) 979-7302
Facsimile: (214) 979-7301
Email: denniso@dallas-law.com

**ATTORNEYS FOR DEFENDANT AND THIRD-PARTY DEFENDANTS**

Dennis Olson
State Bar No. 15273500
OLSON NICOUD & GUECK, L.L.P.
1201 Main Street, Suite 2470
Dallas, Texas 75202
(214) 979-7302 – Telephone
(214) 979-7301 – Facsimile
Email: denniso@dallas-law.com

ATTORNEYS FOR DEFENDANT

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CENGIZ J. COMU a/k/a | § | CASE NO. 09-38820-sgj-7 |
| CJ COMU, | § | |
| Debtor. | § | CHAPTER 7 |
| | | |
| KING LOUIE MINING, LLC, | § | |
| KING LOUIE ENTERPRISES, LLC, | § | |
| and RONALD KATZ, | § | |
| Plaintiffs, | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
| Defendant. | § | |
| DIANE G. REED, TRUSTEE | § | |
| Intervenor, Co-Plaintiff, and | § | |
| Third-Party Plaintiff, | § | |
| v. | § | |
| CENGIZ J. COMU, | § | |
| Defendant, | § | |
| and | § | |
| PHYLLIS E. COMU, BERNARD D. | § | |
| BROWN, THE BARCLAY GROUP, INC. | § | |
| AND SUNSET PACIFIC, L.P. | § | |
| Third-Party Defendants. | § | |

## DEFENDANTS' LIST OF WITNESSES AND EXHIBITS

TO THE HONORABLE STACEY G C JERNIGAN
UNITED STATES BANKRUPTCY JUDGE:

      Now come the Defendants in the above-captioned adversary proceeding and file their list

**DEFENDANTS' LIST OF WITNESSES AND EXHIBITS**
**Page - 1**

000621

of witnesses and exhibits, as follows:

1.    <u>Witnesses</u>

    a.    Defendant C. J. Comu, individually, and as representative of Defendant The Barclay Group, Inc.

    b.    Defendant Phyllis Comu, individually, and as representative of Defendant Sunset Pacific, L.P.

    c.    Diane Reed, Trustee

    d.    Alvin L. Dahl, CPA

    e.    Cecil Mathis, Attorney

    f.    Defendants reserve the right to call any witness listed by the Plaintiffs and the Trustee as Intervenor.

2.    <u>Exhibits</u>

    a.    C. J.'s gift of Sunset Pacific to Phyllis on January 1, 2006, Exhibit 1

    b.    Plaintiffs' suit against Emil Lippe for malpractice, Exhibit 2

    c.    Defendants may request the Court to take judicial notice of various documents in C.J. Comu's main bankruptcy case and in this adversary proceeding, and if so, copies will be provided.

    d.    Defendants reserve the right to use any exhibit identified by Plaintiffs or by the Trustee as Intervenor.

    e.    Defendants reserve the right to offer additional exhibits to "complete" exhibits offered by Plaintiffs and the Trustee as Intervenor.

    f.    Defendants reserve the right to add additional exhibits once the deposition of C.J. Comu taken on November 4, 2013, and its exhibits have been reviewed by Mr. Comu and the undersigned (receipt of the Deposition and the Exhibits by Mr. Olson at 2:55 p.m. on November 25, 2013, is hereby acknowledged).

000622

Respectfully submitted,

OLSON NICOUD & GUECK, L.L.P.
1201 Main Street, Suite 2470
Dallas, Texas 75202
(214) 979-7302 - Telephone
(214) 979-7301 – Facsimile
Email: denniso@dallas-law.com

By: /s/ Dennis Olson _____
       Dennis Olson
       State Bar No. 15273500

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

     The undersigned certifies that a true and correct copy of the foregoing Defendants' List of Witnesses and Exhibits was served upon:

Kendyl T. Hanks
GREENBERG TRAURIG, LLP
300 West 6th St., Ste 2050
Austin   TX   78701

Charles P. Floyd
GREENBERG TRAURIG, LLP
2200 Ross Ave., Sute 5200
Dallas   TX   75201

Shari L. Heyen
GREENBERG TRAURIG LLP
1000 Louisiana, Ste 1700
Houston   TX   77002

David W. Elmquist
Reed & Elmquist, P.C.
604 Water Street
Waxahachie, Texas 75165-3361


via electronic or by regular first class mail, on the 25th day of November, 2013.

               /s/ Dennis Olson _____
               Dennis Olson

000623

Shari L. Heyen
State Bar No. 09564750
HeyenS@gtlaw.com
Kendyl T. Hanks
State Bar No. 24032273
Charles P. Floyd
State Bar No. 24055487
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Telecopier: (713) 374-3505

**ATTORNEYS FOR PLAINTIFFS' KING LOUIE MINING, LLC,
KING LOUIE ENTERPRISES, LLC AND RONALD KATZ**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO. 09-38820-sgj7 |
| | § | |
| DEBTOR. | § | |
| KING LOUIE MINING, LLC, KING | § | |
| LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant | § | |
| DIANE G. REED, TRUSTEE, | § | |
|     Intervenor, Co-Plaintiff, and | § | |
|     Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant, | § | |
| and | § | |
| PHYLLIS E. COMU, BERNARD D. | § | |
| BROWN, THE BARCLAY GROUP, INC., | § | |
| AND SUSSET PACIFIC, L.P. | § | |
|     Third-Party Defendants. | § | |

**PLAINTIFFS' MOTION FOR CONTINUANCE OF
SCHEDULING ORDER DEADLINES AND TRIAL**

Plaintiffs King Louie Mining, LLC, King Louie Enterprises, LLC, and Ronald Katz

(collectively, the "Plaintiffs") file this *Motion or ontinuance o Scheduling Order eadlines*

*and   rial*.  The current Scheduling Order appears at Docket No. 101.

Due to unavoidable and unforeseen events, Plaintiffs respectfully request a continuance of all scheduling deadlines and the trial for sixty (60) days.  The request is made in good faith and not to unduly delay the proceedings or to prejudice any party.  Counsel for Plaintiffs will confer with all counsel of record at the earliest available opportunity to determine whether they oppose this request.  Once that is determined, Plaintiffs  counsel will supplement this request with a proposed amended scheduling order.  This Motion is made without intent to prejudice to the parties  ability to request additional extensions of time.

DATED:  November 25, 2013.

**GREENBERG TRAURIG, LLP**

By:*/s/ Shari L. Heyen*
Shari L. Heyen
Texas Bar No. 09564750
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Email: heyens@gtlaw.com

Kendyl T. Hanks
Texas Bar No. 24032273
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210
Email: hanksk@gtlaw.com

Charles P. Floyd
Texas Bar No. 24055487
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email: floydc@gtlaw.com

**ATTORNEYS FOR PLAINTIFFS KING
LOUIE MINING, LLC, KING LOUIE
ENTERPRISES, LLC AND RONALD KATZ**

AUS 536244098v3

000625

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *laintiffs Motion for ontinuance of Scheduling Order eadlines and rial* has been served upon the parties eligible to receive notice through the Court's ECF facilities by electronic mail on November 25, 2013.

/s/ Shari L. Heyen
Shari L. Heyen

AUS 536244098v3

000626

EXHIBIT A

Pr  p  se  Or  er

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO. 09-38820-sgj7 |
| | § | |
| DEBTOR. | § | |

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, KING | § | |
| LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant | § | |

| | | |
|---|---|---|
| DIANE G. REED, TRUSTEE, | § | |
|     Intervenor, Co-Plaintiff, and | § | |
|     Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant, | § | |
| and | § | |
| PHYLLIS E. COMU, BERNARD D. | § | |
| BROWN, THE BARCLAY GROUP, INC., | § | |
| AND SUNSET PACIFIC, L.P., | § | |
|     Third-Party Defendants. | § | |

AUS 536244098v3

000628

## ORDER GRANTING PLAINTIFFS' MOTION TO FOR CONTINUANCE OF SCHEDULING ORDER DEADLINES AND TRIAL

The Court has before it Plaintiffs' otion or ontinuan e o S hedulin Order Deadlines and rial. The Court is of the opinion that the Motion should be granted. It is therefore ORDERED that the schedule of deadlines and trial shall be continued for sixty (60) days.

IT IS FURTHER ORDERED that this Order is made without prejudice to the parties' ability to request additional extensions of time.

