# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10804

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2016

Lyle W. Cayce
Clerk

In the Matter of: CENGIZ J. COMU

      Debtor

------------------------------------------

CENGIZ J. COMU, also known as CJ Comu,

      Appellant

v.

KING LOUIE MINING, L.L.C.; KING LOUIE ENTERPRISES, L.L.C.; RONALD KATZ; DIANE G. REED,

      Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC 3:14-CV-4163

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 15-10804      Document: 00513575894      Page: 2      Date Filed: 07/01/2016
Case 3:14-cv-04163-B   Document 23   Filed 07/01/16   Page 2 of 4   PageID 2638

No. 15-10804

The bankruptcy court revoked Debtor-Appellant Cengiz Comu's discharge pursuant to 11 U.S.C. § 727(d), which the district court ultimately affirmed on appeal. Comu now likewise asks our court to set aside the bankruptcy court's order revoking his bankruptcy discharge. For the same reasons assigned in the district court's thorough opinion, we affirm the bankruptcy court's revocation order.

Because the bankruptcy court's 141-page opinion exhaustively details the underlying facts, we offer merely a brief sketch of the background. In December 2009, Comu filed a voluntary petition for Chapter 7 bankruptcy. As the evidence at trial revealed, Comu's bankruptcy filing was prompted by a default judgment entered against him in a New York state court civil action. That action had been initiated by the Appellees in the instant case, who alleged in the state court suit that Comu had committed common law fraud and securities fraud in their previous business dealings. After filing his bankruptcy petition, Comu attended a creditors meeting in February 2010, at which he testified under oath regarding the veracity of his bankruptcy filings. Thereafter, in April 2010, Comu's claimed debts, including the debt owed to Appellees from the New York default judgment, were discharged by the bankruptcy court.

In September 2010, Appellees timely filed the underlying adversary proceeding seeking a revocation of Comu's bankruptcy discharge pursuant to 11 U.S.C. § 727(d)(1) and (2). The bankruptcy trustee thereafter intervened in the adversary proceeding charging Comu with intentionally failing to disclose substantial assets belonging to the bankruptcy estate. Following a five-day bench trial, the bankruptcy court issued a bench ruling finding in favor of Appellees and the Trustee. Thereafter, the bankruptcy court entered its

Case: 15-10804    Document: 00513575894    Page: 3    Date Filed: 07/01/2016
Case 3:14-cv-04163-B   Document 23   Filed 07/01/16   Page 3 of 4   PageID 2639

No. 15-10804

findings of fact and conclusions of law concluding that revocation of the discharge was warranted "due to a substantial number of false oaths made with fraudulent intent (which continued through trial), and due to substantial undisclosed assets and valuable interests." The bankruptcy court further found that there was "ample evidence" that Appellees "did not know the true facts pertaining to Comu's false oaths and undisclosed assets until after the Discharge Date" and that Appellees "did not know about Comu's fraud prior to the Discharge Objection Deadline." Comu then appealed the bankruptcy court's order to the district court, which affirmed. This appeal followed.

"This Court reviews the district court's decision by applying the same standard of review to the bankruptcy court's conclusions of law and findings of fact that the district court applied." *In re Woerner*, 783 F.3d 266, 270 (5th Cir. 2015) (en banc) (internal quotation marks omitted). "We thus review factual findings for clear error and legal conclusions de novo." *In re Frazin*, 732 F.3d 313, 317 (5th Cir. 2013). Importantly, we have also observed that "[t]he right to a discharge in bankruptcy is addressed to the sound discretion of the bankruptcy court, and appellate courts should interfere only for the most cogent, compelling reasons in situations of gross abuse." *United States v. Cluck*, 87 F.3d 138, 140 (5th Cir. 1996) (per curiam) (citation omitted).

In the instant case, the bankruptcy court granted revocation of the discharge pursuant to subsections (1) and (2) of 11 U.S.C. § 727(d), which respectively provide that a discharge shall be revoked if:

> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge; [or]
>
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the

estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee.

11 U.S.C. § 727(d)(1)-(2). In challenging the discharge revocation on appeal, Comu does not contest the bankruptcy court's underlying finding that he committed fraud by, *inter alia*, concealing substantial assets from the bankruptcy proceedings. Rather, he principally argues that the bankruptcy court erred in concluding that the creditors "did not know" about the fraud prior to discharge.

As the district court accurately observed, there was sufficient evidence to support the bankruptcy court's finding that Appellees were not aware of Comu's fraud in the bankruptcy proceedings until after discharge. For example, both Appellees and the Trustee consistently testified at trial that "they did not learn the truth of Comu's financial situation . . . [or] the scope of [Comu's] fraud, [until] after reviewing documents produced" by Comu in 2013 during the course of discovery. Given the absence of any clearly contradictory evidence, the bankruptcy court was free to credit this testimony in making its findings. We therefore agree with the district court that the bankruptcy court did not clearly err in finding that Appellees were unaware of Comu's fraud until after the discharge.

Because Comu has presented no other persuasive argument for setting aside the bankruptcy court's order revoking discharge, we AFFIRM.