### ### END OF ORDER ###

GREENBERG TRAURIG, LLP

By: ___/s/ Shari L. Heyen_____
Shari L. Heyen
Texas Bar No. 09564750
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Email: heyens@gtlaw.com

Kendyl T. Hanks
Texas Bar No. 24032273
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210
Email: hanksk@gtlaw.com

Charles P. Floyd
Texas Bar No. 24055487
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email: floydc@gtlaw.com

ATTORNEYS FOR PLAINTIFFS KING LOUIE MINING, LLC, KING LOUIE ENTERPRISES, LLC AND RONALD KATZ

AUS 536244098v3

000629

Shari L. Heyen
State Bar No. 09564750
HeyenS@gtlaw.com
Kendyl T. Hanks
State Bar No. 24032273
Charles P. Floyd
State Bar No. 24055487
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 1700
Houston, Texas  77002
Telephone: (713) 374-3500
Telecopier: (713) 374-3505

**ATTORNEYS FOR PLAINTIFFS' KING LOUIE MINING, LLC,
KING LOUIE ENTERPRISES, LLC AND RONALD KATZ**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO. 09-38820-sgj7 |
| | § | |
| DEBTOR. | § | |
| KING LOUIE MINING, LLC, KING | § | |
| LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
| Defendant | § | |
| DIANE G. REED, TRUSTEE, | § | |
| Intervenor, Co-Plaintiff, and | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
| Defendant, | § | |
| and | § | |
| PHYLLIS E. COMU, BERNARD D. | § | |
| BROWN, THE BARCLAY GROUP, INC., | § | |
| AND SUSSET PACIFIC, L.P. | § | |
| Third-Party Defendants. | § | |

**SUPPLEMENT TO PLAINTIFFS' MOTION FOR CONTINUANCE OF
SCHEDULING ORDER DEADLINES AND TRIAL
R  . D       N .**

On November 25, 2013, King Louie Mining, LLC, King Louie Enterprises, LLC, and Ronald Katz (collectively, the "Plaintiffs") filed their *Motion or ontinuance o Scheduling Order eadlines and rial* (Docket No. 104).  In their motion, Plaintiffs counsel stated that she would inform the Court whether any party would oppose the motion.  This is to inform the Court that counsel for Plaintiffs has conferred with all counsel of record, and all parties have agreed to a sixty (60) day continuance of the trial and the scheduling order dates.  The parties will submit a proposed agreed order to the Court the week of December 2, 2013.

DATED:  November 27, 2013.

**GREENBERG TRAURIG, LLP**

By:*/s/ Shari L. Heyen*
Shari L. Heyen
Texas Bar No. 09564750
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Email: heyens@gtlaw.com

Kendyl T. Hanks
Texas Bar No. 24032273
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210
Email: hanksk@gtlaw.com

Charles P. Floyd
Texas Bar No. 24055487
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email: floydc@gtlaw.com

**ATTORNEYS FOR PLAINTIFFS KING LOUIE MINING, LLC, KING LOUIE ENTERPRISES, LLC AND RONALD KATZ**

000631

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing *Su  lement to  lainti  s Motion  or  ontinuance o  Scheduling Order and  rial* has been served upon the parties eligible to receive notice through the Court s ECF facilities by electronic mail on November 27, 2013.

*/s/ Shari L. Heyen*
Shari L. Heyen

AUS 5362  6  0v

000632



**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed December 6, 2013

**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 7 |
| CENGIZ J. COMU a/k/a CJ COMU, | § | CASE NO. 09-38820-sgj7 |
| | § | |
| DEBTOR. | § | |

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, KING | § | |
| LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
| Defendant | § | |

| | |
|---|---|
| DIANE G. REED, TRUSTEE, | § |
| Intervenor, Co-Plaintiff, and | § |
| Third-Party Plaintiff, | § |
| | § |
| v. | § |
| CENGIZ J. COMU a/k/a CJ COMU, | § |
| Defendant, | § |
| and | § |
| PHYLLIS E. COMU, BERNARD D. | § |
| BROWN, THE BARCLAY GROUP, INC., | § |
| AND SUNSET PACIFIC, L.P., | § |
| Third-Party Defendants. | § |

## AGREED AMENDED SCHEDULING ORDER
Re . D  t. N  . 10

The parties represent that they have agreed to the terms of this Agreed Amended Scheduling Order.  It is hereby ORDERED that the following schedule of deadlines shall be in effect until further order of this Court:

| | |
|---|---|
| Ja  uary 6, 201 | Deadline for Plaintiffs' expert reports. |
| Ja  uary 13, 201 | Deadline for Defendants' expert reports. |
| Ja  uary 2  , 201 | Discovery must be completed. |
| Ja  uary 31, 201 | Deadline for filing dispositive motions. |
| Ja  uary 31, 201 | Deadline for filing Daubert motions. |
| February 2  , 201 | Deadline for filing witness and exhibit lists and exchange of marked exhibits. |
| February 2  , 201 | Deadline for hearing on Daubert motions. |
| February 26, 201 | Deadline for filing joint pre-trial order. |
| February 26, 201 | Deadline for filing proposed findings of fact and conclusions of law. |
| February 26, 201 | Deadline for filing trial briefs. |
| February 2  , 201 | Deadline to hold Pretrial Conference (if trial will exceed 1 day). |
| <u>Mar    3, 201  at 1:30 p.m.</u> | Trial docket call. |
| Mar    1  , 201 | Trial week. |

IT IS FURTHER ORDERED that this Order is made without prejudice to the parties' ability to request additional extensions of time.

### ### END OF ORDER ###

000634

**AGREED:**

**GREENBERG TRAURIG, LLP**

By: **/s/ Shari L. Heyen** _____

Shari L. Heyen
Texas Bar No. 09564750
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505
Email: heyens@gtlaw.com

Kendyl T. Hanks
Texas Bar No. 24032273
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210
Email: hanksk@gtlaw.com

Charles P. Floyd
Texas Bar No. 24055487
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email: floydc@gtlaw.com

**ATTORNEYS FOR PLAINTIFFS KING LOUIE
MINING, LLC, KING LOUIE ENTERPRISES, LLC
AND RONALD KATZ**

By: */s/  a id  .  lm uist*

**REED & ELMQUIST, P.C.**

David W. Elmquist
Texas Bar No. 06591300
501 N. College St.
Waxahachie, Texas 75165
Telephone: (972) 938-7339
Facsimile: (972) 923-0430
Email: delmquist@bcylawyers.com

**ATTORNEYS FOR INTERVENOR, CO-PLAINTIFF, AND THIRD-PARTY PLAINTIFF**


By: */s/   ennis Olson*

**OLSON NICOUD & GUECK, L.L.P.**

Dennis Olson
Texas Bar No. 15273500
1201 Main Street, Suite 2470
Dallas, Texas 75202
Telephone: (214) 979-7302
Facsimile: (214) 979-7301
Email: denniso@dallas-law.com

**ATTORNEYS FOR DEFENDANT AND THIRD-PARTY DEFENDANTS**

000636

David W. Elmquist - SBT #06591300
**REED & ELMQUIST, P.C.**
501 N. College St.
Waxahachie, Texas  75165
(972) 938-7339
1+(972) 923-0430 (fax)

**ATTORNEYS FOR DIANE G. REED, TRUSTEE**
**INTERVENOR, CO-PLAINTIFF AND THIRD PARTY PLAINTIFF**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-38820-SGJ-7 |
| | § | |
| CENGIZ J. COMU, | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | |

---

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, | § | |
| KING LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | ADV. NO. 10-03269-sgj |
| | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant. | § | |

---

| | | |
|---|---|---|
| DIANE G. REED, TRUSTEE, | § | |
|     Intervenor, Co-plaintiff and | § | |
|     Third-party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CENGIZ J. COMU, | § | |
|     Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| PHYLLIS E. COMU, | § | |
| BERNARD D. BROWN, | § | |
| THE BARCLAY GROUP, INC. AND | § | |
| SUNSET PACIFIC, L.P., | § | |
|     Third-party Defendants. | § | **Expedited Hearing Requested** |

<u>**EXPEDITED MOTION FOR TEMPORARY RESTRAINING ORDER**</u> **- Page 1**

000637

## EXPEDITED MOTION FOR TEMPORARY RESTRAINING ORDER

**TO THE HONORABLE STACEY G. C. JERNIGAN, U.S. BANKRUPTCY JUDGE:**

COMES NOW, Diane G. Reed, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Cengiz J. Comu ("Comu" or the "Debtor"), and pursuant to Bankruptcy Rule 7065(b) files this Expedited Motion for Temporary Restraining Order, and in support thereof would show this Court as follows:

### Factual Background

1.      On January 15, 2010 Comu filed his bankruptcy schedules in this case.  In Comu's Schedule B he listed a one percent (1%) ownership interest in The Barclay Group, Inc. ("TBG"), a Texas corporation formed by Comu in 1996.  According to Comu's Schedule B, the other ninety-nine percent (99%) shareholder of TBG is Third-party Defendant Bernard D. Brown ("Brown").

2.      Between December 2007 and December 2012, Comu has filed with the Texas Secretary of State, on behalf of TBG, Texas Franchise Tax Public Information Reports.  In each of these reports Comu listed himself as the sole officer and director of TBG.

3.      Although TBG's authority to transact business in the State of Texas was revoked from February 11, 2000 to January 18, 2008, and from January 11, 2011 to the present, Comu has caused TBG to engage in various business transactions during these forfeiture periods, as discussed generally below.

4.      On March 18, 2013, the Trustee, through counsel, conducted a 2004 examination of Brown, the purported owner of ninety-nine percent of TBG.  At that examination Brown testified that the ninety-nine percent shareholder of TBG is not Brown, individually, but Brown and Lampe, PLC ("B&L"), a corporation purportedly formed by Brown under the laws of the United Kingdom.

5.      The agreement that supposedly gave rise to B&L's ninety-nine percent interest in TBG is an agreement entitled "Acquisition Agreement and Plan of Share Exchange" (the "Share Exchange

Agreement"). Under the terms of this Share Exchange Agreement, B&L was to receive all of the issued shares of TBG and, in exchange, TBG was to receive one million shares of common stock of B&L. Through the examination of Brown, the Trustee learned that the Share Exchange Agreement was a sham because, at the time this agreement was entered into, B&L had not formed as a UK corporation, and, in fact, has never had any legal existence. Based upon the foregoing, Comu is the *de facto* owner of 100% of the stock of TBG.

6.      Upon information and belief, during its entire corporate existence TBG has never held a board meeting nor a shareholder meeting. Also, there are no corporate bylaws for TBG nor other documents that address the manner in which the business of TBG is to be conducted. There are also no employees of TBG and Comu is the only officer or director that has entered into business transactions on behalf of TBG. As the sole officer and director of TBG Comu has completely dominated and controlled the business activities of TBG for the principal benefit of Comu and his wife, Phyllis Comu. For example, upon information and belief, all or substantially all of the income derived from the sale of Green Automotive stock, as described above, has been transferred to Comu or to entities he owns and/or controls.

7.      In the fall of 2009 through January 10, 2010, Comu caused TBG to participate in and help facilitate a corporate merger transaction by and between Go Green USA LLC ("Go Green"), a Nevada limited liability company, and Ganas Corp. ("Ganas"), a Delaware corporation. The terms of the merger transaction were set forth in a Merger Agreement and Plan of Reorganization dated as of November 4, 2009 by and among Ganas, Go Green, and, solely for purposes of Section 1.12 of the agreement, TBG (the "Merger Agreement"). The Merger Agreement between Go Green and Ganas provided that Go Green would be merged with and into Ganas, and Ganas would be the surviving corporation, which would be re-named Green Automotive Company Corporation.

**EXPEDITED MOTION FOR TEMPORARY RESTRAINING ORDER - Page 3**

000639

8.      At the time the Merger Agreement was entered into, Ganas was a shell corporation in that it conducted no business operations, but, according to Comu, its stock could be publicly traded through brokers/dealers registered with certain over-the-counter ("OTC") stock markets.  At the time of the merger transaction, Go Green's future business plan was to be the exclusive distributor of an electric sports utility vehicle that was being developed in China.

9.      At or about the time of the closing of the Merger Agreement, which occurred on January 10, 2010, TBG received 40% of the common stock issued by Ganas.  The total number of shares issued by Ganas and/or Green Automotive in January 2010 is not known.  Based upon the terms of the Merger Agreement, it appears that there was a total of approximately 143,620,000 shares of Green Automotive common stock that was issued in connection with the merger.  Sixty percent (60%) of the stock issued at that time was issued to the three members of Go Green, and the other 40% was issued to TBG.

10.     In conjunction with the closing of the Merger Agreement on or about January 10, 2010, Comu caused TBG to enter into three separate Stock Purchase Agreements to sell certain of the restricted stock of Green Automotive that was issued to TBG.  The purchasers of this stock were Third-party Defendant Sunset Pacific, L.P. ("Sunset Pecific"), and two Canadian family trusts known as the TKY Trust and the DAPTCO Trust, which were formed by Comu's mother, Sevim Comu. The trustee of these two trusts is Comu's brother, Cem Comu.

11.     Pursuant to a Stock Purchase Agreement dated January 10, 2010, TBG sold to Sunset Pacific 2,500,000 shares of Green Automotive common stock for a purchase price of $200,000.  This purchase price was to be paid through a promissory note dated January 10, 2010, executed by Sunset Pacific and payable to TBG in the amount of $200,000 (the "Sunset Pacific Note").  The Sunset Pacific Note provides that it is payable in quarterly installments of interest only, commencing on June 1, 2010 and continuing quarterly until maturity of the note on March 1, 2015, when all principal

and interest is due and payable.  According to Comu, no payments have been made on the Sunset Pacific Note.

12.      On or about January 10, 2010, TBG sold to the TKY Trust 5,000,000 shares of Green Automotive common stock for a purchase price of $500,000.  As with the Sunset Pacific sale, the purchase price was to be paid through a $500,000 promissory note dated January 10, 2010 (the "TKY Note").  The basic payment terms of the TKY Note are the same as the Sunset Pacific Note.

13.      Until January 12, 2012 there were no payments on the TKY Note; however, according to Comu, from January 5, 2012 through March 9, 2012, there have been periodic payments on the TKY Note totaling $116,500.  As discussed below, the source of these payments were sales by the TKY Trust of 4,800,000 shares of the restricted Green Automotive stock which TBG sold to the TKY Trust in January 2010.

14.      On or about January 10, 2010, Comu also caused TBG to sell to the DAPTCO Trust 2,000,000 shares of Green Automotive common stock for a purchase price of $200,000.  The consideration for the purchase was a promissory note dated January 10, 2010 in the original principal amount of $200,000, payable on the same terms as the Sunset Pacific Note and the TKY Note (the "DAPTCO Note").

15.      The first payment made on the DAPTCO Note was on or about March 20, 2012.  According to Comu, from March 22, 2012 to June 1, 2012, there have been payments on the DAPTCO Note totaling $30,185.00.  The source of these payments was sales by the DAPTCO Trust of 1,400,000 shares of the restricted Green Automotive stock that TBG sold to the DAPTCO Trust in January 2010.

16.      On or about August 13, 2010, Green Automotive issued to TBG an additional 1,800,000 shares of Green Automotive common stock.  Upon information and belief, this stock was issued to TBG pursuant to the anti-dilution provision contained in section 1.12 of the Merger

EXPEDITED MOTION FOR TEMPORARY RESTRAINING ORDER - Page 5

Agreement. In other words, additional stock was issued to TBG so that it would maintain a forty percent (40%) interest in Green Automotive.

17. On or about June 16, 2011, Comu caused TBG to enter into an Escrow Agreement with Olde Monmouth Stock Transfer Co. ("Olde Monmouth"), the stock transfer agent for Green Automotive. Comu caused TBG to enter into the Escrow Agreement so that he could proceed to sell 10,000,000 shares of the restricted common stock that Green Automotive had issued to TBG in January 2010. Pursuant to the terms of the Escrow Agreement Olde Monmouth agreed to serve as escrow agent and in that capacity agreed to maintain an escrow account to hold funds to be received from the purchasers of the Green Automotive restricted stock and to also hold in escrow the shares of stock to be transferred to the purchasers.

18. According to Comu, from June 23, 2011 through January 10, 2012, Comu caused TBG to sell 9,998,091 shares of Green Automotive restricted stock. The total purchase price for this stock is not known; however, the amount is believed to be well in excess of $3,000,000. However, according to Comu, after paying commissions to the various brokers involved in these purchase and sale transactions, the net amount received by TBG from the sale of these shares was only $686,476.

19. Upon information and belief, TBG still owns ten million (10,000,000) shares of Green Automotive common stock.

20. In addition to TBG's sales of Green Automotive restricted stock, Comu also arranged for the DAPTCO Trust and the TKY Trust to sell the majority of their shares of Green Automotive restricted stock. According to Comu, between December 23, 2011 and March 16, 2012, the TKY Trust sold 4,800,000 of the 5,000,000 shares that TBG sold to it. According to Comu, the amount the TKY Trust received from these sales is not known; however TBG received $116,500 of proceeds from these sales, which Comu applied to the TKY Note.

21.     Between March 22, 2012 and June 1, 2012, Comu also arranged for the sale of 1,400,000 of the 2,000,000 shares of Green Automotive restricted stock that TBG sold to the DAPTCO Trust.  Through these sales TBG received $30,185, which Comu applied to the DAPTCO Trust Note.

22.     On December 14, 2012, Green Automotive filed a Form 8K/A pursuant to Section 13 of the Securities & Exchange Act of 1934 (the "Exchange Act").  Under Rule 144 of the Exchange Act, the common stock issued by Green Automotive may be traded publically commencing on December 23, 2013.  The Green Automotive stock that may be traded, sold or exchanged includes the Green Automotive stock sold or issued to the Defendants.

### Relief Requested and Basis for Relief

23.     By this Motion the Trustee is seeking the issuance of a temporary restraining order to enjoin the Defendants and those acting in participation or concert with them from (1) selling, transferring, exchanging or encumbering any shares of stock of Green Automotive (f/k/a Ganas Corp.) that has been issued or sold to one or more of the Defendants (the "Green Auto Stock"); (2) entering into any agreement to sell, transfer, exchange or encumber the Green Auto Stock; and (3) spending, transferring or encumbering any proceeds received by any one of the Defendants from the prior sale or sales of Green Auto Stock.

24.     Injunctive relief is authorized by the general principle of equity.  See *EBay, Inc. v. Merc-Exchange, LLC*, 547 U.S. 388, 391 (2006).  In order to be granted injunctive relief, the Plaintiff must show (i) irreparable injury, (ii) no adequate remedy at law, (iii) a likelihood of success on the merits, (iv) the balancing of the hardships weigh in favor of issuing the injunction, and (v) issuance of the injunction does not adversely public policy or public interest.  Each of these facts is discussed below:

(i)    <u>Irreparable Injury</u>.  The bankruptcy estate will suffer imminent and irreparable injury if this Court does not grant this temporary restraining order since the Defendants as of December 23, 2013, will be able to sell through public markets the Green Auto Stock they own or control.  Once this stock is sold, the Trustee has no means to recover the stock that has been sold and this stock is property of the Comu bankruptcy estate.  Furthermore, once the stock is sold the Defendants can expend the funds that they have received from the stock sales and the Trustee has no effective means to recover the funds from the Defendants.

(ii)    <u>No Adequate Remedy at Law</u>.  The Trustee has no adequate remedy at law to protect against the transfer of these assets of the estate.  Once the stock is sold, the estate will have lost the value of the Green Auto Stock sold by the Defendants, and there is a high likelihood that the Trustee will be unable to recover the proceeds from the sale of the stock once the stock is sold.

(iii)    <u>Likelihood of Success on the Merits</u>.  There is a high likelihood that the Trustee will be able to establish at a hearing on a preliminary injunction that the Green Auto Stock issued to TBG is, in fact, property of the bankruptcy estate.  The Green Auto Stock issued to TBG was issued in connection with a pre-petition transaction, in which all conditions precedent to the closing were satisfied at the time this bankruptcy case was commenced.  Therefore, the Trustee will prevail on the declaratory relief sought in the Adversary Proceeding, namely, that Comu was and is the *de facto* owner of TBG.

(iv)    <u>Balancing of Hardships</u>.    There is no hardship to the Defendants by temporarily enjoining the Defendants' sale or exchange of the Green Auto Stock.  If it is ultimately determined that the Defendants have some right or title to this stock, then they can trade the stock at that time.  Furthermore, the value of the Green Auto Stock appears to be increasing in value, not decreasing.  Consequently, the inability to sell the Green Auto Stock during the pendency of the temporary restraining order would cause no harm to the Defendants.  On the other hand, the Trustee

and the bankruptcy estate would be greatly harmed by the sale or exchange of the Green Auto Stock since, as noted above, the Trustee would have no effective means at recovering on the claims against the Defendants.

(v) <u>Public Interest</u>. The issuance of a temporary restraining order will protect property of the bankruptcy estate and, thus, serve the public interest.

WHEREFORE, Diane G. Reed, Trustee respectfully requests this Court issue a temporary restraining order to enjoin the Defendants and those acting in concert with any of the Defendants from (1) selling, transferring, exchanging or encumbering any shares of Green Auto Stock that have been issued or sold to one or more of the Defendants; (2) entering into any agreement to sell, transfer, exchange or encumber the Green Auto Stock; and (3) spending, transferring or encumbering any proceeds received by any one of the Defendants from the prior sale or sales of Green Auto Stock.

Dated: December 20, 2013.         Respectfully submitted,

**REED & ELMQUIST, P.C.**
501 N. College St.
Waxahachie, TX 75165
(972) 938-7339
1+(972) 923-0430 (fax)

By:/s/ David W. Elmquist
    David W. Elmquist – SBT #06591300

**ATTORNEYS FOR DIANE REED, TRUSTEE
INTERVENOR, CO-PLAINTIFF
AND THIRD PARTY PLAINTIFF**

<u>**CERTIFICATE OF CONFERENCE**</u>

Prior to the filing of this Motion for TRO, the undersigned communicated telephonically with Dennis Olson, Defendants' counsel. Mr. Olson indicated he was unable to agree to the relief sought in the Motion for TRO because he was unable to reach his clients, but did not oppose the Motion for TRO being heard on an expedited basis.

/s/ David W. Elmquist
David W. Elmquist

<u>**EXPEDITED MOTION FOR TEMPORARY RESTRAINING ORDER**</u> - Page 9

000645

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 20, 2013, a true and correct copy of the foregoing Motion was served electronically on Dennis Olson, Defendants' counsel of record.

*/s/ David W. Elmquist*
David W. Elmquist

David W. Elmquist - SBT #06591300
**REED & ELMQUIST, P.C.**
501 N. College St.
Waxahachie, Texas  75165
(972) 938-7339
1+(972) 923-0430 (fax)

**ATTORNEYS FOR DIANE G. REED, TRUSTEE**
**INTERVENOR, CO-PLAINTIFF AND THIRD PARTY PLAINTIFF**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-38820-SGJ-7 |
| | § | |
| CENGIZ J. COMU, | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | |

_____

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, | § | |
| KING LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| | § | |
| v. | § | ADV. NO. 10-03269-sgj |
| | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant. | § | |

_____

| | |
|---|---|
| DIANE G. REED, TRUSTEE, | § |
|     Intervenor, Co-plaintiff and | § |
|     Third-party Plaintiff, | § |
| | § |
| v. | § |
| | § |
| CENGIZ J. COMU, | § |
|     Defendant, | § |
| | § |
| and | § |
| | § |
| PHYLLIS E. COMU, | § |
| BERNARD D. BROWN, | § |
| THE BARCLAY GROUP, INC. AND | § |
| SUNSET PACIFIC, L.P., | § |
|     Third-party Defendants. | § |

_____

**EX PARTE MOTION FOR EXPEDITED HEARING ON EX PARTE MOTION FOR TEMPORARY**
**RESTRAINING ORDER** – Page 1

## EX PARTE MOTION FOR EXPEDITED HEARING ON EX PARTE
## MOTION FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE STACEY G.C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

COMES NOW, Diane G. Reed, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Cengiz J. Comu ("Comu" or the "Debtor"), Intervenor, Co-Plaintiff and Third-Party Plaintiff herein, through the undersigned counsel, and files this *Ex Parte Motion for Expedited Hearing on Ex Parte Motion for Temporary Restraining Order* (the "Motion to Expedite") and in support thereof would show this Court as follows:

1.     <u>Motion for Temporary Restraining Order</u>:  The Trustee has filed and served contemporaneously with this motion the *Ex Parte Motion for Temporary Restraining Order* (the "Motion for TRO").

2.     <u>Requested Hearing Date</u>:  A hearing is requested for the morning of Monday, December 23, 2013, or such other date and time the Court may provide to hear the Motion for TRO.  The Trustee estimates 30 minutes will be needed for such hearing.

3.     <u>Reason for Expedited Hearing</u>:  The Trustee requests expedited consideration of the Motion for TRO in order to immediately enjoin Comu, the Third-Party Defendants (collectively, the "Defendants"), and any persons or entities acting in concert with them (i) from selling, transferring, exchanging or encumbering shares of common stock of Green Automotive Company Corporation ("Green Automotive") that are owned by them or in their actual or constructive possession or control.  As reflected in the certificate of conference below, the Defendants are expected to oppose the Motion for TRO.

4.     <u>Parties in Interest</u>:  The parties in interest with respect to the Motion for TRO consist of the Defendants and Regus Advisors, Inc., the DAPTCO Trust and the TKY Trust.

5.    <u>Sufficiency of Notice</u>:  Notice of the proposed expedited hearing will be provided electronically to counsel for Defendants as soon as it is issued.  Notice to Regus Advisors, Inc., DAPTCO Trust and TKY Trust will be provided by email and/or fax.

6.    <u>Reason Why Hearing Was Not Previously Requested</u>:  Based upon prior written and oral communications with counsel for Defendants, the Trustee's counsel believed that the Defendants would agree to the issuance of a preliminary injunction.  The Motion for TRO was filed at the earliest possible time following determination that no agreement could be reached between the parties.

WHEREFORE, the Trustee respectfully requests that the Court set the Motion for TRO for an expedited hearing on the morning of December 23, 2013, or such other time as the Court may provide.  The Trustee requests such other and further relief to which she is entitled at law or in equity.

DATED:  December 20, 2013.            Respectfully submitted,

**REED & ELMQUIST, P.C.**
501 N. College Street
Waxahachie, TX 75165
(972) 938-7339 (direct)
(972) 923-0430 (fax)

By:    */s/ David W. Elmquist*
    David W. Elmquist – SBT #06591300

**ATTORNEYS FOR DIANE G. REED,
TRUSTEE, INTERVENOR, CO-PLAINTIFF
AND THIRD PARTY PLAINTIFF**

<u>**CERTIFICATE OF CONFERENCE**</u>

Prior to the filing of the Motion for TRO and this Motion, the undersigned communicated telephonically with Dennis Olson, Defendants' counsel.  Mr. Olson indicated he was unable to agree to the relief sought in the Motion for TRO because he was unable to reach his clients, but did not oppose the Motion for TRO being heard on an expedited basis.

*/s/ David W. Elmquist*
David W. Elmquist

**EX PARTE MOTION FOR EXPEDITED HEARING ON EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** – Page 3

000649

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 20, 2013, a true and correct copy of the foregoing Motion was served electronically on Dennis Olson, Defendants' counsel of record.

*/s/ David W. Elmquist*
David W. Elmquist



**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 20, 2013**

**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-38820-SGJ-7 |
| | § | |
| CENGIZ J. COMU, | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | |

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, | § | |
| KING LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | ADV. NO. 10-03269-sgj |
| | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant. | § | |

| | |
|---|---|
| DIANE G. REED, TRUSTEE, | § |
|     Intervenor, Co-plaintiff and | § |
|     Third-party Plaintiff, | § |
| | § |
| v. | § |
| | § |
| CENGIZ J. COMU, | § |
|     Defendant, | § |
| | § |
| and | § |

**ORDER GRANTING EX PARTE MOTION FOR EXPEDITED HEARING** – Page 1

|  | § |
|---|---|
| PHYLLIS E. COMU, | § |
| BERNARD D. BROWN, | § |
| THE BARCLAY GROUP, INC. AND | § |
| SUNSET PACIFIC, L.P., | § |
|     Third-party Defendants. | § |

### ORDER GRANTING EX PARTE MOTION FOR EXPEDITED HEARING ON EXPEDITED MOTION FOR TEMPORARY RESTRAINING ORDER

ON THIS DAY came on for consideration the Ex Parte Motion for Expedited Hearing on Expedited Motion for Temporary Restraining Order (Docket No. 109) (the "Motion to Expedite"), filed December 20, 2013 by Diane G. Reed, Chapter 7 Trustee (the "Trustee").  After reviewing the Motion to Expedite, the Court finds that cause exists for the Expedited Motion for Temporary Restraining Order to be heard on an expedited basis.  It is, therefore,

ORDERED that the Motion to Expedite is GRANTED.  The Expedited Motion for Temporary Restraining Order is set for expedited hearing before this Court on **December 23, 2013 at 9:30 a.m.**

### END OF ORDER ###

<u>Submitted by</u>:

David W. Elmquist (SBT #06591300)
REED & ELMQUIST, P.C.
501 N. College Street
Waxahachie, TX  75165
(972) 938-7339
(972) 923-0430 (fax)
E-mail:  delmquist@bcylawyers.com

ATTORNEYS FOR DIANE REED, TRUSTEE,
INTERVENOR, CO-PLAINTIFF
AND THIRD PARTY PLAINTIFF



**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 20, 2013**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-38820-SGJ-7 |
| | § | |
| CENGIZ J. COMU, | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | |

_____

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, | § | |
| KING LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | ADV. NO. 10-03269-sgj |
| | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant. | § | |

_____

| | |
|---|---|
| DIANE G. REED, TRUSTEE, | § |
|     Intervenor, Co-plaintiff and | § |
|     Third-party Plaintiff, | § |
| | § |
| v. | § |
| | § |
| CENGIZ J. COMU, | § |
|     Defendant, | § |
| | § |
| and | § |

**AGREED TEMPORARY RESTRAINING ORDER** – PAGE 1 OF 3

000653

|  | § |
|---|---|
| PHYLLIS E. COMU, | § |
| BERNARD D. BROWN, | § |
| THE BARCLAY GROUP, INC. AND | § |
| SUNSET PACIFIC, L.P., | § |
|     Third-party Defendants. | § |

## AGREED TEMPORARY RESTRAINING ORDER

Came on for consideration the Expedited Motion for Temporary Restraining Order (the "Motion") filed on December 20, 2013 by Diane G. Reed, Trustee (the "Trustee"), intervenor, co-plaintiff and third-party plaintiff in this adversary proceeding. This Agreed Temporary Restraining Order is being issued because, as shown by the signature of their counsel, the Defendants agree to be bound by this Agreed Temporary Restraining Order.

It is, therefore, ORDERED that the Defendants, and their respective officers, agents, servants, employees, attorneys, affiliates, or other persons acting in concert or participating with them (including, but not limited to, the DAPTCO Trust, the TKY Trust and Regus Advisors, Inc.) who receive actual notice of this Agreed Temporary Restraining Order by personal service or otherwise, be and are hereby enjoined from (1) selling, transferring, exchanging or encumbering any shares of stock of Green Automotive Company Corporation (f/k/a Ganas Corp.; "Green Automotive") that has been issued or sold to one or more of the Defendants (the "Green Auto Stock"); (2) entering into any agreement to sell, transfer, exchange or encumber the Green Auto Stock; and (3) spending, transferring or encumbering any proceeds received by any one of the Defendants from the prior sale or sales of Green Auto Stock.

It is further ORDERED that the preliminary injunction hearing is set for **January 3, 2014 at 9:30 a.m.**

It is further ORDERED that a bond is not required to be posted by the Trustee with respect to the issuance of this Agreed Temporary Restraining Order.

### END OF ORDER ###

AGREED:

OLSON NICOUD & GUECK, L.L.P.
1201 Main Street, Suite 2470
Dallas, TX 75202
(214) 979-7302
(214) 979-7301 (fax)


By:   */s/ Dennis Olson*
    Dennis Olson – SBT #15273500

ATTORNEYS FOR CENGIZ J. COMU, A/K/A CJ COMU,
DEFENDANT, AND PHYLLIS E. COMU, BERNARD D.
BROWN, THE BARCLAY GROUP, INC. AND
SUNSET PACIFIC, L.P., THIRD-PARTY DEFENDANTS



REED & ELMQUIST, P.C.
501 N. College Street
Waxahachie, TX 75165
(972) 938-7339
(972) 923-0430 (fax)


By:   */s/ David W. Elmquist*
    David W. Elmquist – SBT #06591300

ATTORNEYS FOR DIANE G. REED, TRUSTEE,
INTERVENOR, CO-PLAINTIFF AND
THIRD PARTY PLAINTIFF



**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 2, 2014**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-38820-SGJ-7 |
| | § | |
| CENGIZ J. COMU, | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | |

_____

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, | § | |
| KING LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | ADV. NO. 10-03269-sgj |
| | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant. | § | |

_____

| | |
|---|---|
| DIANE G. REED, TRUSTEE, | § |
|     Intervenor, Co-plaintiff and | § |
|     Third-party Plaintiff, | § |
| | § |
| v. | § |
| | § |
| CENGIZ J. COMU, | § |
|     Defendant, | § |
| | § |
| and | § |

<u>**AGREED ORDER CONTINUING TEMPORARY RESTRAINING ORDER – PAGE 1 OF 3**</u>

000656

|  | § |
|---|---|
| PHYLLIS E. COMU, | § |
| BERNARD D. BROWN, | § |
| THE BARCLAY GROUP, INC. AND | § |
| SUNSET PACIFIC, L.P., | § |
|      Third-party Defendants. | § |

## AGREED ORDER CONTINUING TEMPORARY RESTRAINING ORDER

On December 20, 2013, this Court considered the Expedited Motion for Temporary Restraining Order (the "Motion") filed on December 20, 2013 by Diane G. Reed, Trustee (the "Trustee"), intervenor, co-plaintiff and third-party plaintiff in this adversary proceeding (Docket No. 108). The Court thereafter entered on December 20, 2013, an Agreed Temporary Restraining Order (Docket No. 111) based upon the Defendants' agreement to be bound by the terms of the Agreed Temporary Restraining Order (the "TRO").

As indicated by the signatures of counsel below, the Defendants have agreed that the TRO shall continue until the conclusion of the trial of this adversary proceeding.

It is, therefore, ORDERED that the Defendants, and their respective officers, agents, servants, employees, attorneys, affiliates, or other persons acting in concert or participating with them (including, but not limited to, the DAPTCO Trust, the TKY Trust and Regus Advisors, Inc.) who receive actual notice of this Agreed Temporary Restraining Order by personal service or otherwise, be and are hereby enjoined from (1) selling, transferring, exchanging or encumbering any shares of stock of Green Automotive Company Corporation (f/k/a Ganas Corp.; "Green Automotive") that has been issued or sold to one or more of the Defendants (the "Green Auto Stock"); (2) entering into any agreement to sell, transfer, exchange or encumber the Green Auto Stock; and (3) spending, transferring or encumbering any proceeds received by any one of the Defendants from the prior sale or sales of Green Auto Stock.

It is further ORDERED that this TRO shall remain in effect until the conclusion of the trial of this adversary proceeding.

It is further ORDERED that a bond is not required to be posted by the Trustee with respect to the issuance of the TRO or this Order.

### END OF ORDER ###

AGREED:

OLSON NICOUD & GUECK, L.L.P.
1201 Main Street, Suite 2470
Dallas, TX  75202
(214) 979-7302
(214) 979-7301 (fax)


By:   */s/ Dennis Olson*
      Dennis Olson – SBT #15273500

ATTORNEYS FOR CENGIZ J. COMU, A/K/A CJ COMU,
DEFENDANT, AND PHYLLIS E. COMU, BERNARD D.
BROWN, THE BARCLAY GROUP, INC. AND
SUNSET PACIFIC, L.P., THIRD-PARTY DEFENDANTS


REED & ELMQUIST, P.C.
501 N. College Street
Waxahachie, TX 75165
(972) 938-7339
(972) 923-0430 (fax)


By:   */s/ David W. Elmquist*
      David W. Elmquist – SBT #06591300

ATTORNEYS FOR DIANE G. REED, TRUSTEE,
INTERVENOR, CO-PLAINTIFF AND
THIRD PARTY PLAINTIFF

000658

Dennis Olson
State Bar No. 15273500
OLSON NICOUD & GUECK, L.L.P.
1201 Main Street, Suite 2470
Dallas, Texas 75202
(214) 979-7302 – Telephone
(214) 979-7301 – Facsimile
Email: denniso@dallas-law.com

ATTORNEYS FOR DEFENDANT

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CENGIZ J. COMU a/k/a | § | CASE NO. 09-38820-sgj-7 |
| CJ COMU, | § | |
| Debtor. | § | CHAPTER 7 |

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, | § | |
| KING LOUIE ENTERPRISES, LLC, | § | |
| and RONALD KATZ, | § | |
| Plaintiffs, | § | |
| v. | § | ADVERSARY NO. 10-03269-sgj |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
| Defendant. | § | |

| | |
|---|---|
| DIANE G. REED, TRUSTEE | § |
| Intervenor, Co-Plaintiff, and | § |
| Third-Party Plaintiff, | § |
| v. | § |
| CENGIZ J. COMU, | § |
| Defendant, | § |
| and | § |
| PHYLLIS E. COMU, BERNARD D. | § |
| BROWN, THE BARCLAY GROUP, INC. | § |
| AND SUNSET PACIFIC, L.P. | § |
| Third-Party Defendants. | § |

## DEFENDANTS' FIRST AMENDED LIST OF WITNESSES AND EXHIBITS

TO THE HONORABLE STACEY G C JERNIGAN
UNITED STATES BANKRUPTCY JUDGE:

Now come the Defendants in the above-captioned adversary proceeding and file their list

of witnesses and exhibits, as follows:

1.   <u>Witnesses</u>

   a.   Defendant C. J. Comu, individually, and as representative of Defendant The Barclay Group, Inc.

   b.   Defendant Phyllis Comu, individually, and as representative of Defendant Sunset Pacific, L.P.

   c.   Diane Reed, Trustee

   d.   Alvin L. Dahl, CPA

   e.   Cecil Mathis, Attorney

   f.   Defendants reserve the right to call any witness listed by the Plaintiffs and the Trustee as Intervenor.

2.   <u>Exhibits</u>

   a.   C. J.'s gift of Sunset Pacific to Phyllis on January 1, 2006, Exhibit 1

   b.   Plaintiffs' suit against Emil Lippe for malpractice, Exhibit 2

   c.   Transcript of meeting of creditors, Exhibit 3.

   d.   Case notes of Diane Reed, Trustee, Exhibit 4.

   e.   Defendants may request the Court to take judicial notice of various documents in C.J. Comu's main bankruptcy case and in this adversary proceeding, and if so, copies will be provided.

   f.   Defendants reserve the right to use any exhibit identified by Plaintiffs or by the Trustee as Intervenor.

   g.   Defendants reserve the right to offer additional exhibits to "complete" exhibits offered by Plaintiffs and the Trustee as Intervenor.

Respectfully submitted,

OLSON NICOUD & GUECK, L.L.P.
1201 Main Street, Suite 2470
Dallas, Texas 75202
(214) 979-7302 - Telephone
(214) 979-7301 – Facsimile
Email: denniso@dallas-law.com


By: /s/ Dennis Olson
       Dennis Olson
       State Bar No. 15273500

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Defendants' First Amended List of Witnesses and Exhibits was served upon:

Kendyl T. Hanks
GREENBERG TRAURIG, LLP
300 West 6th St., Ste 2050
Austin   TX   78701

Shari L. Heyen
GREENBERG TRAURIG LLP
1000 Louisiana, Ste 1700
Houston   TX   77002

Charles P. Floyd
GREENBERG TRAURIG, LLP
2200 Ross Ave., Sute 5200
Dallas   TX   75201

David W. Elmquist
Reed & Elmquist, P.C.
604 Water Street
Waxahachie, Texas 75165-3361


via electronic or by regular first class mail, on the 24th day of February, 2014.


       /s/ Dennis Olson
       Dennis Olson

David W. Elmquist – SBT #06591300
REED & ELMQUIST, P.C.
501 N. College Street
Waxahachie, TX 75165
(972) 938-7339
(972) 923-0430 (fax)

**ATTORNEYS FOR DIANE G. REED, CHAPTER 7 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-38820-SGJ-7 |
| | § | |
| CENGIZ J. COMU, | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | |

| | | |
|---|---|---|
| KING LOUIE MINING, LLC, | § | |
| KING LOUIE ENTERPRISES, LLC, AND | § | |
| RONALD KATZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | ADV. NO. 10-03269-sgj |
| | § | |
| CENGIZ J. COMU a/k/a CJ COMU, | § | |
|     Defendant. | § | |

| | | |
|---|---|---|
| DIANE G. REED, TRUSTEE, | § | |
|     Intervenor, Co-plaintiff and | § | |
|     Third-party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CENGIZ J. COMU, | § | |
|     Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| PHYLLIS E. COMU, | § | |
| BERNARD D. BROWN, | § | |
| THE BARCLAY GROUP, INC. AND | § | |
| SUNSET PACIFIC, L.P., | § | **Trial Docket Call: March 3, 2014** |
|     Third-party Defendants. | § | **at 1:30 p.m.** |

**INTERVENOR'S WITNESS AND EXHIBIT LIST FOR TRIAL – Page 1**

## INTERVENOR'S WITNESS AND EXHIBIT LIST FOR TRIAL

TO THE HONORABLE STACEY G.C. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE:

Diane Reed, Chapter 7 Trustee of the estate of Cengiz J. Comu, Intervenor, Co-Plaintiff and Third-Party Plaintiff herein, files this her Witness and Exhibit List for trial of this adversary proceeding, and respectfully designates the following potential witnesses and exhibits:

### Witnesses

1.  Cengiz J. Comu

2.  Phyllis E. Comu

3.  Alvin Dahl

4.  David Parsley

5.  Edward Baxter

6.  Steven Block

7.  Any witness identified or called by any other party

8.  Any rebuttal or impeachment witness

### Exhibits

**Tab** **Description**

1.  Consent of the General Partner of Sunset Pacific dated 1/1/2006 (Ex. 3 of 11/30/2011 C.J. Comu Exam)

2.  Stock Certificate for Sunset Pacific 100 million shares in Global Energy Technology Group (Ex. 6 of 11/30/2011 C.J. Comu Exam)

3.  Stock Certificate No. GA 01089 for CJ Comu 300,000 shares in GANAS (Ex. 10 of 11/30/2011 C.J. Comu Exam)

4.  Stock Certificate No. 04908 for Eurocap Technologies 10 million shares in Green Auto (Ex. 12 of 11/30/2011 C.J. Comu Exam)

5.  Stock Certificate No. 04909 for Sunset Pacific 2.5 million shares in Green Auto (Ex. 13 of 11/30/2011 C.J. Comu Exam)

6.  Stock Purchase Agreement between TBG and Sunset Pacific dated 1/10/2010 (Ex. 14 of 11/30/2011 C.J. Comu Exam)

**INTERVENOR'S WITNESS AND EXHIBIT LIST FOR TRIAL – Page 2**

7. Stock Purchase agreement between TBG and TKY Trust dated 1/10/2010 (Ex. 15 of 11/30/2011 C.J. Comu Exam)

8. Stock Purchase Agreement between TBG and Daptco Trust dated 1/10/2010 (Ex. 16 of 11/30/2011 C.J. Comu Exam)

9. Stock Certificate No. 02549 for TBG 200,000 shares in Green Auto (Ex. 18 of 11/30/2011 C.J. Comu Exam)

10. Stock Certificate No. 02550 for TBG 200,000 Shares in Green Auto (Ex. 19 of 11/30/2011 C.J. Comu Exam)

11. Stock Certificate No. 02551 for TBG 200,000 Shares in Green Auto (Ex. 20 of 11/30/2011 C.J. Comu Exam)

12. Stock Certificate No. 02552 for TBG 200,000 shares in Green Auto (Ex. 21 of 11/30/2011 C.J. Comu Exam)

13. Stock Certificate No. 02553 for TBG 500,000 shares in Green Auto (Ex. 22 of 11/30/2011 C.J. Comu Exam)

14. Stock Certificate No. 02554 for TBG shares in Green Auto (Ex. 23 of 11/30/2011 C.J. Comu Exam)

15. 2007 Tax Return of TBG (Ex. 41 of 11/30/2011 C.J. Comu Exam)

16. 2008 Tax Return of TBG (Ex. 42 of 11/30/2011 C.J. Comu Exam)

17. 2009 Tax Return of TBG (Ex. 43 of 11/30/2011 C.J. Comu Exam)

18. 2010 Tax Return of TBG (Ex. 44 of 11/30/2011 C.J. Comu Exam)

19. Merger Agreement and Plan of Reorganization between GANAS, Go Green USA and members of the Go Green signatory dated 11/4/2009 (Ex. 46 of 8/8/2012 C.J. Comu Exam)

20. Eurocap Investments PLC Share Exchange Agreement between The Barclay Group and "persons executing this agreement" dated 10/31/2011 (Ex. 47 of 8/8/2012 C.J. Comu Exam)

21. TBG Profit and Loss 2011 (Ex. 54 of 8/8/2012 C.J. Comu Exam)

22. TBG Trial Balance as of 12/31/2011 (Ex. 55 of 8/8/2012 C.J. Comu Exam)

23. TBG Balance Sheet 8/2011 (Ex. 56 of 8/8/2012 C.J. Comu Exam)

24. TBG Financial worksheet 2009 (Ex. 57 of 8/8/2012 C.J. Comu Exam)

**INTERVENOR'S WITNESS AND EXHIBIT LIST FOR TRIAL – Page 3**

000664

25. TBG Transaction Accounting 2010 (Ex. 58 of 8/8/2012 C.J. Comu Exam)

26. TBG General Ledger as of 12/31/2011 (Ex. 59 of 8/8/2012 C.J. Comu Exam)

27. TKY Trust Discretionary Trust Agreement between Sevim Comu (settler) and Cem Comu and Aylin Burdett (initial trustees) dated 1/6/2010 (Ex. 60 of 8/8/2012 C.J. Comu Exam)

28. Barclay Group Checks Payable to Phyllis Comu (Ex. 4 of 8/9/2012 Phyllis Comu Exam)

29. Sunset Pacific Checks Payable to Phyllis Comu (Ex. 6 of 8/9/2012 Phyllis Comu Exam)

30. U.S. Return of Partnership Income, Sunset Pacific, L.P., 2005 (Ex. 1 of 8/9/2012 Alvin Dahl Exam)

31. U.S. Return of Partnership Income, Sunset Pacific, L.P., 2006 (Ex. 2 of 8/9/2012 Alvin Dahl Exam)

32. U.S. Return of Partnership Income, Sunset Pacific, L.P., 2007 (Ex. 3 of 8/9/2012 Alvin Dahl Exam)

33. U.S. Return of Partnership Income, Sunset Pacific, L.P., 2008 (Ex. 4 of 8/9/2012 Alvin Dahl Exam)

34. U.S. Return of Partnership Income, Sunset Pacific, L.P., 2009 (Ex. 5 of 8/9/2012 Alvin Dahl Exam)

35. U.S. Return of Partnership Income, Sunset Pacific, L.P., 2010 (Ex. 6 of 8/9/2012 Alvin Dahl Exam)

36. U.S. Return of Partnership Income, Sunset Pacific, L.P., 2011 (Ex. 7 of 8/9/2012 Alvin Dahl Exam)

37. The Barclay Group, Inc. Profit & Loss January – July 2012 (Ex. 1 of 8/15/2012 David Parsley Exam)

38. The Barclay Group, Inc. Balance Sheet as of December 31, 2011 (Ex. 2 of 8/15/2012 David Parsley Exam)

39. The Barclay Group, Inc. Balance Sheet as of July 31, 2012 (Ex. 3 of 8/15/2012 David Parsley Exam)

40. Letter dated February 23, 2012 from TKY Trust to Matthew Troster at Olde Monmouth with attached spreadsheet of TKY Distributions (Ex. 7 of 8/15/2012 David Parsley Exam)

**INTERVENOR'S WITNESS AND EXHIBIT LIST FOR TRIAL – Page 4**

41. Letter dated April 19, 2012 from TKY Trust to Matthew Troster at Olde Monmouth with attached spreadsheet of Daptco Trust Distributions (Ex. 8 of 8/15/2012 David Parsley Exam)

42. Transcript of Matthew Troster Rule 2004 Examination taken March 6, 2013

43. Escrow Agreement by and between The Barclay Group, Inc. (Seller) of Green Automotive common stock and Olde Monmouth Stock Transfer Co. (Escrow Agent) entered into as of June 16, 2011 (Ex. 1 of 3/16/2013 Matthew Troster Exam)

44. The Barclay Group Escrow Funds spreadsheet for the period June 20, 2011 – January 5, 2012 (Ex. 2 of 3/16/2013 Matthew Troster Exam)

45. Instruction letter dated November 28, 2011 from C. Gem Comu, Trustee, Daptco Trust to Matthew Troster of Olde Monmouth to distribute shares (Ex. 2-A of 3/16/2013 Matthew Troster Exam)

46. Escrow Agreement by and between Daptco Trust (Seller) of Green Automotive common stock and Olde Monmouth Stock Transfer Co. (Escrow Agent) entered into as of December 1, 2011 (Ex. 3 of 3/16/2013 Matthew Troster Exam)

47. Daptco Trust Escrow Funds spreadsheet for the period March 16, 2011 – May 29, 2012 (Ex. 4 of 3/16/2013 Matthew Troster Exam)

48. Instruction letter dated November 28, 2011 from C. Gem Comu, Trustee, Daptco Trust, to Matthew Troster of Olde Monmouth to distribute shares (Ex. 4-A of 3/16/2013 Matthew Troster Exam)

49. Escrow Agreement by and between TKY Trust (Seller) of Green Automotive common stock and Olde Monmouth Stock Transfer Co (Escrow Agent) entered into as of December 1, 2011 (Ex. 5 of 3/16/2013 Matthew Troster Exam)

50. TKY Trust Escrow Funds spreadsheet for the period December 23, 2011 – March 16, 2012 (Ex. 6 of 3/16/2013 Matthew Troster Exam)

51. Green Automotive Company Corporation Certificate Transaction Journal with Transfer Date of July 1, 2011 (Ex. 7 of 3/16/2013 Matthew Troster Exam)

52. Letter dated July 22, 2011 from Edward Baxter, managing partner of The Barclay Group to Matthew Troster of Olde Monmouth Stock Transfer Co., Inc. containing breakdown of wires (Ex. 14 of 3/16/2013 Matthew Troster Exam)

53. E-mail dated April 19, 2012 from David Parsley of The Barclay Group to Matt Troster regarding Distribution Instructions (Ex. 22 of 3/16/2013 Matthew Troster Exam)

54. E-mail dated March 12, 2012 from C.J. Comu to Matt Troster regarding TKY Trust; Consultant (Ex. 27 of 3/16/2013 Matthew Troster Exam)

000666

55.   Letter dated January 5, 2012 from TKY Trust to Matthew Troster of Olde Monmouth Stock Transfer Co., Inc. containing wire instructions (Ex. 29 of 3/16/2013 Matthew Troster Exam)

56.   Letter dated January 5, 2012 to Matthew Troster of Old Monmouth Stock Transfer Co., Inc. containing breakdown of wires (Ex. 51 of 3/16/2013 Matthew Troster Exam)

57.   Letter dated December 15, 2011 from Ed Baxter of The Barclay Group to Matthew Troster of Ole Monmouth Stock Transfer Co., Inc. containing breakdown of wires (Ex. 65 of 3/16/2013 Matthew Troster Exam)

58.   Letter dated January 19, 2012 from TKY Trust to Matthew Troster of Olde Monmouth Stock Transfer Co., Inc. containing wire instructions (Ex. 73 of 3/16/2013 Matthew Troster Exam)

59.   Letter dated March 29, 2012 from Daptco Trust to Matthew Troster of Olde Monmouth Stock Transfer Co., Inc. containing breakdown of wire transfers (Ex. 85 of 3/16/2013 Matthew Troster Exam)

60.   Transcript of Bernard D. Brown 2004 Examination dated March 18, 2013

61.   Acquisition Agreement and Plan of Share Exchange ("Share Swap") by and among Brown & Lampe, PLC and The Barclay Group dated December 30, 2007 (Ex. 2 of 3/18/2013 Bernard D. Brown Exam)

62.   Draft of Stock Purchase Agreement with Respect to Ganas, Corp. by and among The Barclay Group, Inc. and Ganas Corp. dated October __, 2009 (Ex. 10 of 3/18/2013 Bernard D. Brown Exam)

63.   Texas Franchise Tax Public Information Report for Barclay Group, Inc. for the Year 2011 dated April 16, 2011 (Ex. 12 of 3/18/2013 Bernard D. Brown Exam)

64.   Finders Fee Agreement by and between Green Automotive Corp. and The Barclay Group signed June 15, 2011 (Ex. 15 of 3/18/2013 Bernard D. Brown Exam)

65.   The Barclay Group-Escrow Funds for the period June 20, 2011-January 5, 2012 (Ex. 17 of 3/18/2013 Bernard D. Brown Exam)

66.   Share Exchange Agreement between Eurocap Investments, PLC and the Barclay Group, Inc. entered into as of October 31, 2011 (unsigned copy) (Ex. 18 of 3/18/2013 Bernard D. Brown Exam)

67.   Letter dated July 22, 2011 from Edward Baxter of The Barclay Group to Matthew Troster of Olde Monmouth Stock Transfer Co., Inc. containing wire transfer instructions (Ex. 4 of 5/21/2013 Edward Baxter Deposition)

68.   2009 Federal Tax Return for Cengiz and Phyllis Comu

**INTERVENOR'S WITNESS AND EXHIBIT LIST FOR TRIAL – Page 6**

69. 2010 Federal Tax Return for Cengiz and Phyllis Comu

70. 2011 Federal Tax Return for Cengiz and Phyllis Comu

71. Green Automotive Company, Inc. 2,500,000 shares of common stock owned by Sunset Pacific LP

72. GANAS, Corp. 2,000,000 shares of common stock owned by Daptco Trust

73. Memorandum of Understanding by and between The Maybourne Group, Ltd., The Barclay Group, Ltd. and First Market Services, Inc. entered into as of November 24, 2009

74. Stock Purchase Agreement with respect to GANAS, Corp by and among The Barclay Group and Roundtree & Associates, LLC dated October 26, 2009

75. Stock Purchase Agreement with respect to GANAS, Corp by and Among The Barclay Group and The Stockholders of GANAS, Corp dated October 26, 2009

76. Packet of Stock Certificates with Stock Power Letters

77. Stock Repurchase Agreement between The Barclay Group and GANAS, Corp dated October 28, 2009

78. Written Consent of the Majority Stockholder in lieu of a Special Meeting of the Stockholders of Ganas, Corp dated October 28, 2009

79. Unanimous written consent of the Directors in lieu of a Special Meeting of the Board of Directors of GANAS, Corp dated October 28, 2009

80. Unanimous written consent of the Directors in lieu of a Special Meeting of the Board of Directors of GANAS, Corp dated October 28, 2009

81. Written consent of the Majority Stockholder in lieu of a Special Meeting of the Stockholders of GANAS, Corp dated October 28, 2009

82. State of Delaware Certificate of Amendment of the Certificate of Incorporation dated October 28, 2009

83. GANAS, Corp Officer's Certificate dated November 4, 2009

84. Go Green USA Officer's Certificate dated November 4, 2009

85. Secretary's Certificate of Go Green USA dated November 4, 2009

86. Unanimous Written Consent of the Members of Go Green USA dated October ___, 2009

**INTERVENOR'S WITNESS AND EXHIBIT LIST FOR TRIAL – Page 7**

000668

87. Written Consent of the Majority Stockholder in lieu of a Special Meeting of the Stockholders of GANAS, Corp dated November 4, 2009

88. Certified copy of Articles of Merger between Go Green USA and GANAS, Corp dated November 5, 2009

89. State of Delaware Certificate of Merger GANAS, Corp and Go Green USA dated November 4, 2009

90. Barclay Group customer claim form dated May 17, 2013 (Winstar Capital Group, Inc., Case No. 13-1331-bt (SIPA))

91. Any exhibit identified or offered by any other party

92. Any rebuttal or impeachment exhibit

Dated: February 24, 2014.

Respectfully submitted,

**REED & ELMQUIST, P.C.**
501 N. College Street
Waxahachie, TX 75165
(972) 938-7339
(972) 923-0430 (fax)

By: _/s/ David W. Elmquist_
        David W. Elmquist – SBT #06591300

**ATTORNEYS FOR INTERVENOR,
CO-PLAINTIFF, AND THIRD-PARTY
PLAINTIFF DIANE G. REED,
CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 24, 2014, a true and correct copy of the foregoing Witness and Exhibit List has been served electronically on Kendyl Hanks, attorney of record for Plaintiffs, and on Dennis Olson, attorney of record for Defendants.

_/s/ David W. Elmquist_
David W. Elmquist

**INTERVENOR'S WITNESS AND EXHIBIT LIST FOR TRIAL – Page 8**

000669